**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 24.14.81.195,<br><br>Defendant. | Case No. 1:13-cv-06312<br><br>The Hon. Thomas M. Durkin |

**UNOPPOSED**
**MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Now Comes JOHN DOE subscriber assigned to IP Address 24.14.81.195 ("Doe"), by and through counsel, Jonathan LA Phillips, *pending pro hac vice* admission, who moves this Court for leave to proceed anonymously. In support of his[1] Motion Doe states to the Court as follows:

I. **Introduction**

Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

*Ingenuity 13, LLC v. John Doe,* No. 2:12-cv-8333-ODW(JCx) (ECF No. 130, p. 1) (C.D. Cal. May 6, 2013) (Wright, J.).

1. *This Motion is unopposed*

Based on an October 26, 2013 email from counsel for the Plaintiff, Malibu Media, LLC ("Malibu"), this Motion is unopposed. However, even if unopposed, this Court must still consider the

---
[1] John Doe will be referred to as a male throughout this document.

1

merits of the Motion and consider the harm to the public. *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). For that reason, argument is still provided.

Being unopposed, it is respectfully requested that presentment of the Motion be excused unless the Court seeks oral argument.

    2.    *Malibu's Business-Litigation Model*

Malibu is a pornographer and serial litigator that has brought its business-litigation model to courts across the country. Malibu came into existence on February 8, 2011 and has been pushing forth a tsunami of suits – over 1,300 in less than three years – in federal courts across the country. The Northern District of Illinois has served as the venue for over 150 of these suits. In the past, Malibu essentially engaged in its business model by filing, in essence, reverse class action lawsuits. In those cases, Malibu sought to join dozens or hundreds of Does based under the principal of permissive joinder – avoiding tens of thousands of dollars in filing fees. It alleged that the BitTorrent protocol required use of an interdependent swarm, and thus, the Does could be joined regardless of lack of temporal proximity. It appears that after a nationwide trend of rejecting this swarm-joinder theory, Malibu is now cherry picking defendants and leveling dozens of alleged infringements against them. More troubling, Malibu does so while publicly accusing the Does of downloading non-relevant films with horribly embarrassing titles. Logic would suggest that because Malibu now pays a filing fee for each Doe – instead of one filing fee for dozens – that it is engaging in this new, excessively embarrassing, behavior to increase settlement percentages.

Despite the nationwide campaign, Malibu has neither taken a case to full trial,[2] nor have its members or officers been subject to a Rule 30(b)(6) deposition. Presumably, this is because the

---

[2] It should be noted that the Eastern District of Pennsylvania's "bellwether trial" was not a full trial, had no cross examination of experts, and involved defendants who either admitted to downloading or were caught tampering with evidence. This cannot be considered a full trial. *Malibu Media, LLC v. Does 1-22*, Case No. 5:12-cv-02088-MBB (E.D. Penn).

business model has been judicially recognized to extract quick-settlements, rather than actually litigate any case on its merits. *See, e.g., Third Degree Films, Inc.*, 2012 U.S. Dist. LEXIS 59233, *11-12, *see also*, *Malibu Media LLC v. John Does 1-10*, Case No. 12-cv-03623 (ECF Doc. 7 at 6) (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to a trial.").

With Malibu's history in mind, and based upon the argument below, this Court has more than adequate justification to allow Doe to proceed anonymously in this case.

    2.    *Procedural History*

This particular iteration of Malibu's business-litigation strategy commenced when Malibu filed its cookie-cutter Complaint against an unknown person, based solely upon an Internet protocol ("IP") address that <u>does not identify an infringer</u>. (ECF Doc. 1). Despite having no knowledge of whether or not Doe is the actual infringer in this case, Malibu has sought and was granted, *ex parte*, relief that allows it to discover the identity of the person paying the bill for the IP address 24.14.81.195. (ECF Docs. 7, 8). Doe now files this motion seeking leave to proceed anonymously through the dispositive motion stage of litigation.

II. **Argument**

    1.    *Doe Will Be Embarrassed and Intimidated Into Settlement If Named In This Action*

It has been judicially recognized that plaintiffs in BitTorrent copyright cases like this one, rely upon shame and embarrassment to extract settlements from Does, some of whom are

innocent.³  *See, Ingenuity 13, LLC,* Case No. 2:12-cv-8333-ODW(JCx) (ECF No. 130, p. 1).  Indeed, this Court has expressly recognized these concerns.  *See, e.g. Sunlust Pictures v. Does 1-75*, Case No. 12-cv-1546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations."), *citing Hard Drive Productions v. Does 1-48,* Case No. 11-cv-962, 2012 WL 2196038 (N.D.Ill. June 14, 2012).  At least one other court recognized that a fundamental component of the business-litigation model is the fact that "the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle."  *MCGIP, LLC v. Does 1-149,* Case No. 11-cv-2331, 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011).  It is evident that embarrassment and shame are real concerns in these similar cases.  Malibu's recent behavior, however, takes mere concern regarding shame and embarrassment and moves into a judicially recognized motive for sanctionable behavior.

Malibu's recent behavior indicates that it is actually and actively attempting to embarrass Does, including innocent Does, into settlement.  Malibu's current counsel has filed over one hundred cases for Malibu in this Court and others in Illinois and Wisconsin.  Malibu, through current counsel, has resorted to the filing of an "Exhibit C."  Malibu holds no copyrights in the films in Exhibit C and there is no legitimate reason to file such a document.  However, there are certainly illegitimate reasons.

Malibu's films have names such as "Make Me Feel Beautiful" and "Bad Girls."  (ECF Doc. 1-1).  Meanwhile, the films in typical Exhibit Cs consist of much more "disturbing lewd, unusual and unredacted titles of pornographic films" that "have no direct relevance to [Malibu's] copyright

---

³ *See, e.g., Digital Sin v. Does 1-176,* 279 F.R.D. 239, 242 (S.D.N.Y. 2012)(expressing "concern[] about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those individuals who downloaded [copyrighted pornography]"); *see also In re BitTorrent Adult Film Copyright Infringement Cases,* 2012 WL 1570765, *3 (E.D.N.Y. May 1, 2012) ("the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time").

4

claims." *Malibu Media v. Doe*, Case No. 3:13-cv-00207, Opinion and Order (ECF Doc. 31, at 3) (W.D. Wis. Sept. 10, 2013) (discussing Malibu's "regular practice of attaching an apparently unrelated and embarrassing 'Exhibit C' to the complaints" and sanctioning Malibu's current counsel in eleven different cases). In that Western District of Wisconsin case, after a full briefing on Judge Crocker's Order to Show Cause – including the briefing of Malibu, the Defendant, and an amicus brief by the Electronic Frontier Foundation – the Court found that "these internet copyright infringement cases already give off an air of extortion . . . " and issued eleven, $200.00, sanctions against Malibu's attorney, Attorney Schulz. *Id.*

Just before the sanctions were levied in Wisconsin, Malibu filed a flurry of suits in the Northern District of Illinois. Despite just having been sanctioned, Malibu did not immediately seal the irrelevant and embarrassing Exhibit C's in those cases. Indeed, an Order of this Court was required to spur any action to seal the sanctionable Exhibit Cs. *See, Malibu Media, LLC v. Doe*, Case No. 13-cv-50287, Order (ECF Doc. 2) (N.D. Ill. Sept. 13, 2013) ("Plaintiff is ordered to show cause . . . why it, and its attorney should not be sanctioned in accordance with Rule 11 for the same reasons set out . . . in the Western District of Wisconsin."). Shockingly, <u>even after the Order</u> to Show Cause was entered, Malibu continued to fail to move to seal the Exhibit Cs. Finally, on September 23, 2013, in this case, Malibu moved to have Exhibit C sealed. *Malibu Media, LLC,* Case No. 13-cv-50287 (ECF Doc. 3). This too little, too late, motion left Exhibit C available for public viewing for over two weeks, and for a full ten days after the Show Cause Order. In this very case, Doe has already been the victim of Malibu's shame and embarrassment campaign.

Malibu's behavior is beyond the pale, even when compared to other BitTorrent cases. Right here in the Northern District, after being sanctioned in another Court, Malibu persisted in allowing Exhibit Cs to stand in public view. Only upon being "called out" by District Judge Kapala did Malibu cease using Exhibit C as an embarrassment tool to extract settlements, but still waited ten days to

5

do so.  Accordingly, this case does not concern a mere possibility of embarrassment and/or shame.  It concerns a Plaintiff <u>actively using shame and embarrassment</u> to harass defendants into payments, even after being sanctioned elsewhere.  For this reason, it is imperative that Doe be allowed to proceed under a pseudonym in this case.

    2.    *There Is Little Harm to the Public*

Even if this Motion goes unopposed – as similar motions often do – this Court has a duty to consider the harm to the public in allowing Doe to proceed anonymously.  *See, Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret.")  Here, Doe is only seeking to proceed under a pseudonym, and only through dispositive motions.  Other than the pseudonym, no aspect of the litigation will change.  He is neither seeking to have the entire case sealed, nor seeking to go through trial under a pseudonym.  Further, Doe is a defendant, inappropriately drug into this embarrassing litigation by Malibu.  He is certainly not a plaintiff availing himself of this Court seeking to benefit from this litigation.

A similar situation existed in the *Malibu Media v. Reynolds* case. Case No. 12-cv-6672, (ECF Doc. 51, at 11) (N.D. Ill Mar. 7, 2013).  In that case, involving only the possibility of embarrassment, the Court allowed the Doe to proceed anonymously.  Here, the judicially recognized and purposeful embarrassment tactic suggests this Court should find that any very limited and particular harm the public may face is overcome by the likely embarrassment and shame of Doe.  Therefore, this Court should allow Doe to proceed anonymously.

**III. Conclusion**

This Court is faced with a Plaintiff who has already been sanctioned for attempting to use shame and embarrassment as part of its litigation-business model.  This Court has found, in cases with the mere possibility of such behavior, that proceeding anonymously is appropriate.  After

6

considering the minimal harm to the public, this Court has granted such motions. If anything, the case at bar is an even more compelling candidate for allowing Doe to proceed anonymously.

For the foregoing reasons, Defendant Doe respectfully requests that this Honorable Court grant leave for Doe to proceed anonymously through dispositive Motions in this action, under the pseudonym of Doe 24.14.81.195.

>Respectfully submitted,
>
>/s/Jonathan LA Philips
>Jonathan LA Phillips
>*Pending pro hac vice admission*
>One of Doe's Attorneys
>456 Fulton St.
>Ste. 255
>Peoria, IL 61602
>309.494.6155
>jphillips@skplawyers.com
>ARDC No. 6302752

**Certificate of Service**

I certify that on October 28, 2013 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

>/s/ Jonathan LA Phillips