IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 24.14.81.195,<br><br>Defendant. | Case No. 1:13-cv-06312<br><br>The Hon. Thomas M. Durkin |

**ANSWER AND AFFIRMATIVE DEFENSES**

Now Comes JOHN DOE subscriber assigned to IP Address 24.14.81.195 ("Doe"), by and through counsel, Jonathan LA Phillips, who responds to the Complaint as follows:

**Answer**

Introduction

1. Doe admits this action is purportedly premised on copyright infringement but denies any such infringement.

2. Deny.

3. Doe is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same.

Jurisdiction and Venue

4. Doe admits that this is a federal question and that the cause of action is purportedly premised on copyright infringement but denies any such infringement.

5. Doe admits that he/she lives in the State of Illinois. Doe denies any infringement. Doe is without sufficient information to admit or deny the remainder of the allegations of this paragraph, and therefore denies the same.

6. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

7. Doe admits he resides in this district. The remainder of the allegations of this paragraph are conclusions of law and, therefore, response is neither required nor warranted.

## Parties

8. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

9. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

10. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

## Factual Background
(Following Complaint's Numbering Scheme – Restarting)

1. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

2. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

3. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

4. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

5. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

6. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

7. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

8. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

9. Deny.

10. Deny.

11. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

12. Doe denies that IPP Limited downloaded any piece of the file from Doe. As to any other allegations, Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

13. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

14. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

15. Doe denies having downloaded any films in Exhibit C. Doe further notes that Exhibit C is immaterial, scandalous, and at no way relevant to these proceedings. Doe finally notes that Plaintiff's attorney has been sanctioned in other Malibu Media, LLC cases for attaching such documents. Exhibit C has been sealed in this case, and insofar as any further response is warranted, all allegations are denied.

16. Doe denies having downloaded any films in Exhibit C. Doe further notes that Exhibit C is immaterial, scandalous, and at no way relevant to these proceedings. Doe finally notes

that Plaintiff's attorney has been sanctioned in other Malibu Media, LLC cases for attaching such documents. Exhibit C has been sealed in this case, and insofar as any further response is warranted, all allegations are denied.

### Miscellaneous

17. Doe has not waived any condition precedent. As to further allegations, Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

18. Doe admits that Mary Schulz purports to represent Malibu Media, LLC. Doe states, that, upon information and belief, Malibu Media is not necessarily obligated to pay counsel a reasonable fee for her services, as she is, upon information and belief, working on a contingency fee basis. As to any other allegations requiring a response, Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

### Count I | Direct Infringement Against Defendant

19. Doe hereby restates his/her responses to ¶¶ 1-18 above. Doe further notes that no paragraphs 19 – 27 appear in Plaintiff's Complaint.

20. Doe is without sufficient information to admit or deny the allegations of this paragraph and, therefore, denies the same.

21. Deny.

22. Doe denies any distribution of its works. Doe is without sufficient information to admit or deny the remainder of the allegations of this paragraph and, therefore, denies the same.

23. This paragraph and its sub paragraphs consists are conclusions of law and, therefore, response is neither required nor warranted.

1.  (*sic*) The allegations of this paragraph are conclusions of law and, therefore, response is neither required nor warranted.

**Defenses**

First Affirmative Defense
Failure to Register to Transact Business in the State of Illinois Resulting in Unclean Hands

1.  Plaintiff has brought over 200 lawsuits in the U.S. District Courts located within the State of Illinois.

2.  These lawsuits are part of a tsunami of such suits brought by Malibu, numbering well over 1,300.

3.  Upon information and belief, this litigation is meant to generate a revenue stream for the Plaintiff, rather than to protect its intellectual property rights.

4.  This revenue stream relies upon tactics of collecting nuisance value settlements, or coercing such settlements by leveraging potential shame and embarrassment.

5.  Upon information and belief, this litigation and its revenue stream is, essentially, a new business model utilized by the Plaintiff.

6.  Many of the individuals that the Plaintiff has furthered its business enterprise with are residents of the State of Illinois.

7.  In carrying on with this business model, Plaintiff is transacting business in Illinois.

8.  Plaintiff has failed to register Malibu Media, LLC with the Illinois Secretary of State.

9.  Plaintiff's failure to register its foreign limited liability company with the State of Illinois is in violation of the Illinois Limited Liability Company Act. 815 ILCS 180/45.

10. Plaintiff is not authorized to bring an action in any court within the State of Illinois. 815 ILCS 180/45-45(a).

11. The foregoing is indicative of Plaintiff's unclean hands in bringing this action.

## Second Affirmative Defense
### Failure to Comply With Assumed Name Statutes Resulting in Unclean Hands

12. Plaintiff has noted that it is doing business as "X-art.com." Comp., ¶ 8. (ECF Doc. 1).

13. No mention of Malibu Media, LLC is placed on the homepage, the legal page, nor the about page of x-art.com

14. Upon information and belief, Plaintiff has not registered this fictitious name in California.

15. Upon information and belief, Plaintiff has not registered this fictitious name in Illinois.

16. In order to transact business in either state, the fictitious name must have been registered. Cal. Bus. & Prof. Code § 17900 – 17930; 805 ILCS 180/1-20.

17. Upon information and belief, Plaintiff does business in the State of Illinois.

18. Plaintiff's failure to register or otherwise inform the public, including citizens of Illinois, of its actual identity, along with the foregoing, is indicative of Plaintiff's unclean hands, generally, as well as in bringing this action. Accordingly, Plaintiff should be barred from relief.

## Third Affirmative Defense
### *De Minimis Non Curat Lex*

19. Upon information and belief, the Plaintiff generates millions of dollars in revenue by photographing and video recording sexual acts and selling those recordings via the Internet.

20. Upon information and belief, the Plaintiff regularly provides many of those recordings for <u>free</u> through third-party websites. E.g. www.pornhub.com.

21. Defendant has been accused of downloading 24 different films, all of which could have been downloaded through x-art.com for a mere $24.95.

22. This amount is minimal and Plaintiff should take nothing based upon the doctrine of *de minimis non curat lex*.

### Fourth Affirmative Defense
### Failure to Mitigate Damages

23. Plaintiff has hired IPP, Ltd. to monitor the Internet for activities that allegedly infringe on its copyrights.

24. IPP, Ltd. has managed to monitor the Internet sufficiently enough to provide Plaintiff with information that Plaintiff has used to bring well over 1,300 cases throughout the United States.

25. Plaintiff has failed to take any steps to mitigate its damages.

26. In particular, Plaintiff has failed to make use of the relatively cheap takedown processes under the Digital Millennium Copyright Act.

27. Further, unlike other industry participants – the Recording Industry Association of America and Motion Picture Association of America, Plaintiff has failed to engage in the "Six-Strikes Copyright Alert System," or any other similar system.

28. Having failed to mitigate its damages, Plaintiff is entitled to no relief.

### Fifth Affirmative Defense
### Unclean Hands In Litigation Business Model & Filing of Exhibit C

29. Defendant re-alleges and re-incorporates ¶¶ 1 – 28 of his/her affirmative defenses, herein, as if specifically re-alleged.

30. The totality of Plaintiff's behavior in bringing this suit, and hundreds of others, amounts to improper coercion at best and extortionate behavior at worst.

31. In particular, in this case and many others, Plaintiff has filed a certain Exhibit C, which has been judicially recognized as a tool of coercion.

32. Having unclean hands, Plaintiff should be barred from relief.

### Sixth Affirmative Defense
### Online Copyright Infringement Liability Limitation Act

33. The Defendant is exempt from prosecution pursuant to the Online Copyright Infringement Liability Limitation Act.

### Seventh Affirmative Defense
### Failure to State Cause of Action

34. The facts alleged by Plaintiff are insufficient to state a cause of action against Defendant.

### Reservation

35. Defendant reserves the right to seasonably supplement these additional affirmative defenses at a later date.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
One of Doe's Attorneys
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

### Certificate of Service

I certify that on November 12, 2013 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips