<span style="color:red">Exhibit A</span>



SHAY
KEPPLE
PHILLIPS LTD
ATTORNEYS AT LAW

**William M. Shay**

**Casey C. Kepple**

**Jonathan LA Phillips**

January 2, 2014


Mary K. Schulz, Esq.
1144 East State Street
Unit A260
Geneva, Illinois 60134
*Via Email*


Re:     Discovery Dispute
        Good Faith Attempt to Resolve Discovery Disputes
        N.D. Ill. Case No. 13-cv-6312


Ms. Schulz

I write you in order to prevent the need to go before the Court regarding our discovery dispute.  First of all, I would note that none of the discovery responses have been signed off on, as is required by the Rules.  You explicitly noted this delay in your email with the responses, but stated that I would have them signed over three days ago.  Also note that many of these responses ring true for multiple discovery requests.  Thus, the discovery is late and immediate compliance with the Federal Rules is demanded.   Please provide full and complete answers within seven days.  You will note that your client already has said it would provide some of the information but has failed to do so.

Issues with Request to Admit

Generally, Ms. Schulz, your client has answered the Requests to Admit.  However, several of the Answers simply do not comport with statements by your clients in other proceedings.  I simply wanted to make you aware of the same, so that you may wish to consult with your client and motion the Court to allow you to amend the Responses.  For example, in Request No. 7, your client states that it is not aware of any complete strangers making use of an IP address.  However, in the Bellwether "trial," testimony to this fact was drawn out by your client.  Further, Request 8 was denied, while your client gives away samples on sites such as Youporn.com.

You can consult and seek leave to change your client's answers before moving forward.  However, please note that I have put you on notice that you may be proceeding with false facts, without, apparently, reasonably investigating the same.

Issues with Interrogatory Answers

Because there are many issues here, I will simply go down the list by Interrogatory.

Twin Towers Plaza | 456 Fulton Street, Suite 255 | Peoria, Illinois 61602

309.494.6155 *phone* | 309.494.6156 *fax* | www.skplawyers.com

Schulz, Mary
Discovery Issues
1/2/14
Page 2 of 4

Interrogatory 1

IPP's payment is not confidential information. It is regularly revealed how much expert witnesses are paid. Your client specifically notes that IPP is a "fact witness who will testify." Accordingly, please provide the information or seek a protective order. You are welcome to provide me a sample one, but please note that I will follow the dictates of the Seventh Circuit with regards to confidentiality of business information. As Judge Easterbrook put it, "Many a litigant would prefer that the subject of the case – how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on – be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil Co. of Cal. V. Dan Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). He went on to say "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution. . ." *Id.* at 568. Further, you do not mention how much Malibu Media receives from these cases. Thus the answer is non responsive. Please provide a full, responsive, Answer.

Interrogatory 3

I will attempt to answer your objections in order. It is relevant. This information can be used as a factor for presentation to a Judge for statutory damages. Further, your client specifically lists "other peer infringers" in its Rule 26(a) disclosure. This HASH is the identification of "other peer infringers." As to unduly burdensome, your client has sued mine for $3.6 million dollars – a little leg work is not overly burdensome. Your client has access to multitudes of pleadings that are searchable en masse. For example, it has filed hundreds of suits. It can simply place the pleadings files into a folder and run a search for a certain Hash. This will result in bringing up each case with that Hash. This is an easy enough task. To argue otherwise is to say your client has no idea what is being done on its behalf, bringing questions of Rule 11 into play. To assert that my client, defending a baseless suit, should spend hours scouring hundreds of suits – which we do not have in searchable form. Further, the last sentence of this Interrogatory states that "Therefore is (sic) Plaintiff desires this information. . . " I presume you mean my client, not the Plaintiff?

Interrogatory 4

As before, this information is likely to lead to relevant information for the purposes of statutory damages. I will use the information, if needed, to argue down statutory damage awards. You provide no authority, and at least one other Malibu attorney has admitted there is none, that this cannot be used as a factor in setting statutory damages. Thus, it is relevant. Further, you note that "Plaintiff's records do not reflect settlements by swarm." Your client is able to look towards the settlement memo key, e.g. IL 112, and correlate that to a case. That case is correlated to swarms. Thus, it has the information. Again, my client is being sued for $3.6 million dollars, and this information is relevant to arguments as to statutory damages.

Interrogatory 5

You refer to Interrogatory 4's response, which had to do with settlements, not Court Orders/Judgments. This should be even easier to pull together. Please provide the information.

Schulz, Mary
Discovery Issues
1/2/14
Page 3 of 4

Interrogatory 6

IPP International UG is an expert witness to your client in this case. Your client "controls" the information and documents they have under applicable case law and statutes. My client will not pay the cost of production for an expert witness to turnover its work-product that must be disclosed per the rules.

Interrogatory 7 & 8

This information is not confidential, *see* Easterbrook quote above, and is relevant to indicate no loss of revenue and argument over statutory damages. Further, Malibu has not been in existence that long, thus, its answering is not "unduly burdensome."

Issues with Production Pursuant to Requests for Production

Request 1

You stated that you would turnover PCAP files. This did not happen. Further, for the same reason as I mention in Interrogatory 6, this information is in your client's control and relevant. Further, as you may be aware, as to the Bellwether trial, there was no cross-examination of IPP representatives. Thus, there is no basis to assert that it was "well explained" when there is no cross.

Request 2

Your objection is belied by your Rule 26(a) disclosure of IPP. The information is relevant and needed so that my client can ensure that the methods that your client's announced expert witness performed its task was competently and correctly done. I know we had to have a discussion as to how the BitTorrent protocol works, but this information by HASH value is relevant Again, I want to re-iterate, I requests all documents and ESI for these cases. I am seeking the raw data and a copy of the software IPP uses. Further, I want all documentation re: hardware, e.g. certifications of the WORM drives, and so on. As you can see, these documents are not on RFC Express, as you assert.

Request 3

You have failed to produce any of these documents that you explicitly stated you would.

Request 4

Please explain how a bank account for "Copyright Trust Account" at 2 Biscayne Bay in Miami is "work-product." I fail to see how it is, especially when explicitly shared with a bank. Further, the information is relevant as to statutory damages. You may redact Doe's names if you wish, for now. However, it is worth noting that your client has self-created a scheme where it has to contact settling persons, and thus, handicapping my client who is being sued for millions of dollars. We do not seek the information for the purposes of executing a judgment. This absurd assertion is belied by the fact that my client is not the Plaintiff, has not filed counterclaims as of yet, and the fact that the information is needed for statutory

Schulz, Mary
Discovery Issues
1/2/14
Page 4 of 4

damages arguments. Further, the information is not confidential, as I mentioned with the above 7th Circuit case. If you truly think it is, please seek a protective order from the Court. I cannot accept the position of Malibu – who has engaged in lies in its Request to Admit responses – for simply saying the information does constitute a "trade secret." Further, I am seeking the copyright accounts records, not Malibu or its proprietors information. Even if it were the latter, your clients certainly brag about their wealth on social media as it is.

Request 5

See Request 2.

Request 7

Please provide a privilege log for all information you believe to be work-product protected. It is relevant for the purposes of establishing grounds for challenging IPP's assertions. As you should be aware, Delvan Nelville has certainly brought to light some practices of IPP that may indicate issues with IPP's method of gathering data.

Again, please provide all of the foregoing within 7 days. I will attempt to call you tomorrow, after you have had a chance to review, at 1:30 PM to discuss.


Best regards,

Jonathan LA Phillips
jphillips@skplawyers.com9