<span style="color:red">Exhibit E</span>

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No. 1:13-cv-06312 |
| v. | ) |
| JOHN DOE subscriber assigned IP address 24.14.81.195, | ) |
| Defendant. | ) |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S
### FIRST SET OF INTERROGATORIES

Plaintiff, MALIBU MEDIA, LLC, responds to Defendant's First Set of Interrogatories served November 27, 2013, as follows:

### STATEMENT OF WILLINGNESS TO COOPERATE

Counsel for Plaintiff is prepared to discuss with counsel for Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the responses to the interrogatories without the need for intervention by the Court.

### PLAINTIFF'S RESPONSES TO DEFENDANT'S
### FIRST SET OF INTERROGATORIES

1. Please identify all persons or business entities that have an interest, financially, or otherwise, in this litigation, including, but not limited to, owners or members of Malibu, Counsel for Malibu, forensic consultants, and/or witnesses, or to whom payment for any settlements are sent to, and specifically and in detail describe the nature of the interest.

**Response to Interrogatory No. 1:** Attorney Mary Schulz has a standard tiered contingency fee agreement. IPP International UG, is a fact witness who will testify that its technology detected that a person using Defendant's IP address was downloading and



distributing Plaintiff's copyrighted works. Pursuant to an oral contingency fee agreement, IPP International UG is entitled to a small portion of the proceeds from the resolution of this case in consideration for the services it provided. Plaintiff objects to disclosing the exact percentage on the basis that it is confidential information. Notwithstanding the foregoing, Plaintiff will provide the exact percentage if the parties enter into a stipulated protective order. Malibu Media, LLC owns the copyrights, which have not been assigned to anyone. Malibu Media, LLC is responsible for paying all of the costs and fees associated with the litigation. Malibu Media, LLC is the only other entity that has a financial interest in the outcome of this litigation. The parties have not entered into a settlement agreement. Therefore, it has not been determined where any settlement monies will be sent. No other entity is entitled to any share of the monies which may be paid from Plaintiff to Defendant.

2. In the event that any trusts hold an interest as outlined in Interrogatory One, please provide the name of the trustee of said trusts, the jurisdiction of said trusts, and the beneficiaries of such trusts.

**Response to Interrogatory No. 2:** No trust holds any interest in the litigation.

3. Please list each and every past and pending action brought by Malibu involving the twenty-four hashes as listed in Exhibit A.

**Response to Interrogatory No. 3:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff further objects on the basis that this request is unduly burdensome and overly broad. To explain, Plaintiff does not organize its lawsuits by hash values. Further, few if any



infringer steal the same set of Plaintiff's copyrighted works. In that sense, ever suit is truly different. Doe defendants infringe Plaintiff's work at such a high volume, that it would be extremely labor intensive and burdensome to review the exhibits to ever Complaint that Palintiff has ever filed to ascertain whether any of the twenty-four hashes at issue in this case were also at issue in that case. Further, Defendant can access all of Plaintiff's past and present cases nationwide on RFC Express [http://www.rfcexpress.com/search.asp] by clicking on the 'Basic Search' tab under 'Search' and typing in 'Malibu Media' on the Party Name field. Pursuant to Fed. R. Civ. P. 33(d), Plaintiff avers that the burden of Defendant to identify the set of cases Defendant seeks to have Plaintiff identify is the same as it would be for Plaintiff to identify the set of cases. Therefore is Plaintiff desires this information, he can use RFC Express to create it.

4. Please provide the total number of settling alleged infringers and the amount of money settled for in each of the cases of Interrogatory 3 that has been obtained by settlement. Note: Doe understands the confidential nature of settlements entered into, and does not request the identity of those persons who have settled in this action, or any other action involving the so-called "swarms" complained of.

**Response to Interrogatory No. 4:** Plaintiff objects to this interrogatory on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff is only suing Defendant for statutory damages. The amount of money that Plaintiff has obtained from third party Defendants via settlements or judgments is not a factor used to set the quantum of statutory damages which should be assessed against Defendant. To explain in greater detail, Malibu Media has elected only to receive statutory damages so any calculation towards actual damages is irrelevant. 17 U.S.C. § 504(c) states that there are



maximum statutory damages per work, per case: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an <u>award</u> of statutory damages for all infringements involved <u>in the action</u>, <u>with respect to any one work</u>, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . as the court considers just." *Id*. This "action" has not gone to trial and Plaintiff has not been "award[ed]" any statutory damages. Plaintiff's settlement amount is not relevant because a confidential settlement is not an "award of damages." An "award of damages" is an amount entered in a final judgment after a verdict for the infringement of the work.

Black's Law Dictionary specifically defines award as: "**award**, n. (14c) A final judgment or decision, esp. one by an arbitrator or by a jury assessing damages. — Also termed arbitrament." AWARD, Black's Law Dictionary (9th ed. 2009), award. The District Court of Colorado examined this issue and stated: "[Defendant's] argument that Plaintiff's alleged settlements with other defendants precludes recovery of statutory damages severely misreads the statute. Because Plaintiff has not received any award for actual damages in this action, 17 U.S.C. § 504(c)(1) does not bar Plaintiff from pursuing its claim for statutory damages. Thus, Mr. Batz's First Defense cannot succeed under any circumstance." *Malibu Media, LLC v. Batz*, 12-cv-01953, CM/ECF 120 *5 (D. Colo April 5, 13) (refuting the argument that receiving settlements precludes a recovery of statutory damages). Plaintiff's position is that any settlement proceeds it has received from other actions would not be factored into any consideration for awarding statutory damages in this action and is therefore not relevant.

Plaintiff further objects on the basis that this request is unduly burdensome. Here, Plaintiff has alleged Defendant infringed twenty-nine separate works. In order to determine the



amount of settlement for each work, in each swarm, throughout the country would be unduly burdensome, particularly when Plaintiff's records do not reflect settlements by swarm. And, each Defendant's universe of infringed works is different.

5. Please provide the total number of judgments, default, agreed, or otherwise, in each of the cases of Interrogatory 3.

**Response to Interrogatory No. 5:** See Response to Interrogatory No. 4.

6. Please provide the first date of detected infringement – as detected by Malibu, IPP, Ltd., or any other agent of Malibu's – of any film through utilization of the Hash Values appearing in Exhibit A to the Complaint.

**Response to Interrogatory No. 6:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection and without waiving same, Plaintiff is not in possession, custody, or control of the information deemed responsive to this request. This information is in IPP International UG's possession. In addition, IPP International UG charges a fee for the extractions of information from its servers. Plaintiff is willing to request the information from IPP International UG and produce to Defendant only if Defendant agrees to pay the cost associated with the production. However, Defendant should be aware that Plaintiff registered all of the copyrights to the works at issue in this dispute within 3 months of the first date of publication. Therefore, pursuant to 17 U.S.C. § 504 and 17 U.S.C. § 412, the answer to this interrogatory is irrelevant.

7. Provide revenue figures for each month of Malibu's existence. Do not include copyright infringement suits in federal courts, trespass to chattels or other suits in state courts, or settlements or verdicts regarding the same, whether had before or after the service of the summons.

**Response to Interrogatory No. 7:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Plaintiff is seeking statutory damages and therefore the amount of revenue for each month of Plaintiff's existence is not relevant to any issue or fact in this case. Plaintiff further objects to this request on the basis that it seeks information that is confidential. Plaintiff additionally objects on the basis that this request is unduly burdensome. Plaintiff objects to this interrogatory on the basis that it is intended to harass Plaintiff. Notwithstanding the foregoing objections, Plaintiff states that it is multimillion dollar business. Further, well over 95% of Plaintiff's revenue is generated from subscription sales.

8. Provide the total cost of doing business for each month of Malibu's existence. Do not include copyright infringement suits in federal courts, trespass to chattels or other suits in state courts, or settlements or verdicts regarding the same, whether had before or after the service of the summons.

**Response to Interrogatory No. 8:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Indeed, Plaintiff's monthly cost of doing business has nothing to do with copyright enforcement and has no bearing on any relevant fact in this case. Plaintiff further objects to this request on the basis that it seeks information that is confidential business information pursuant to

Fed. R. Civ. P. 26(c). Plaintiff additionally objects on the basis that this request is intended to harass Plaintiff.

9. Provide a detailed itemization of Malibu's actual damages for Doe's direct infringement (being the only cause of action asserted), regardless of whether or not statutory damages are being sought.

**Response to Interrogatory No. 9:** Plaintiff objects to this interrogatory on the basis that it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Nevertheless, Plaintiff avers it has suffered substantial actual damages from BitTorrent copyright infringement. The basis for determining the quantum of these damages would be a reasonable royalty for the worldwide distribution of Plaintiff's copyrighted works over the internet. Plaintiff would not enter into a license with a third party which authorizes such distribution for less than the statutory maximum award under the Copyright Act. The exact dollar amount that BitTorrent infringement costs Plaintiff in lost sales is uncertain and requires assumptions to be made about the number of infringers who would become subscribers but for the availability of BitTorrent. If Plaintiff had 80,000 new subscribers per month, its revenue would increase by ten figures. Plaintiff has no doubt that BitTorrent infringement costs it several million dollars in lost profits every year.



## DECLARATION

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of December, 2013

**COLETTE PELISSIER FIELD**

By: _[signature: Colette Pelissier Field]_