# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Exhibit F

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action Case No. 1:13-cv-06312 |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address 24.14.81.195, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS TO PRODUCE

Plaintiff, MALIBU MEDIA, LLC, replies to Defendant's First Set of Requests to Produce, as follows:

### STATEMENT OF WILLINGNESS TO COOPERATE

Counsel for Plaintiff is prepared to discuss with counsel for Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the responses to the Requests without the need for intervention by the Court.

### RESPONSES TO REQUESTS TO PRODUCE

1. All documents and ESI relating to the use of any software, hardware, and related technology by IPP, Limited or any other investigator relating to Hash Values, as defined above, in this case.

**Response to Request No. 1:** Plaintiff will produce the PCAP files which demonstrate that a computer using Defendant's IP Address connected to IPP International UG's servers and delivered a piece of a computer file that contains a copy of each of the copyrighted works at issue in this case as evidenced by its unique cryptographic hash value. Plaintiff avers that it does not have any other documents which describe IPP International UG software, hardware, and related technology other than those which have been attached to the court papers in this case. Defendant should be aware, however, that the technology, software, and hardware were well explained in testimony during the Bellwether Trial. The case number is 12-cv-2078, in the

United States District Court for the Eastern District of Pennsylvania. A copy of the transcript of this testimony is available on CM/ECF.

2. All documents and ESI relating to the use of any software, hardware, and related technology by IPP, Limited or any other investigator relating to Hash Values, as defined above, in this case in any legal, administrative, or arbitration action, worldwide.

**Response to Request No. 2:** Plaintiff objects on the basis that this request in neither relevant nor likely to lead to the discovery of admissible information. Indeed, Defendant's request seeks information that would evidence third party infringements as opposed to just the Defendant's infringements. Plaintiff further objects on the basis that this request is unduly burdensome. To explain, Plaintiff does not organize or store case information by Hash Value. To satisfy Defendant's request, Plaintiff would need to cull and produce every copyright infringement case it has ever filed, and examine every hash value associated with each doe defendant to determine if the hash value corresponds to the hash values in this case. Plaintiff objects on the basis that this request is intended to harass Plaintiff. Additionally, Plaintiff adopts and incorporates its response to Interrogatory No. 9. Plaintiff states that Defendant can ontain the documents as easily as Plaintiff by reviewing the RFC Express website [http://www.rfcexpress.com/search.asp] and typing 'Maliu Media' in the 'Party Name' field. Notwithstanding the foregoing objections and without waiving same, see response to Request No. 1.

3. All documents and ESI noted or related to Malibu's Rule 26(a) disclosure, whether or not said disclosure was inadvertent.

**Response to Request No. 3:** Plaintiff will produce the documents in its possession

which are described by category in its 26(a) disclosures.

4.      All banking records for the past two years for any bank account for which any settlements for alleged infringement of the films through the Hash Values in the Complaint were deposited by Malibu or directly by alleged infringers.

**Response to Request No. 4:** Plaintiff objects on the basis that this request seeks information that is protected by the privilege of work product and the attorney-client privilege. Plaintiff objects to this request on the basis that this request seeks documents that are neither relevant nor likely to lead to the discovery of admissible information. Plaintiff further objects on the basis that producing documents in response to this request would be unduly burdensome. To explain, Plaintiff has settled with hundreds of defendants in similar matters. Each of the settlement agreements contains a confidentiality clause which prohibits Plaintiff from disclosing the doe defendant's name and the terms of the Agreement. Banking records identify Doe Defendants. All of the agreements require Plaintiff to inform the Doe Defendant if the settlement agreement or any communication related to it must be disclosed; and, the Defendants have the opportunity to object to this disclosure. Engaging in a process where Doe Defendants' identities must be disclosed would spawn an avalanche of irrelevant litigation and ancillary proceedings. Further, many of the agreements prohibit Plaintiff from disclosing settlement information unless ordered to do so by a court. Plaintiff further objects on the basis that this request is overbroad. Indeed, the banking records would disclose information that has nothing to do with copyright enforcement. Plaintiff further objects on the basis that this request impermissibly seeks information about the financial condition in violation of the rule prohibiting discovery in aid of execution prior to obtaining a judgment. Plaintiff further objects on the basis that the information sought through this request is confidential business information that is not

generally known and has competitive value. Plaintiff further objects on the basis that much of the information sought through this request is a trade secret, including without limiting the generality of the foregoing, the rates and amounts at which Plaintiff pays its models, vendors, and identities of same. Plaintiff further objects on the basis that that Plaintiff is owned by two individuals and its banking records would unnecessarily disclose its owners' personal wealth to the public. Plaintiff further objects on the basis that this request is intended to harass Plaintiff. Indeed, none of Plaintiff's prior settlements relate to Defendant nor would they be admissible at trial for any purpose. Further, these settlements are compromises between Plaintiff and third parties which do not reflect what would happen at trial, or refer or relate to the damages that Plaintiff suffered or any other relevant fact.

5. A copy of the software used by IPP, Ltd. to investigate Doe.

**Response to Request No. 5:** Plaintiff does not have any documents in its possession, custody, or control deemed responsive to this request.

6. A copy of any and all documents disclosed, or that should be disclosed in Rule 26 disclosures.

**Response to Request No. 6:** See Response to Request No. 3.

7. Any and all correspondence between Malibu, any of its agents – including attorneys (e.g., M. Schulz, K. Lipscomb, P. Nicoletti, etc…) and IPP, Ltd, Malibu's third-party investigator, or any other third-party investigator.

**Response to Request No.7:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

Plaintiff further objects on the basis that this request seeks information that is protected by the attorney-client privilege and the privilege against the disclosure of attorney work product.

Dated: December 27, 2013

          Respectfully submitted,

          SCHULZ LAW, P.C.

By: /s/ *Mary K. Schulz*
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (224) 535-9510
Fax: (224) 535-9501
Email: schulzlaw@me.com
*Attorneys for Plaintiff*