# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

Exhibit H

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|     Plaintiff, | ) Civil Action Case No. 1:13-cv-06312 |
| v. | ) |
| JOHN DOE subscriber assigned IP address 24.14.81.195, | ) |
|     Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
FIRT SET OF REQUEST FOR ADMISSIONS**

Plaintiff, MALIBU MEDIA, LLC, replies to Defendant's First Set of Request for Admissions, as follows:

**STATEMENT OF WILLINGNESS TO COOPERATE**

Counsel for Plaintiff is prepared to discuss with counsel for Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the responses to the Requests without the need for intervention by the Court.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

1. Admit that your investigation prior to filing the Complaint provided only the Internet Protocol ("IP") address allegedly used to infringe on Malibu's works.

    **Response to Request No. 1:** Denied.

2. Admit that an IP address does not directly correlate with any person or entity, other than the Subscriber, or person who opened – and pays the bills for – the account associated with an internet service provider.

    **Response to Request No. 2:** Admitted. Although the Plaintiff will prove by a preponderance of the evidence that Defendant committed the infringement.

3. Admit that at the time of filing the Complaint, all Malibu knew is that a particular IP address was used for a certain sort of internet traffic – as references in the Complaint – and that the block of addresses containing the IP address was assigned to Comcast.

**Response to Request No. 3:** Denied.

4. Admit that at this time, your only knowledge of any person associated with the IP address is the subscriber, or bill payer, for a certain internet account with the Comcast internet service provider.

**Response to Request No. 4:** Admitted.

5. Admit that if no record or trace of any alleged download is found on any electronic device owner by the Subscriber/Doe, or anyone in his/her household, and Doe does not know the identity of the alleged infringer, then you may never know the identity of the infringer.

**Response to Request No. 5:** Plaintiff objects to this request on the basis that it sets forth a hypothetical with insufficient details and asks the Plaintiff to speculate.

6. Admit that IP addresses are commonly shared by subscribers to internet access by means of local area networks, with multiple individuals accessing the internet by use of that IP address.

**Response to Request No. 6:** Admitted.

7. Admit that it has been known that complete strangers – in BitTorrent and other cases, including criminal cases – have used an IP address without the subscriber's knowledge or

authorization.

**Response to Request No. 7:** Plaintiff does not have sufficient information in its possession, custody or control to admit or deny this request.

8. Admit that "some of the content" alleged to be infringed in the Complaint is made available by Malibu for free and without charge – although not via BitTorrent.

**Response to Request No. 8:** Denied.

9. Admit that Malibu content alleged in the Complaint can be downloaded, without restriction as to amount downloaded, by anyone who pays the subscription fees at the X-Art website.

**Response to Request No. 9:** Admitted.

10. Admit that you are seeking a judgment, in this case, in the amount of $3.6 million dollars.

**Response to Request No. 10:** Plaintiff admits that the maximum amount of statutory damages which could be awarded is $150,000 per infringed work. Plaintiff has not yet ascertained the specific amount it will ask the jury to award. However, in the Bellwether trial, Judge Baylson found that $2250 per work was appropriate unless the Defendant commits perjury or attempted to commit fraud. Generally, Plaintiff agrees.

11. Admit that you engage in basic current asset searches and analyzing earning power over 20 years prior to filing Complaints in these actions.

**Response to Request No. 11:** Plaintiff objects on the basis that this request seeks work

product. Notwithstanding the foregoing objection, it is impossible for Plaintiff to analyze Defendant's earning power or conduct asset searches "prior to filing Complaints" against Defendant because prior to filing the Complaint, Plaintiff does not know Defendant.

Dated: December 27, 2013

Respectfully submitted,

SCHULZ LAW, P.C.

By: /s/ *Mary K. Schulz*
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (224) 535-9510
Fax: (224) 535-9501
Email: schulzlaw@me.com
*Attorneys for Plaintiff*