IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Malibu Media LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 13 C 6312 |
| | ) | |
| John Doe | ) | Magistrate Judge Geraldine Soat Brown |
| *subscriber assigned IP* | ) | |
| *address 24.14.81.195*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Motion hearing held. For the reasons stated on the record, Defendant's Motion to Compel [24] is granted in part and denied in part, as outlined below. Defendant's Motion to Bar [27] is taken under advisement. By 2/5/14, plaintiff shall file a response to that motion, and, if plaintiff seeks protection for the allegedly confidential materials ordered herein to be held "attorneys' eyes only," plaintiff shall file a motion for protective order with supporting evidence and authority, including addressing the issues discussed below. Plaintiff's failure to file the motion will be deemed a waiver of any claim of confidentiality. Defendant's reply in support of his Motion to Bar and opposition to plaintiff's anticipated motion for protective order shall be filed by 2/19/14. In those filings, all references to the specific terms of any agreement with IPP International UG shall be redacted from the publicly filed version, with an unredacted version filed under seal, pending the disposition of the anticipated motion for protective order. Plaintiff shall serve verified supplemental interrogatory answers and produce responsive documents by 2/5/14. Status hearing set for 3/19/14 at 2:00 p.m.

(T:) 01:15 **STATEMENT**

Defendant's Motion to Compel [24] is granted in part and denied in part, as follows:

I.  Defendant's First Set of Interrogatories

The motion is granted as to Interrogatory No 1, as follows: Plaintiff will file a further supplemental response to name the members of Malibu Media, LLC, and to describe the "Oral Contingency Fee Agreement" between Malibu Media, LLC and IPP International UG ("IPP"), including the duration and term of the agreement, including the payor and the payee, as well as the amount or percentage involved. Information about the specific terms of that agreement may be designated confidential and, if so designated, will be held as "attorneys' eyes only" pending the disposition of a motion by plaintiff for a protective order as described above. The written

agreement between IPP and plaintiff shall also be produced and held as confidential "attorneys' eyes only," pending the disposition of the plaintiff's motion for protective order.

The motion is granted as to Interrogatory No. 3, as follows. Plaintiff shall supplement its answer by identifying, as a sample, all of the lawsuits that have been filed in the Northern District of Illinois and the Eastern District of Wisconsin, limited to those in which Mary K. Schulz is counsel of record, in connection with the first File Hash listed in Exhibit A to the Complaint: 1679632E5066C03128EAE0DADB529E96AC76974B entitled "Make me Feel Beautiful." This is without prejudice to a further motion by Defendant to expand the sample.

The motion is denied without prejudice at this time to Interrogatory Nos. 4 and 5.

The motion is deferred for further briefing as part of the plaintiff's motion for protective order as to Interrogatory No. 6. In that motion, plaintiff shall address the issue of why it should not be required to give an answer to Interrogatory No. 6. Defendant may respond.

The motion is granted as to Interrogatory Nos. 7 and 8. The responsive information shall be held confidential "attorneys' eyes only" by the defendant's counsel, and if filed on the Court's docket, shall be done so pursuant to Local Rule 26.2.

II.      Defendant's First Set of Requests to Produce

The motion is deferred for further briefing as part of plaintiff's motion for protective order regarding Document Request No. 1. Defendant may respond.

The motion is denied without prejudice as to Document Request No. 2.

The motion is granted as to Document Request No. 3. Plaintiff shall produce the documents no later than 2/5/14.

The motion is denied at this time as to Document Request No. 4.

The motion is granted as to Document Request No. 5. The responsive information shall be held confidential "attorneys' eyes only" by the defendant's counsel, and if filed on the Court's docket, shall be done so pursuant to Local Rule 26.2.

Plaintiff shall serve a privilege log by 2/5/14 with respect to the documents sought in Document Request No. 7. Plaintiff's log shall include documents relating to other lawsuits. After reviewing the log and conferring pursuant to Local Rule 37.2, defendant may further move compel any documents listed on the log.

Date:   January 22, 2014                              /s/   GERALDINE SOAT BROWN
                                                                        United States Magistrate Judge