**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 24.14.81.195,<br><br>Defendant. | Case No. 1:13-cv-06312<br><br>The Hon. Geraldine S. Brown |

**MOTION FOR AN ORDER REQUIRING MALIBU MEDIA, LLC TO
SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT**

JOHN DOE subscriber assigned to IP Address 24.14.81.195 ("Doe"), by and through counsel, Jonathan LA Phillips, moves this Court to Order Malibu Media, LLC ("Malibu") to show cause why it should not be held in contempt. In support of the same, Doe states as follows.

**I.    Relevant procedural history**

On January 7, 2014, Doe was forced to file a Motion to Compel in order to obtain needed discovery in this matter. (ECF Doc. 24). After Malibu's oral motion for a continuance, with no prior notice given, the matter was taken up by this Court on January 22, 2013. (ECF Doc. 29). After hearing argument from both sides, Doe was the prevailing party on the motion, with this Court granting several parts of the Motion to Compel, denying the remainder *without prejudice* for the purpose of allowing time to ascertain the difficulty in compliance for the entire sample set sought, and to allow Malibu to file, a yet unfiled, motion for protective order. (ECF Doc. 31). Specifically, this Court ordered the following:

> Plaintiff will <u>file</u> a further supplemental response . . . describe the "Oral Contingency Fee Agreement" between Malibu Media, LLC and IPP International UG ("IPP"), and IPP International UG ("IPP"), including the duration and term of the agreement, including the payor and the payee, as well as the amount or

1

> percentage involved. . . . The written agreement between IPP and plaintiff shall also be produced.

Order, pp. 1-2. (ECF Doc. 31). The Court designated that the information was to be held as attorney's eyes only until resolution of the anticipated motion for a protective order. *Id.*

Malibu filed for an extension of time to produce a privilege log and PCAP files. (ECF Doc. 32). Despite questionable factual averments, Doe generally did not oppose the extension for those documents, and those alone. (ECF Doc. 34). Accordingly, this Court granted the motion for extension, "except as to the supplemental response to Interrogatory 1 and Interrogatory 3," noting that no reason was provided why the IPP-Malibu fee agreement information could not be provided. (ECF Doc. 35).

## II. Law

Civil contempt is meant to force a non-compliant party to comply with an order of the Court." *Cunningham v. Hamilton County*, 527 U.S. 198, 207 (U.S. 1999), *citing*, *Willy* v. *Coastal Corp.*, 503 U.S. 131, 139 (1992). The Court's civil contempt power is based in its inherent authority to enforce compliance with its orders and to conduct orderly proceedings. *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001), *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 737 (7th Cir. 1999).

To prevail in this motion, Doe must establish that: "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1114 (N.D. Ill. 2012), *quoting, W. Bend Mut. Ins. Co. v. Belmont St. Corp.*, No. 09 C 354, 2010 U.S. Dist. LEXIS 136267, at *39 (N.D. Ill. Dec. 23, 2011); *see also Dowell*, 257 F.3d at 699. .

## III. **Application**

2

This Court could not have been more clear, and unequivocal, in its Order. Malibu was to provide a thorough description of the oral contingency fee agreement with IPP, and to provide a copy of the alleged, new, written agreement. (ECF Doc. 31). Not only that, Malibu was to <u>file</u> the same. *Id.* Malibu did not receive an extension of time to comply with this portion of the Order. (ECF Doc. 35). In fact, the Court explicitly noted that there was no reason given to allow for an extension as to this information. *Id.* The Court explicitly ordered that the information was to be held "Attorney's eyes only," so that the information could be produced pending the resolution of the – still yet to be filed – motion for entry of a protective order. (ECF Doc. 31).

Malibu failed to <u>file</u> anything. See, Docket. Further, Plaintiff's Second Amended Responses to Defendant's First Set of Interrogatories that were served upon Doe fail to disclose the required information. Exh. A. Indeed, in response to Interrogatory 1, Malibu responds with a general description of the oral agreement, fails to provide the required information to be held "attorney's eyes only," failed to provide a copy of the written agreement. Exh. A, pp. 1-2. Further, Malibu has the gall to, despite the explicit attorney's eyes-only provision of the Order, to claim that "because both agreements contain confidential business information, Plaintiff will provide [them] . . . pursuant to a protective order." Exh. A, p. 2. Malibu has thumbed its nose at the Court's attempt to protect its interests in the interim.

Malibu has not provided any reason for its blatant non-compliance. In fact, this Court already recognized that it didn't provide a reason for non-compliance in providing this information. (ECF Doc. 35). There can be no justification for the non-compliance, in fact, on the face of the Response, it is clear that Malibu has the information, it simply won't provide it until it has filed for a protective order, the whole matter is briefed, argument is had, and Order issued. Exh. A, p. 2. Malibu doesn't even consider, apparently, that in fact, not be entitled to a protective order.

Doe wants this case to proceed forward and to prove his innocence. Malibu is engaging in repeated abusive litigation tactics – e.g., filing of sanctionable Exhibit C's, failing to comply with the Court's Order regarding discovery plan drafting, and failing to personally discuss any matters – and completely disregarding the orders of this Court. It does so while filing dozens of new cases in this District at the same time. Doe is wasting his resources, his time, and otherwise is being deprived of an opportunity to prove his innocence by this behavior.

## IV. Conclusion

Malibu has utterly failed to comply with the Court's clear and unequivocal Order. Malibu has done so without justification. For the foregoing reasons, JOHN DOE subscriber assigned to IP Address 24.14.81.195 respectfully requests that this Honorable Court:

A. Find Malibu Media, LLC in contempt of this Court's Order of January 22, 2014;

B. Order immediate compliance with the Court's previous Order;

C. Award Doe the costs of bringing this Motion, as well as the costs of bringing the initial Motion to Compel;

D. Any other relief this Court deems equitable and just at this time.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
One of Doe's Attorneys
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

Certificate of Service

I certify that on February 7, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.
/s/ Jonathan LA Phillips