## DECLARATION OF MICHAEL PATZER

I, MICHAEL PATZER, DO HEREBY DECLARE:

1. I am over the age of eighteen (18) and otherwise competent to make this declaration. The facts stated in this declaration are based upon my personal knowledge.

2. I work as an independent contractor predominantly for Excipio GmbH, a German company. I have extensive personal knowledge of Excipio's business.

3. I personally designed, implemented, monitor and maintain the data collection system that Excipio both owns and uses to identify the IP Addresses used by people to commit copyright infringement via the BitTorrent Protocol.

4. Excipio contracts with IPP to provide IPP with this data collection system which is the system that IPP uses to detect infringement of Malibu's works. Specifically, IPP licenses the use of Excipio's system and servers.

5. The data collection system used by IPP has numerous components. It contains, *inter alia*: (1) a proprietary BitTorrent Client; (2) servers running a MySQL database which log verified infringing transactions; (3) packet analyzers, also known as packet sniffers, which create and analyze PCAPs; (4) servers that run the proprietary BitTorrent Client and record PCAPs; (5) WORM ("Write Once Read Many") tape drives for storing the PCAPs and MySQL server data; (6) a program to synchronize the servers' clocks with both a GPS clock and an atom clock; (7) a proprietary program for checking the MySQL log files against the contents of the PCAPs.

6. The BitTorrent Client used by Excipio is not commercially available and its code is a trade secret.

7. It was written to overcome the unique challenges of entering into a massive number of BitTorrent transactions with a massive number of people without distributing data.

1

# EXHIBIT K

8. If the servers are not synchronized with both the GPS Clock and atom clock to within one hundredth of a second the infringing transaction is not logged but instead disregarded.

9. Every entry on the MySQL server log file correlates to a specific PCAP.

10. Both the PCAPs and log files are saved onto WORM tape drives.

11. There is no possibility that the information on these WORM drives can be edited.

12. Further, each of the WORM tape drives is electronically stamped with a German government issued time stamp at least every twenty four hours.

13. Excipio is a company organized and existing under the laws of Germany.

14. Excipio is not an Illinois entity. Excipio does not operate in Illinois. Excipio does not have an employee or agent in Illinois. Excipio does not conduct business in Illinois. Excipio pays no taxes in Illinois.

15. No one at Excipio has an ownership in IPP or vice versa.

16. I do not have an ownership interest in Excipio.

17. Excipio pays a fixed annual salary for my services and that is the only compensation that I receive for my services in association with the data collection system.

18. I am not paid for my testimony and am not entitled to any portion of any money received from a settlement or judgment in Malibu's favor.

19. Malibu has never paid Excipio or me anything.

20. Malibu's counsel instructed me to obtain and send the PCAPs and other infringement evidence relevant to this case. I was unable to do so because I was out of town for the month of January. I returned to the office on February 3, 2014 and am currently working on it.

**FURTHER DECLARANT SAYETH NAUGHT.**

*MP*

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __5__ day of __February__, 2014.

By: _____
MICHAEL PATZER