IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Case No. 13-cv-6312 |
| ) | |
| JOHN DOE ) | |
| ) | The Hon. Geraldine S. Brown |
| Defendant ) | |
| ) | |
| ) | |
| ) | |

**EXCIPIO'S MOTION TO INTERVENE TO SEEK THE ENTRY OF A PROTECTIVE ORDER TO SAFEGUARD ITS SOURCE CODE**

Non-party Excipio GmbH ("Excipio"), by its counsel, Takiguchi & Vogt, LLP, seeks to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2) for the limited purpose[1] of asking the Court to amend the current Protective Order to safeguard the confidentiality of its proprietary software.

1. Excipio's software is licensed by IPP International UG ("IPP") and was used to investigate Doe. The software is the subject of Defendant's Document Request No. 5 and this Court's Order of January 22, 2014. [ECF Dkt: 31].

2. Excipio does not sell, distribute or even make copies of its software available to others. (Exhibit A ¶5). The system and software, which is comprised of a

---

[1] By making a limited appearance solely for the resolution of a discovery dispute, Excipio does not waive its right to contest jurisdiction. Nor does Excipio waive its right to demand that its software be the subject of a formal discovery request in accordance with all applicable laws, rules and treaties.

number of components, was developed at considerable expense and is considered a valuable trade secret, the secrecy of which is actively maintained. (Exhibit A ¶¶4-7). As a result, the software is only available for use by a licensee and neither Plaintiff nor IPP have the software in their possession, custody or control. (Exhibit A ¶5).

3. However, to assist the parties in the action, Excipio is willing to produce a copy of the requested source code so long as the source code will be adequately protected. Although the Court's Order indicates that the software is to be treated as confidential "attorneys' eyes only," additional safeguards are still needed. The current Protective Order does not include adequate source code specific safeguards that 1) further reduce the risk of an inadvertent public disclosure and 2) minimize the impact of any inadvertent public disclosure that may occur.

4. To proceed under Rule 24(a)(2), a prospective intervenor must show that: "(1) the application is timely; (2) the applicant has an `interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest. *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995).

5. Court's have found the above elements are satisfied when a third-party seeks a protective order to maintain the secrecy of its trade secrets in a pending litigation. *Formulabs, Inc. v. Hartley Pen Co.,* 275 F.2d 52 (9th Cir. 1960) (trade secret licensor has right to intervene where its trade secrets may be disclosed in the course of the pending litigation); *Nelson v. Greenspoon,* 103 F.R.D. 118 (S.D.N.Y. 1984) (granting non-subpoenaed third party's motion to intervene to protect potentially privileged documents,

but finding the documents themselves not privileged).

6. Specifically, Excipio seeks to have the Court's model Protective Order amended to include a Source Code Addendum (Exhibit B) that provides additional protections for the production of source code. Exhibit C is a redline version of the proposed changes to the model order and Exhibit D is a clean version.

7. The changes track other protective orders that have issued to specifically protect source code. (Group Exhibit E). The specific safeguards Excipio seeks, as set forth in Paragraph 10 of the Addendum, limit the possibility of catastrophic inadvertent disclosure by not allowing the source code to be transmitted and stored in a digital format. It requires that the source code may only be viewed in a controlled setting and only paper copies of the source code may be obtained and then retained by a party receiving the discovery. The conversion of the source code from a digital format to a traditional "paper" format reduces the risk of widespread dissemination in the event of a disclosure.

8. Paragraph 10 also limits the amount of source code that may be printed. This also limits the impact of an inadvertent disclosure since it prevents the entire source code from becoming public knowledge.

9. Paragraph 11 prevents anyone that has had access to the source code from creating competing Intellectual Property, software, products or services. The remaining paragraphs and Exhibit A provide safeguards that prevent the use of consultants or experts that directly or indirectly compete with or have the potential to directly or indirectly compete with Excipio.

WHEREFORE, Excipio GmbH respectfully requests that this Court issue a

protective order providing additional safeguards to protect its source code in the form attached hereto and for all other relief that this Court deems just and appropriate.

DATED: March 14, 2014  Respectfully Submitted,

 /s/Keith A. Vogt
Keith Vogt, Partner
(IL Bar. No 6207971)
Masaru Takiguchi, Partner
TAKIGUCH & VOGT, LLP
1415 West 22nd Street, Tower Floor
Oakbrook, IL  60523
Telephone (630) 974-5707
Facsimile (630) 423-9558

Attorneys For Excipio GmhB

**CERTIFICATE OF SERVICE**

I certify that on March 14, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Keith A. Vogt