**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. <u>1:13-cv-06312</u> |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 24.14.81.195, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER**
**REQUIRING MALIBU MEDIA, LLC TO SHOW CAUSE WHY IT SHOULD NOT BE**
**HELD IN CONTEMPT**

## I.    INTRODUCTION

Plaintiff should not be sanctioned for failing to comply with the Court's discovery order.

First, Plaintiff sent Defendant the PCAP evidence and TCPDump which is the software used to

create and read the PCAPs.  TCPDump is the only software in Plaintiff's possession, custody, or

control responsive to the Court's Order.  Further, it is the only software Plaintiff would possibly

use at trial.

Plaintiff is *not* in possession, custody, or control of Excipio's proprietary software.

Therefore, Plaintiff cannot be sanctioned for failing to turn it over.  Plaintiff, IPP, and Excipio

are all separate entities and none have overlapping ownership.  IPP contracted with Plaintiff to

provide evidence of copyright infringement in the form of PCAPs.  The PCAPs and log files are

the only thing that Plaintiff is entitled to under the agreement.  Plaintiff does not have a right to

possess or use Excipio's proprietary software.  Nor does Plaintiff have the power to order

Excipio to produce it.

Here, Plaintiff asked Excipio for the software in connection with this discovery request and Excipio said no. This is Excipio's trade secreted software. Accordingly, Malibu Media and Excipio are adverse in this instance. That being said, as Plaintiff understands it, Excipio is intervening for the purpose of seeking an appropriate protective order so that it can allow its system to be tested. Excipio has nothing to hide. Its system has been tested numerous times. Malibu certainly has no problem allowing Defendant to test Excipio's system. How Excipio's system is tested does not really concern Malibu. Anyway, for purposes of this response, obviously Plaintiff cannot be sanctioned for failing to produce software it does not possess or control.

Plaintiff attempted to comply with the Court's discovery Order in good faith although it accidentally omitted information required to be produced on February 5, 2014. Plaintiff's good faith effort to timely comply and subsequent compliance also makes sanctions improper and unwarranted. For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court deny the subject Motion.

## II. FACTS

### A. Plaintiff Complied With the Court's Discovery Order

As it relates to the production of software, Plaintiff complied with the Court's discovery order of January 22, 2014. Defendant's Request for Production No. 5 asks for "a copy of the software used by IPP, Ltd. to investigate Doe." Plaintiff produced to Defendant TCPDump, the software used to record and create the PCAP evidence of Defendant's infringement. TCPDump is the only software within Plaintiff's possession, custody, or control. The "investigation" of Defendant involved recording and capturing the transactions between IPP and Defendant which

prove that Defendant infringed Plaintiff's works by distributing pieces of Plaintiff's copyrighted films.

IPP licenses the right to extract data from a complex multifaceted system for recording and storing the captured data. The PCAP, as read by TCPDump, speaks for itself and establishes the infringement. And, Plaintiff does not need or plan to introduce that software in order to prove the infringement. To the extent that Defendant's request sought production of Excipio's proprietary BitTorrent client, Defendant's request was vague and ambiguous and Plaintiff has stated from the outset that it does not possess that software.

### B. Plaintiff Produced the Only Software That it Could Produce

TCPDump is the only software that Plaintiff can produce to Defendant. Any other software, data storage device, computer, or other tool used by Excipio in the infringement detection and recording process is in the exclusive possession of Excipio, in Germany. As explained more fully below, Plaintiff is not in possession, custody, or control of any such software or other device. Plaintiff does not have the authority or power to compel Excipio to produce its software or any other device.[1] Notwithstanding the foregoing, Plaintiff, in good faith, attempted to obtain a copy of Excipio's proprietary software from Excipio's principals. Excipio did not agree to provide Plaintiff with the software. *See* Declaration of M. Keith Lipscomb, Exhibit A. Instead, Excipio informed Plaintiff that it will file a motion for a protective order and intervene in this case. Excipio is willing to produce the software to Defendant for his inspection provided that there are adequate safeguards.

---

[1] Because Plaintiff is not in possession, custody, or control of the software, and has no power to order Excipio to turn it over, the proper method for Defendant to attempt to obtain such items from the nonparty is through a Rule 45 subpoena. "When documents are sought from a nonparty, the usual method of compelling production is via a subpoena under Fed.R.Civ.P. 45." *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) citing 9A Charles A. Wright, et al., *Federal Practice and Procedure* § 2456 ("The subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials.") Defendant has not issued nor attempted to issue a nonparty subpoena to Excipio.

### C. Plaintiff Sent Defendant the Only Software That it Needs to Prove its Case

To prove its case against Defendant, Plaintiff must show that Defendant unlawfully distributed Plaintiff's copyrighted works. The software that Plaintiff produced to Defendant, TCPDump, recorded the infringement and can be used to read the recording. In short, the PCAPs and TCPDump are all Plaintiff needs to prove an infringing transaction occurred by someone using Defendant's internet.

TCPDump is a packet analyzer. TCPDump records packets of data transmitted between computers over the internet and saves these data packets as PCAP files (packet capture files). In this case, TCPDump recorded a computer connected to the internet from Defendant's IP address sending packets of data to IPP. The data packets contained pieces of Plaintiff's copyrighted movies. TCPDump is analogous to a closed circuit television camera (CCTV) which records evidence of a crime taking place. Instead of creating a video recording though, TCPDump creates PCAPs which are essentially the computer data equivalent since the transfer of computer data cannot be observed with a video camera. Because the PCAPs show that someone using Defendant's internet distributed pieces of Plaintiff's copyrighted works directly to the investigative server in violation of Plaintiff's exclusive rights, and TCPDump is the software which created the PCAP evidence of the data transfers and can be used to read them, TCPDump is the only software that Plaintiff needs to prove its case. The PCAPs and TCPDump were provided to Defendant.

### D. Malibu Media, LLC is Separate and Distinct From IPP International UG and Excipio

Malibu Media, LLC is a California based company. It was formed in February 2011 by husband and wife, Brigham and Colette Field. The goal of the company is to create erotic art. Malibu Media is separate and distinct from both Excipio and IPP. Both Excipio and IPP are

German companies. They are in the business of providing information about online infringement to copyright owners. Excipio and IPP perform services for hundreds of copyright holders worldwide, including numerous well-known entertainment companies. Malibu Media is just one of IPP's, not to mention Excipio's, many clients. No one at Malibu Media has an ownership interest in Excipio or IPP and vice versa. Malibu Media has an agreement to obtain the PCAP evidence of the infringement. It is not entitled to copies of Excipio's trade secreted software.

### E. Plaintiff Accidentally Sent Defendant Incomplete Responses

On January 22, 2014, the Court entered an Order granting in part and denying in part Defendant's Motion to Compel. *See* CM/ECF 31. The Order required Plaintiff to: (a) prepare and file a response to Defendant's Motion to Bar Testimony and For Sanctions; (b) prepare and file a motion for protective order with supporting evidence and authority; (c) serve verified supplemental interrogatory answers to four interrogatories including compiling a list of lawsuits filed in the Northern District of Illinois and Eastern District of Wisconsin containing file hash 1679632E5066C03128EAE0DADB529E96AC76974B with a signature from Plaintiff who is in California; (d) produce documents responsive to two requests for production including the PCAP evidence of the infringement from IPP in Germany; and (e) create and serve a 149 page privilege log. All of the foregoing were due two weeks from the Court's Order, on February 5, 2014.

Realizing that it would be unable to comply with the Court's deadline despite its best efforts, Plaintiff prepared and filed a Motion for Extension of Time to Produce a Privilege Log and Certain Documents. *See* CM/ECF 32. The Court granted Plaintiff's Motion that same day, February 5, 2014. *See* CM/ECF 35. The February 5 Order excluded from the extension, however, Plaintiff's supplemental response to Defendant's Interrogatories 1 and 3, which were required to be turned over that day. In light of the inordinately large quantity of work which

Plaintiff was doing related to this case, Plaintiff unintentionally sent Defendant incomplete responses. Specifically, Plaintiff omitted the amount or percentage paid by Malibu to IPP pursuant to the oral contingency agreement and did not attach a copy of the written agreement. Plaintiff's errors were an oversight not done in bad faith and not intended to delay or hamper the proceedings. Plaintiff corrected the omissions the first business day after Defendant's Motion was filed, on February 10, 2014. As soon as practicable, Plaintiff took remedial measures, timely corrected the submission, and apologized to Defendant. Although Defendant's Motion claims that Plaintiff failed to "file" the responses, the Court's Order on the Motion for Extension of Time says only that Plaintiff must *serve* its responses. *See* CM/ECF 35 ("The motion expresses no reason why those interrogatory answers cannot be served as required.")

Had Defendant conferred with Plaintiff as is his duty prior to filing the instant Motion, Plaintiff would have taken corrective measures even sooner. Additionally, if Defendant had conferred with Plaintiff prior to filing the Motion, Defendant would have learned that Plaintiff produced a copy of the only software that it was able to produce. Defendant would have been further informed that any other software is in the exclusive possession of Excipio in Germany and that Excipio is willing to produce it with appropriate safeguards.

## III.   LEGAL STANDARD

"In order to hold a party in contempt, the court must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal command' which the party in contempt violated." *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986) quoting *H.K. Porter Co. v. National Friction Products,* 568 F.2d 24, 27 (7th Cir.1977). "Civil contempt proceedings are coercive and remedial, but not punitive, in nature and sanctions for civil contempt are designed to compel the contemnor into compliance with an existing court order or to compensate the

complainant for losses sustained as a result of the contumacy." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999) citing *International Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 826–28 (1994). Thus, "[c]oercive sanctions . . . seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express directive from the court[,] [while] [r]emedial sanctions . . . seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience . . ." *Id.* Where the alleged contemnor is unable to comply with the court order, however, no sanctions for contempt may be imposed. "[O]ne who is charged with contempt of court for failure to comply with a court order makes a complete defense by proving that he is unable to perform or comply." *Sparks Tune-Up Centers, Inc. v. Panchevre*, 1991 WL 101667, at *4 (N.D. Ill. June 4, 1991) quoting *United States v. Joyce,* 498 F.2d 592, 596 (7th Cir.1974).

## IV.    ARGUMENT

### A. Excipio's Software is Not in Plaintiff's Possession, Custody, or Control

Under the Federal Rules, "[a] party may serve on any other party a request…to produce…items in the responding party's possession, custody, or control[.]" *See* Fed. R. Civ. P. 34(a). "With regard to the issue of control . . . the 'test is whether the party has a legal right to control or obtain," the requested items. *Evan Law Grp. LLC v. Taylor*, 2011 WL 72715, at *10 (N.D. Ill. 2011) quoting *In re Folding Carton Antitrust Litigation,* 76 F.R.D. 420, 423 (N.D. Ill.1977) (citation omitted). "A party cannot be required to permit inspection of documents or things that he does not have and does not control.' Furthermore, the party which brings the motion to compel has the burden of establishing that the non-movant has control of the requested documents." *Sparks Tune-Up Centers, Inc. v. Panchevre*, 1991 WL 101667, at *3 (N.D. Ill. June 4, 1991) quoting Wright & Miller, *Federal Practice & Procedure: Civil,* § 2210 (1970). *See*

*also Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind. 1992) (denying motion to compel where there was no evidence to dispute that party was not in possession or control and had no legal right to obtain the requested documents). "[T]he fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993) (control did not exist where a party could not order a non-party to surrender documents).

Plaintiff does not have a copy of Excipio's software, is not entitled to it, and cannot order Excipio to produce it. "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control." § 2210 Possession, Custody, or Control, 8B Fed. Prac. & Proc. Civ. § 2210 (3d ed.). Plaintiff does not control Excipio or IPP and has no "legal right to control or obtain" the requested software. *Evan Law Grp. LLC v. Taylor*, 2011 WL 72715, at *10 (N.D. Ill. 2011). As explained above, Plaintiff, Excipio, and IPP do not have any overlapping owners. They are not in the same business. IPP is nothing more than a regularly used third party vendor to Malibu Media. Plaintiff is only entitled to obtain the PCAP evidence from IPP, and has no right to obtain, review, or inspect any of their software, computers, or other tools used by them in the data collection process. Plaintiff produced to Defendant everything within its possession, custody, or control and everything that Plaintiff intends to introduce at trial. Plaintiff "cannot be criticized [or punished] for having failed to produce" software that it does not possess or control and cannot order to be produced. *See Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993).

**B. Sanctions for Contempt Are Improper Since Plaintiff is Unable to Comply With the Court's Order**

Plaintiff should not be sanctioned because it is unable to comply with the Court's Order with regard to Excipio's software, despite a good faith effort.

> [T]he primary dispositive issue is whether [Defendant] made a good faith effort to obtain the documents . . . and whether after making such a good faith effort he was unable to obtain and thus produce them . . . Since [Defendant's] noncompliance with the production order was due to his inability, after a good faith effort, to obtain these documents, the district court abused its discretion in dismissing his counterclaim.

*See Searock v. Stripling*, 736 F.2d 650, 654 (11th Cir. 1984). *See also American Fletcher Mortgage Co., Inc. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982) (finding that sanctions were proper where defendant failed "to make a good faith effort to comply with the district court's order."). "Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action." *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 1552, 75 L. Ed. 2d 521 (1983).

Here, compliance is impossible because Excipio's trade secreted software is not in Plaintiff's possession, custody or control. And, Plaintiff cannot obtain the software from Excipio. Accordingly, Plaintiff has a complete defense to the contempt charge and sanctions are improper. "[O]ne who is charged with contempt of court for failure to comply with a court order makes a complete defense by proving that he is unable to perform or comply." *Sparks Tune-Up Centers, Inc. v. Panchevre*, 1991 WL 101667, at *4 (N.D. Ill. 1991) quoting *United States v. Joyce,* 498 F.2d 592, 596 (7th Cir.1974).

**C. Civil Contempt Sanctions May Not Be Imposed for Punitive Purposes**

Plaintiff would never intentionally disregard an order from this Honorable Court. Accordingly, Plaintiff attempted to comply with the Court's order of February 5, 2014. Plaintiff

produced to Defendant the only software within its possession, custody, or control. Plaintiff made an inadvertent mistake by failing to send two pieces of information to Defendant. This omission was unintentional and occurred during a week that Plaintiff sent to Defendant or filed or both, reams of paper.

Sanctions for civil contempt are "designed to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999) citing *International Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–28 (1994). Significantly, they are "not punitive, in nature." *Id.* Compensatory sanctions "must be based on evidence of actual loss." *Autotech Technologies LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 752 (7th Cir. 2007). And, the sanction must be "based on the nature of the harm[.]" *Connolly v. J.T. Ventures*, 851 F.2d 930, 933 (7th Cir. 1988).

Here, neither purpose for civil contempt sanctions would be fulfilled by sanctioning Plaintiff. First, because Plaintiff immediately corrected its error by sending Defendant the unintentionally omitted responses, compliance has already been achieved and no sanctions are necessary. Further, sanctions would not secure compliance with regard to Excipio's software since it is not in Plaintiff's possession, custody, or control and Plaintiff does not have the power to order Excipio to turn it over. Next, Plaintiff should not be required to compensate Defendant for any purported losses sustained "as a result of the contumacy." *Lincoln Elec. Co.*, 188 F.3d at 738 (7th Cir. 1999). Defendant failed to confer with Plaintiff in good faith prior to filing his motion for contempt and also failed to submit any "evidence of actual loss." *Autotech Technologies LP*, 499 F.3d at 752 (7th Cir. 2007). This Court's Local Rule 37.2 requires "a consultation in person or by telephone and good faith attempts to resolve differences" before

filing a motion for production. *See* L. Civ. R. 37.2. Had Defendant conferred with Plaintiff, instead of racing to file a motion condemning Plaintiff's unintentional errors, Plaintiff would have corrected the omissions immediately and informed Defendant of the status of the software. The issues could have been resolved without the need for Court intervention. Plaintiff should not be required to compensate Defendant for an unnecessary Motion.

Defendant asserts "Malibu is engaging in repeated abusive litigation tactics – e.g., filing of sanctionable Exhibit C's, failing to comply with the Court's Order regarding discovery plan drafting, and failing to personally discuss any matters – and completely disregarding the orders of this Court." *Id.*, at p. 4. It is clear that Defendant's Motion for an Order Requiring Malibu Media, LLC to Show Cause Why it Should Not be Held in Contempt was filed with the intent to punish Plaintiff and not compensate Defendant for a loss. Because civil contempt sanctions cannot be imposed to punish a party, Defendant's Motion should be denied.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

Dated:  March 14, 2014

<div style="margin-left:40%">

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:     */s/ Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7651
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   <u>/s/ *Paul J. Nicoletti*</u>