UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) Case No. 13 C 6312 |
| | ) |
| v. | ) Magistrate Judge Geraldine Soat Brown |
| | ) |
| **JOHN DOE, subscriber assigned to IP** | ) |
| **address 24.14.81.195,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

For the reasons set out in this order, Plaintiff's Motion for the Entry of a Protective Order [41] and Plaintiff's Renewed Joint Motion For Protective Order [57] are granted to the extent described herein. Enter Confidentiality Order. Motion by non-party Excipio GmbH to Intervene to Seek Entry of a Protective Order [46] is denied without prejudice. By 4/11/14, plaintiff must produce any documents and serve any answers to interrogatories that plaintiff was withholding pending the entry of the Confidentiality Order. If there are any remaining issues on defendant's first set of interrogatories and document requests that are not resolved by the entry of the Confidentiality Order, defendant's counsel shall identify that outstanding discovery to plaintiff's counsel and confer about any remaining disputes. Defendant may file a motion to compel any outstanding discovery based on defendant's first set of interrogatories and document requests no later than 4/17/14, and notice that motion for presentment at the status hearing on 4/22/14. The court permitted plaintiff's motion for entry of a protective order to be filed under seal, but on review of that motion, the court questions whether sealing all of that motion is proper under Seventh Circuit standards. Accordingly, no later than 4/17/14, plaintiff may file an amended motion to seal its motion for protective order, identifying any specific portions of the motion that plaintiff believes justify sealing under Seventh Circuit standards. If plaintiff fails to file such an amended motion, the Clerk of the Court will be instructed to place Docket Number 41 on the public record. Status hearing remains set for 4/22/14 at 2:00 p.m.

## STATEMENT

Plaintiff Malibu Media, LLC, initially declined to respond to certain discovery requests served by defendant John Doe unless defendant stipulated to a protective order. (*See* Dkt. 27, Ex. A.) Plaintiff was ordered to respond to discovery (although defendant was ordered to hold the responses confidential) and to move for entry of a protective order promptly. (Order, Jan. 22, 2014.) [Dkt 31.] Plaintiff's present motion for protective order, however, deals less with discovery in this case, and more about alleged harassment of plaintiff and plaintiff's counsel. (Pl.'s Mot.) [Dkt 41.]

Defendant has not objected to the entry of a protective order, but the parties have not agreed on the terms of the protective order. The dispute results from a motion by a non-party, Excipio GmbH ("Excipio"), for leave to intervene to seek the entry of a protective order to "safeguard its source code." ("Excipio's Mot.) [Dkt 46.]

The origin of that dispute is defendant's document request for "[a] copy of the software" used by IPP International UG ("IPP") to investigate defendant's alleged infringement. [*See* Dkt 24, Ex. F at 4.] At the hearing on defendant's motion to compel, the court observed that any evidence plaintiff might need to use to prove that defendant violated plaintiff's copyright must be produced in discovery or will not be admitted under Fed. R. Civ. P. 37. Accordingly, the court granted defendant's motion as to that request. (Order, Jan. 22, 2014.) Excipio now says that its software, licensed for use by IPP, was used to investigate defendant. (Excipio Mot. at 1.) Excipio states that it is "willing to produce a copy of the requested source code as long as the source code will be adequately protected." (*Id*. at 2.)

The court directed the parties to try to craft an agreed protective order and to include counsel for Excipio in that conversation. (Order, Mar. 19, 2014.) [Dkt 53.] That suggestion, however, has not borne fruit. The parties have proposed alternative orders, with the only significant difference being the plaintiff's and Excipio's proposal of a "Source Code Addendum," that would, *inter alia,* limit the ways in which a party receiving what Excipio refers to as "source code" may review it. (Dkt 57, Ex. A, Attachment B.] For example, a party receiving source code would be limited to accessing it on one stand-alone computer not linked to any network. *(Id*. ¶ 10.) The Source Code Addendum does not refer specifically to Excipio's source code but rather is drafted so broadly as to cover any kind of computer files and any documents that describe source code or object code, including any presentations about how source code or object works. (*Id.* ¶ 3.) [1]

---

[1] The proposed Source Code Addendum is far from clear. For example, the definition of "Source Code" states, in part:

> "Source Code" shall mean source code and object code. . . .Source Code also includes documents that describe source code or object code, such as hardware reference specifications, software reference specifications, application programming interface ("API") specifications, technical specifications, and other presentations about how source code or object code is built, organized, engineered, designed or developed, except to the extent that any such document incorporates source code and/or object code, in which case that portion of such document qualifies as Source Code.

(Dkt 57, Ex. A, Attachment B ¶ 3.)

The matter is further complicated by the fact that defendant now suggests he is not interested in Excipio's source code, saying, *inter alia*, that "*[s]ource code is not software.*" (Def.'s Resp. Opp'n Excipio's Mot. at 3) (emphasis in original.) [Dkt 59.] Excipio disputes defendant's understanding of the relationship between software and source code, and says that defendant has not worked with Excipio to reach an understanding. (Excipio's Reply at 2.) [Dkt 60.]

The court concludes that a protective order in the form of a confidentiality order is appropriate here, but that the entry of any specific provisions relating to "source code" is premature. Defendant is entitled to examine any evidence that plaintiff asserts is a link in the chain that plaintiff claims establishes defendant's liability. If, however, plaintiff is offering Excipio's software as a link in that chain and defendant refuses to examine it, that may undermine an objection by defendant on the basis of Rule 37. Furthermore, both parties and non-parties are entitled to protect trade secrets and other valuable confidential commercial information that is produced as discovery from uses other than for purposes of this litigation.

The court strongly recommends that counsel for defendant and counsel for Excipio confer to reach a common understanding of the purpose and use of the Excipio's "source code." If, after such a conference pursuant to Local Rule 37.2, defendant concludes that he wishes to pursue production of Excipio's material (whether "source code" or any other material), the court will consider a future motion for production, along with suggestions for appropriate protections. This is not a ruling one way or the other with respect to Excipio's proposed Source Code Addendum or some version thereof (although it is too broad in its present form). Any proposed restrictions, whether or not agreed by the parties, must be justified to the court. Excipio's motion is, therefore, denied without prejudice as premature.

After subtracting the involvement of Excipio and the proposed Source Code Addendum from plaintiff's version, the parties' versions do not differ significantly from each other or from the court's Model Confidentiality Order. Accordingly, the court will enter the Confidentiality Order substantially in the format proposed by defendant. There should not be any documents or interrogatory answers that plaintiff has not produced while awaiting a protective order, but if there are, plaintiff must produce those documents and serve those answers by April 11, 2014.

Some parts of defendant's motion to compel [dkt 24] were deferred for ruling to be briefed with plaintiff's motion for protective order. (Order, Jan. 22, 2014.) To the extent that there are any disputes with respect to defendant's first set of interrogatories and requests to produce that are not resolved by the entry of the Confidentiality Order, defendant's counsel shall identify those disputes to plaintiff's counsel, and counsel for the parties shall confer about them. Defendant may file a motion to compel any outstanding discovery sought in its first set of interrogatories and document requests no later than April 17, 2014, and notice that motion for presentment at the status hearing on April 22, 2014.

As mentioned above, plaintiff's motion for protective order dealt less with the discovery in this case than with other situations involving plaintiff and plaintiff's attorneys. The court allowed plaintiff to file the motion under seal while the motion was under advisement. The

Seventh Circuit, however, has been clear that "[d]ocuments that affect the disposition of federal litigation are presumptively open to the public." *Goesel v. Boley Intl. (H.K.) Ltd.*, 738 F. 3d 831, 833 (7th Cir. 2013) (quotation and citations omitted).

> When [litigants] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property.

*Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). There are exceptions to the presumption that court records must be public, but the party seeking to remove from the public viewing material that is on the court's docket must demonstrate that the material justifies an exception. *See, e.g., Goesel*, 738 F.3d at 833.

Plaintiff's motion was filed to persuade the court to enter a protective order, and the court is now acting on that motion. Upon review, the court questions whether all of plaintiff's motion is entitled to remain under seal under the Seventh Circuit's standards. Accordingly, no later than April 17, 2014, plaintiff may file an amended motion to seal its motion for protective order, identifying any specific portions of the motion that plaintiff believes justify sealing under Seventh Circuit standards, and explaining why they meet the standards. If plaintiff fails to file such an amended motion, the Clerk of the Court will be instructed to place the plaintiff's motion for protective order on the public record.

Status hearing remains set for April 22, 2014 at 2:00 p.m.

It is so ordered.


April 7, 2014                                            /s/Geraldine Soat Brown
                                                          United States Magistrate Judge