**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE subscriber assigned IP address ) <br> 24.14.81.195, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No.: 1:13-cv-06312 <br><br> Assigned to: <br> Honorable Geraldine Soat Brown <br> U.S. District Judge |

**PLAINTIFF'S SECOND AMENDED MOTION TO SEAL ITS MOTION FOR PROTECTIVE ORDER PURSUANT TO THE COURT'S ORDER OF 4/22/2014 [CM/ECF 71]**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 26 and Local Rule 26.2 hereby moves for the entry of an order granting Plaintiff leave to file and maintain under seal portions of Plaintiff's Motion for the Entry of a Protective Order (CM/ECF 41), and in support states:

**I. INTRODUCTION**

The Facts Section of Plaintiff's Motion for a Protective Order and Argument Section E contain information that should remain under seal according to Seventh Circuit standards. Specifically, the materials at issue do not form the basis of the parties' dispute and therefore they are not subject to the presumption of openness. Instead, the subject materials pertain to tangential issues related to this litigation and were filed only to demonstrate the need for a protective order in this case. Further, if disclosed, the information would cause undue "public or private harm" and lead to retaliation. Additionally, Plaintiff's Argument Section E contains information relating to Plaintiff's ability to enforce its legal rights and divulging this information will likely impair that ability. Specifically, the risk of spoliation of evidence is exceedingly large

if Argument Section E is unsealed. Finally, the Table of Contents contains a detailed outline of all of the information contained within the Facts Section of the Motion. As such, it describes the contents of the Facts Section and also the contents of Argument Section E. Accordingly, it should also be sealed. For the foregoing reasons, as explained more fully herein, Plaintiff respectfully requests this Court grant the subject Motion.

II.    SECTIONS THAT SHOULD BE MAINTAINED UNDER SEAL

Plaintiff respectfully requests the following sections of the Motion for a Protective Order remain sealed:

(a) the entire "Facts" section of the Motion and the "Facts" section of the Table of Contents which outlines and describes in detail the contents of the "Facts" section;

(b) the following sentences from Argument Section A – "As set forth above . . . and agents." and "If disclosed . . . everyone it identifies.";

(c) the following sentence from Argument Section B – "Unless protected . . . scumbags.";

(d) the following sentences from Argument Section C – "Finally . . . Plaintiff and IPP.";

(f) the following sentence from Argument Section (D)(1) – "Malibu pays . . . what Defendant wants.";

(g) the entire Argument Section E and the section of the Table of Contents related thereto which describes in detail the contents of Argument Section E;

(i) the "Conclusion" section of the Motion to the extent it describes the contents of Argument Section E; and

(j) all Exhibits attached to the Motion except the Declaration of Patrick Paige.

### III. LEGAL STANDARD

"The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "Good cause is established by showing that disclosure will cause a clearly defined and serious injury." *Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 891-92 (N.D. Ill. 2013). "In analyzing whether good cause exists for the entry of a protective order, the court balances the importance of disclosure to the public against the harm to the party seeking the protective order." *Patterson v. Burge*, 2007 WL 433066,*2 (N.D. Ill. 2007) (entering protective order). The Seventh Circuit has held that the following categories of information are the proper subjects of motions to seal: "Statutes, yes; privileges, yes; trade secrets, yes; risk that disclosure would lead to retaliation against an informant, yes . . . ." *United States v. Foster*, 564 F.3d 852, 854 (7th Cir. 2009).

### IV. ARGUMENT

#### A. Under Binding Seventh Circuit Precedent Only Those Materials That Form the Basis of the Parties' Dispute Are Subject to the Presumption of Access

The Seventh Circuit in *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831 (7th Cir. 2013) held that "the presumption of public access 'applies *only* to the materials that *formed the basis of the parties' dispute* and the district court's resolution'; other materials that may have crept into the record are *not subject to the presumption.*" *Id.* at 833 (citing *Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544, 548 (7th Cir.2002) (emphasis added)). Plaintiff's Motion for a Protective Order contains "other materials that . . . have crept into the record." For example, the Exhibits filed in support of Plaintiff's Motion for a Protective Order and the "Facts" section of the Motion for a Protective Order which describes and explains the exhibits are materials that were included solely in order to demonstrate the necessity for a discovery protective order.

3

Outside of this context, they have no bearing on the Court's ultimate resolution of the dispute between the parties. As such, these tangential materials are not subject to the presumption of public access and should remain sealed.

### B. "Information That Would Cause Undue Private or Public Harm if Disclosed . . . May be Kept Under Seal"

"[I]nformation that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal." *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (granting motion to seal) (citing *Jessup v. Luther,* 277 F.3d 926, 929 (7th Cir.2002) and *Citizens First National Bank v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir.1999)). Plaintiff's Motion for a Protective Order clearly contains information that would subject it and its counsel to "undue private or public harm if disclosed." *Id.* Plaintiff's Motion demonstrates its cases are closely monitored. As the Honorable Judge Baylson of the Eastern District of Pennsylvania correctly recognized, "[m]any internet blogs commenting on this and related cases ignore the rights of copyright owners to sue for infringement, and *inappropriately belittle* efforts of copyright owners to seek injunctions and damages." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 781 (E.D. Pa. 2013) (emphasis added).

Plaintiff's Motion contains affirmative proof of the foregoing. It clearly demonstrates that Plaintiff and its counsel have repeatedly had their personal privacy gratuitously invaded. *SmithKline Beecham Corp., Inc.*, 261 F. Supp. 2d at 1008 (N.D. Ill. 2003). As such, Plaintiff has satisfied the "good cause" standard for keeping the Facts Section, Exhibits, and specific individual sentences listed in Section II above, under seal. "Good cause is established by showing that disclosure will cause a clearly defined and serious injury." *Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 891-92 (N.D. Ill. 2013). Unsealing the designated sections and sentences

4

listed herein, will only entice future invasions of privacy by those who revel and take pride in their harassment.

### C. "Risk That Disclosure Would Lead to Retaliation . . . " Is a Proper Reason to Maintain Documents Under Seal

As stated in Plaintiff's first Amended Motion to Seal its Motion for Protective Order, at least two further examples of harassment have accrued since originally filing the Motion for Protective Order under seal. The Seventh Circuit has held that "risk that disclosure would lead to retaliation against an informant . . ." is a proper reason for maintaining documents under seal. *United States v. Foster*, 564 F.3d 852, 854 (7th Cir. 2009). Although Plaintiff is not "an informant" the same underlying rationale and need for protection applies. If the Court unseals the subject sections, there is an extremely large risk that Plaintiff and its counsel would face retaliatory harassment. Indeed, it is nearly certain.

### D. Plaintiff's Argument Section "E" Contains Attorney-Client Privileged Information

Plaintiff's Argument Section E contains information relating to future legal actions that Plaintiff intends to bring. The information contained therein is based upon conversations between Plaintiff and its counsel had for the purpose of seeking legal advice. As such, this information is subject to the attorney-client privilege. Attorney-client privileged information is entitled to be filed under seal. *See United States v. Foster*, 564 F.3d 852, 854 (7th Cir. 2009).

Although the information was selectively disclosed to opposing counsel and this Court only, the Seventh Circuit has "left the door open" for the application of a "selective waiver" theory. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 244 F.R.D. 412, 432 (N.D. Ill. 2006) (*citing Dellwood Farms, Inc. v. Cargill, Inc.,* 128 F.3d 1122 (7th Cir.1997)). Under the selective waiver theory, "a party may disclose documents to a government agency without

waiving the privilege as to any other party." *Id.* at 430 (holding that defendant's disclosure of privileged documents to the SEC under an agreed protective order under which it took steps to preserve its privilege, constituted selective waiver and therefore the privilege was not waived.)

Here the information was only conveyed to opposing counsel and the Court. Opposing counsel did not object to maintaining the information contained therein under seal. As such, the attorney-client privilege is still intact and the Court should not unseal Argument Section E and divulge Plaintiff's protected communications.

### E. The Substantial Risk of Spoliation of Evidence Weighs in Favor of Maintaining Argument Section "E" Under Seal

As previously stated, Section E pertains to future legal actions Plaintiff intends to bring. The risk of spoliation of evidence if Argument Section E is unsealed is exceedingly great. The potential harm suffered by Plaintiff caused by the loss of relevant material evidence as a direct result of unsealing of Section E far outweighs any public interest in disclosure of its contents. Indeed, Plaintiff's computer forensic expert, Patrick Paige, a highly decorated former police officer has testified that one of the reasons that search warrants are executed without an individual's knowledge is to prevent spoliation. The element of surprise is necessary for the preservation of evidence.

### F. Balancing the Importance of Disclosure to the Public Against the Harm to Plaintiff, the Equities Weigh in Plaintiff's Favor

In deciding whether to grant a protective order, "the court balances the importance of disclosure to the public against the harm to the party seeking the protective order." *Patterson v. Burge*, 2007 WL 433066,*2 (N.D. Ill. 2007) (*citing Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 859 (7th Cir.1994)). Here, the importance of disclosure to the public is minimal. There is simply no need to divulge the specific contents of Plaintiff's Motion to the members of

6

the public who will only use it as an invitation to continue engaging in the sorts of behavior identified in the Motion. It is similarly clear that the potential harm to Plaintiff and its counsel is great.

The impetus behind the necessity of openness in the courts was relayed by the Seventh Circuit as follows:

> It is desirable that the trial of causes should take place under the public eye, not because the controversies of one citizen with another are of public concern, but because it is of the highest moment that <u>those who administer justice should always act under the sense of public responsibility</u>, and that <u>every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed.</u>

*Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (*quoting Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884)). Keeping sections Plaintiff's Motion under seal does not impair the public's ability to "satisfy himself with his own eyes as to the mode in which a public duty is performed." *Id.* The proceedings and this Court's handling of the litigation as it pertains to the ultimate issue – Defendant's liability for the infringement alleged – will not be shielded from the public. Instead, only a side matter that has minimal, if any, implications for the administration of justice in this case will remain properly shielded.

### G. Defendant Was Granted Leave to Proceed With His or Her Identity Hidden From the Public to Prevent "Harassment" and Plaintiff Merely Requests a Similar Type Relief

Defendant filed an "Unopposed Motion for Leave to Proceed Anonymously" on October 28, 2013. (CM/ECF 14). In support of his Motion, Defendant argued that "Doe Will Be Embarrassed and Intimidated Into Settlement if Named in this Action" and that "There Is Little Harm to the Public." *Id.* at pp. 3-6. Defendant's argument was based essentially upon the

potential for harassment.[1] Similarly, here Plaintiff's Motion is unopposed and sought in order to prevent harassment. Plaintiff respectfully suggests it should be afforded the same protections that were afforded to Defendant, especially since Plaintiff only seeks to withhold a small section of a single motion from public view.

V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion. A redacted version of Plaintiff's Motion for the Entry of a Protective Order is attached for the Court's convenience.

DATED: April 29, 2014

---

[1] Although Plaintiff does not agree that Defendant would have been subject to harassment if named in this lawsuit, Plaintiff, as is its policy, nonetheless did not oppose the motion.