UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No.: 1:13-cv-06312 |
| v. | ) Assigned to: |
| | ) Honorable Geraldine Soat Brown |
| JOHN DOE subscriber assigned IP address 24.14.81.195, | ) U.S. District Judge |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS SECOND AMENDED MOTION TO SEAL ITS MOTION FOR PROTECTIVE ORDER PURSUANT TO THE COURT'S ORDER OF 4/22/2014 [CM/ECF 71]**

**I.  INTRODUCTION**

On February 13, 2014, defense counsel e-mailed counsel for Plaintiff regarding Plaintiff's first motion to seal its motion for a protective order (CM/ECF 38) saying, "I believe this was already ruled on, but I have no objection."[1]  Now, without explanation, Defendant adamantly argues that it would be "manifestly against public policy" to allow Plaintiff's motion to remain under seal.  *See* Defendant's Response, at p. 7.  Having failed to object to the original Motion, Defendant should be precluded from participating in the current briefing. Notwithstanding the foregoing, Defendant's Response to Plaintiff's Motion rings hollow. Significantly, Defendant argues that journalists, academics, and others "may wish" to review Plaintiff's motion for a protective order so that they can examine Plaintiff's "nation-wide strategy" and "*modus operandi*."  However, Plaintiff's sealed motion for protective order has *nothing* to do with Plaintiff's litigation strategy.  And indeed, as Defendant points out, the public

---

[1] Defense counsel also had no objection to allowing Plaintiff to file the exact same motion for entry of a protective order under seal in a case pending in the Southern District of Indiana, also within the Seventh Circuit.  *See Malibu Media, LLC v. Tashiro*, 1:13-cv-00205 (S.D. Ind.).

1

is already extremely familiar with Plaintiff's litigation strategy. Defendant's attempt to paint Plaintiff's motion as an effort to "litigate in shadows and behind curtains" is overreaching and frivolous. Sealing portions of Plaintiff's Motion will not cause any harm to the public or their ability to keep a close eye on Plaintiff and the courts. It potentially will, however, save Plaintiff from suffering further unwarranted harassment and preserve Plaintiff's ability to enforce its legal rights, should it decide to do so. Accordingly, Plaintiff respectfully requests this Court grant the subject motion.

## II. PLAINTIFF'S SEALED MOTION IS OF NO CONSEQUENCE TO THE PUBLIC

That "attorneys, journalists, and academics may wish to review the Motion" is not a reason to unseal it. Response, p. 3. Any number of individuals "may wish to review" any number of items produced or filed during litigation. However, mere desire alone, absent a demonstration of legal entitlement or necessity is insufficient. This is especially true where, as here, the materials pertain to a side matter and not the ultimate issue involved in the case or the basis for the Court's determination of an ultimate issue. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831 (7th Cir. 2013) ("the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.")

The bulk of Defendant's argument centers around the proposition that "other defense counsel, attorney-commentators, and possibly even other mass-Doe copyright plaintiffs may wish to review the filing in order to ascertain the nation-wide strategy." Response, p. 4. Defendant also asserts that "academia certainly has taken note of Malibu's activities, and may wish to review its *modus operandi*." Response, p. 5. These arguments are baseless. Defendant and his counsel have seen the sealed document and are aware that it has nothing to do with

Plaintiff's "nation-wide strategy" or its "*modus operandi*." And, as Defendant makes clear, other defense counsel, attorney-commentators, plaintiffs, and academics are well aware of Plaintiff's lawsuits and strategy. Accordingly, Defendant's argument in this regard is frivolous.

### III. THE CURRENTLY SEALED INFORMATION IS NOT PUBLICLY AVAILABLE

Defendant attempts to argue that the Motion should be unsealed because "the entire 'fact' section is based upon information that is publicly available on the internet." Response, p. 3. Defendant's assertion is untrue. Many of the exhibits that support Plaintiff's Facts section are not publicly available. Specifically, Exhibits B-3, B-11, B-12, B-17, G-1, G-2, G-3, G-4, G-5, G-6, G-7, G-8, G-9, G-10, G-11, G-12, and G-13 are all private e-mails. Exhibits J and K are also not publicly available, as they did not exist prior to the instant Motion. Releasing these nonpublic documents will likely subject Plaintiff to further harassment and invasions of privacy. Indeed, the Motion for Entry of a Protective Order was filed to prevent Defendant and his counsel from sharing information on the internet with individuals who have no legitimate need for the information and use it only for harmful purposes. Unsealing the subject Exhibits and sections of Plaintiff's Motion will likely cause outrage and direct harm to Plaintiff of the type that Plaintiff intended to prevent by filing the Motion in the first place.

### IV. UNSEALING THE MOTION WILL SUBJECT PLAINTIFF TO UNDUE HARASSMENT

Defendant claims that "the facts contained in a motion for a protective order that accuses so called 'hate groups' of harassing it may be of interest to the public at large." Response, p. 5. The public, however, has no legitimate need for the precise details of the gratuitous invasions of personal privacy suffered by Plaintiff and its counsel culled together and presented in Plaintiff's Motion. *See SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008

(N.D. Ill. 2003) ("information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal.") "[U]nredacted versions of the documents, the specified exhibits to the briefs, along with the briefs in support of the motion to seal, contain information that could subject certain individuals to physical harm and/or harassment . . . these individual's interest in their safety outweighs the public's interest in access to the relevant documents." *U.S. Tobacco Inc. v. Big S. Wholesale of Virginia, LLC*, 2014 WL 1285774 (E.D.N.C. 2014) (granting motions to seal). Further, the Court can explain the basis for its decision to allow the motion to remain sealed without disclosing the contents of the motion. Thus, Defendant's argument that "the public at large has the right to determine why Your Honor granted the motion that Malibu wishes to have sealed," also fails. Response, p. 5.

### V. THE MOTION SHOULD REMAIN SEALED TO PREVENT DISSEMINATION OF ATTORNEY CLIENT PRIVILEGED INFORMATION

"The confidentiality rule . . . applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source." Illinois Rules of Professional Conduct 1.6 comment 3. Here, Plaintiff relayed the information contained within Exhibit J, the Facts section of the Motion, and Argument Section E to its counsel in connection with seeking legal advice. As such it is subject to the attorney-client privilege and should remain sealed. Plaintiff did not disclose the information to the "potential public" as Defendant claims. Response, p. 6. Plaintiff only disclosed it privately to the Court and to defense counsel, who previously had no objection to sealing the motion. Further, Plaintiff did not "us[e] communications between client and counsel to gain advantage in litigation[.]" *Id*. Keeping parts of the motion sealed confers no undue advantage on Plaintiff in this litigation and Defendant makes no argument to the contrary.

Defendant argues that selective waiver does not apply because "*Pension* Plan . . . involved the turnover of documents to a government agency, not to opposing counsel and the potential public." Response, p. 7. Here Plaintiff selectively disclosed specific information only to this Court, a part of the judiciary that is a branch of the federal government, and to counsel for defendant who did not object to maintaining the information under seal.

## VI. UNSEALING SECTION E WILL INHIBIT PLAINTIFF'S ABILITY TO PROTECT ITS RIGHTS

Unsealing Section E would severely hamper Plaintiff's ability to pursue its legal rights in future legal actions. As stated in Plaintiff's Motion, the risk of spoliation of evidence is significant if the Court unseals the document. Preventing prejudice in another legal action is a permissible reason to maintain documents under seal. *See e.g. Dennerline v. Pronational Ins. Co.*, 2006 WL 1587803, at *1 (S.D. Ind. 2006) ("disclosure could prejudice the Lawyers' and ProNational's rights in the malpractice lawsuit, thereby giving Liquidator an unfair advantage in that case by providing information that Liquidator would not normally be entitled to receive otherwise.") That Plaintiff has not yet decided when it will take action to enforce those rights is not a reason to unseal the Motion and subject material evidence to potential alteration or destruction. *See* Response, p. 7. Similarly, Defendant's pure speculation about the type of rights and nature of the proceedings that Plaintiff may initiate is of no consequence. *Id.* Defendant states no reason why it would be "manifestly against public policy to allow Malibu to play hide the ball in this case in order to protect future cases that may never be brought." Response, p. 7. Plaintiff is not playing hide the ball and only seeks to preserve its ability to pursue appropriate legal action in the future.

5

## VII. UNSEALING THE MOTION WILL UNDERMINE ANOTHER DISTRICT COURT WITHIN THIS CIRCUIT

As stated above, the exact same motion for entry of a protective order was filed in a case in the Southern District of Indiana. *See Malibu Media, LLC v. Tashiro*, 1:13-cv-00205 (S.D. Ind.). Defense counsel in this case also represents the defendant in that case. There, similar to here, Defendant did not object to filing the motion under seal and the court permitted the Motion to remain sealed. *See id* at CM/ECF 117. Although not binding on this case, Plaintiff respectfully suggests that unsealing the Motion here will undermine the ruling in the *Tashiro* case in which the Motion will remain hidden from the public.

## VIII. DEFENDANT'S REMAINING ARGUMENTS FAIL

The remaining arguments asserted by Defendant throughout the Response fail to present valid reasons to unseal the relevant sections of Plaintiff's motion. For example, Defendant's Application Section A (at p. 2) is both obvious and irrelevant. There Defendant asserts that "Malibu brought this case . . . not Doe. Doe did not sue Malibu . . . Malibu brought the Motion that it wishes to seal; not Doe . . . ." *Id.* However, that Malibu is the Plaintiff and filed the subject motion has no bearing on whether or not the Motion should remain sealed. Defendant also argues that Plaintiff is attempting to "have this Court take information that *it* put into the marketplace of ideas, and remove it from the public sphere." Response, p. 3. However, Plaintiff did not put the subject information "into the marketplace of ideas," others did. Plaintiff merely aggregated the information to present to the Court. Further, Defendant erroneously attempts to equate Plaintiff with unrelated plaintiffs in other cases. Defendant cites to *AF Holdings, LLC v. Rajesh Patel* claiming that Plaintiff is attempting to obtain relief similar to that which was denied in that case. Response, p. 4. However, the plaintiffs in the *Patel* case requested the court to seal

6

*every future filing* in the case. Here, Plaintiff merely seeks to maintain under seal a few selections of a single previously sealed motion.

IX.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion and maintain the subject sections of Plaintiff's Motion for Entry of a Protective Order under seal. Plaintiff also respectfully requests that if Your Honor is not inclined to maintain the filing under seal and grant Plaintiff's Motion, Plaintiff be given the right and opportunity to appeal Your Honor's order unsealing the Motion prior to the Motion being made available on the public docket.

DATED: May 12, 2014.

                                      Respectfully submitted,

                                      NICOLETTI LAW, PLC

                                      By: /s/ *Paul J. Nicoletti*
                                      Paul J. Nicoletti, Esq. (P44419)
                                      33717 Woodward Ave., #433
                                      Birmingham, MI 48009
                                      Tel: (248) 203-7800
                                      Fax: (248) 203-7801
                                      Email: paul@nicoletti-associates.com
                                      *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                      By: /s/ *Paul J. Nicoletti*