**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 24.14.81.195,<br><br>Defendant. | Case No. 1:13-cv-06312<br><br>The Hon. Geraldine S. Brown |

**DOE'S RESPONSE TO:
PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER AUTHORIZIING COMCAST TO COMPLY WITH A THIRD PARTY SUBPOEANA**

Doe hereby responds to Plaintiff's Motion for Entry of an Order Authorizing Comcast to Comply with a Third Party Subpoena (the "Motion"), seeking that the Motion be denied, or at a minimum the relief be conditioned in order to promote fairness in litigation. In response, Doe states:

1. Malibu brought its suit with a single date and time of purported transfer of a small, unusable, encrypted, piece of only one of the films alleged to have been infringed. Now it wishes to subpoena Comcast, in part, for more information *for this single piece of information*. Motion, ¶ 4(a). Contrary to ¶ 5 of the Motion, this information is hardly outcome dispositive, it relates to a minute portion of one of the alleged infringements.

2. Perhaps Malibu will seek information outside of what it has stated in ¶ 4 of its Motion. Ignoring the fact, for a moment, that doing so would mean Malibu is attempting to dupe the Court, this Court and Doe have no idea what Malibu will actually seek in the subpoena, because Malibu has not provided the subpoena it intends to send. Considering the fact that Rule 45 requires Malibu to send a copy of the same to Doe, and the other misstatements and troubling aspects of the Motion, it would be appropriate for Malibu to provide this Court,

and Doe, with a copy of the subpoena it intends to issue to Comcast seven days prior to its issuance to Comcast. Fed. R. Civ. P. 45(a)(4).

3. Also troubling is the possibility that Malibu will obtain records and may try to depose Comcast without providing the documents gathered to Doe. Doe is not contending that this is Malibu's plan, but as this Court is aware, discovery disputes have abounded in this proceeding. Obviously, lacking such documents and information, Doe will be prejudiced at the deposition that Malibu intends to conduct. To nip the possibility of dispute in the bud, it is respectfully suggested that Malibu's relief, if granted, be conditioned upon the turnover of all documents and communications received from Comcast be provided to Doe. The same makes sense when Comcast's representative would be an "expert" and have to turn over reports and the bases for his/her opinions under Federal Rule of Civil Procedure 26.

4. Additionally, this Court should take note that Malibu is seeking certain "six strike notices" sent to the Defendant. Doe assumes that by "six strikes notices," Malibu refers to notices pursuant to participation in the Copyright Alert System, a private system for alerting, educating, and punishing Internet subscribers based upon *accusations* (not confirmed as misleadingly stated in ¶ 5 of the Motion) of peer-to-peer or BitTorrent infringing activities. The system did not go live until February 25, 2013. J. Lesser, *Copyright Alert System Set to Begin*, Center for Copyright Information (Feb. 25, 2013), *available at* http://www.copyrightinformation.org/uncategorized/copyright-alert-system-set-to-begin/. Considering the limited amount of time the CAS has existed, and the hijacking of Doe's wireless router – evidence of which Malibu was provided with at the beginning of this case – it again appears that Malibu is on a fishing expedition.

5. Likewise, Malibu has been made aware that Doe has multiple Internet connected devices, and has streamed media. It is misleading for Malibu to suggest, in its Motion, that if Doe's

        bandwidth usage is high, that he is necessarily a BitTorrent user. Further, it is also misleading to suggest that Comcasts' IP→Subscriber correlation is perfect. Motion, ¶ 5. Citing to a deposition, without providing the deposition for context, let alone the case it involved, Malibu can characterize things in any manner it wishes. Internet service providers are run by humans, and like humans, make mistakes. Indeed, the RIAA has, in the past, written letters to Internet Service Providers asking them to provide any information regarding misidentified subscribers. While these misleading statements can be cleared up through a vigorous cross-examination, it is respectfully submitted that the Court should be aware of the same when ruling on the Motion.

6. Finally, Malibu seems to intimate that it has no intention to call Comcast at trial, or expects Comcast to ignore trial subpoenas; simply intending to use this deposition at trial. Motion, ¶ 6. While Malibu has not moved this Court to excuse Comcast, and Doe has not decided whether or not he would oppose such a motion, if such an event took place, these mischaracterizations and concerns are all the more important.

7. Doe has attached a more reasonable proposed Order, if, and only if, this Court chooses to grant Malibu the relief it seeks.

WHEREFORE, Defendant, DOE, respectfully requests that:

A. The Motion, as brought, be denied;

B. In the alternative, the Motion should be denied until such time as a copy of the proposed subpoena is provided for review; or

C. In the alternative, insofar as this Court wishes to allow the third-party subpoena and deposition, it should be conditioned as reflected in the attached proposed order.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
One of Doe's Attorneys
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

Certificate of Service

I certify that on May 28, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips