# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No.: 1:13-cv-06312 |
| ) | |
| v. ) | Assigned to: |
| ) | Honorable Geraldine Soat Brown |
| JOHN DOE subscriber assigned IP address ) | U.S. District Judge |
| 24.14.81.195, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER AUTHORIZING COMCAST TO COMPLY WITH A THIRD PARTY SUBPOENA**

## I. INTRODUCTION

Defendant's Response fails to state even a single valid objection to Plaintiff's Motion. In March, Plaintiff attempted to obtain a stipulation from Defendant regarding the Comcast correlation. Defendant refused to stipulate. At that time, Plaintiff notified Defendant that it would need to file a motion for a court order authorizing Comcast to comply with Plaintiff's subpoena. A court order is necessary because the Cable Act prevents Comcast from disclosing certain information without either a stipulation or a court order. There is no question that the information sought by Plaintiff is highly relevant to the instant lawsuit and therefore Plaintiff is entitled to obtain it. Defendant's objection was filed in bad faith. A majority of Defendant's Response is based on unfounded concern that Plaintiff may act improperly in conducting this necessary discovery. Defendant seeks to impose unwarranted and unnecessary restraints on Plaintiff's ability to conduct discovery with its "more reasonable proposed order." However, there is simply no reason to believe that Plaintiff would violate any federal or other discovery rule. For the foregoing reasons, as explained more fully below, this Court should grant the

1

subject Motion and award Plaintiff its reasonable fees and expenses incurred in having to file the Motion and the instant Reply.

II.     **DEFENDANT'S ARGUMENTS ARE FRIVOLOUS**

**A. Plaintiff Was Required to File the Subject Motion Because Defendant Unreasonably Refused to Stipulate to the Information Sought**

On Monday March 31, 2014, undersigned counsel contacted defense counsel seeking a stipulation that Comcast correctly identified the internet subscriber assigned the relevant IP address on the subject date and time. The e-mail read:

> Jonathan, to save us the time and expense involved with deposing Comcast and in light of the attached deposition testimony of Comcast's 30(b)(6) representative in a previous case testifying that when Comcast provides a name in response to a subpoena it is "<u>absolutely</u> <u>certain</u>" that they've identified the correct subscriber, please advise if you will agree to the attached proposed stipulation. If not we will be filing a motion for a court order authorizing Comcast to comply with our subpoena and then scheduling a deposition *duces tecum*. Please advise immediately.

Defense counsel responded with:

> Let me consult with my client. Considering the fact that its only for one date, out of the many, of purported infringement and that my client had just recently moved there, it may be a prickly issue with him.

Two weeks later, on April 15, 2014, with no response from defense counsel, undersigned sent a follow up e-mail stating: "Jonathan, I never received an answer to this email. Please advise." A few hours later, defense counsel wrote, "I cannot stipulate to the same."

Defendant's refusal to stipulate that Comcast performed the IP address to internet subscriber correlation correctly was unreasonable. Plaintiff provided Defendant with testimony of Comcast's 30(b)(6) representative in a previous BitTorrent infringement copyright case stating that when Comcast correlates a subscriber to an IP address in response to a subpoena, it is "absolutely certain" that it was done correctly. Defendant has no evidence to the contrary and no

2

reason to believe that a correlation error occurred in this case. Notwithstanding the foregoing, Defendant attempts to downplay the importance of the information sought by claiming that "Malibu brought its suit with a single date and time of. . . only one of the films alleged to have been infringed. Now it wishes to subpoena Comcast . . . for more information . . . this information is hardly outcome dispositive, it relates to a minute portion of one of the alleged infringements." Response, p. 1. Defendant is wrong. Plaintiff must be able to establish that Comcast's correlation of the relevant IP address to the Defendant was performed correctly. This information could have easily been stipulated to by Defendant. However, Defendant would not agree to do so. Thus, Plaintiff was required to file the instant Motion under the Cable Act. Objecting to the Motion is a bad faith effort to improperly block highly relevant discovery.

Defendant asserts that "it is also misleading to suggest that Comcasts' IP→Subscriber correlation is perfect . . . humans, make mistakes . . . these misleading statements can be cleared up through a vigorous cross-examination[.]" Response, p. 3. Defendant's argument is both obvious and immaterial. Indeed, the entire point of the deposition is to ascertain whether or not the correlation was done correctly. Attempting to deny Plaintiff's ability to conduct the deposition does nothing to prove Defendant's point.

> **B. Attempting to Deny Plaintiff the Ability to Conduct Clearly Relevant Discovery by Claiming That Defendant Believes Plaintiff May Act Improperly and Not Abide by the Federal Rules of Civil Procedure is Bad Faith Conduct That Should Not be Permitted**

Defendant's next objection states, "Perhaps Malibu will seek information outside of what it has stated in . . . its Motion." Response, p. 1. Defendant continues arguing that the Motion should be denied because Defendant has not been provided a copy of the subpoena. *See* Response, p. 1-2 ("this Court and Doe have no idea what Malibu will actually seek in the subpoena, because Malibu has not provided the subpoena it intends to send.") Defendant's

3

objection is baseless. Plaintiff is entitled to depose Comcast, a third party possessing relevant information. At the discovery stage, "[t]he concept of relevancy is to be broadly construed . . . and the discovery rules are to be accorded a liberal treatment." *Dykes v. Morris*, 85 F.R.D. 373, 375 (N.D. Ill. 1980) (*citing Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)) (Internal citation omitted). Accordingly, Plaintiff is entitled to depose Comcast as to any topic that may relate to this case. Notwithstanding the foregoing, Plaintiff has no intent to seek information outside of what was represented to the Court and Defendant. Further, there is absolutely no reason to believe that Plaintiff will not abide by the Federal Rules of Civil Procedure when it issues its third party subpoena to Comcast. Fed. R. Civ. P. 45(a)(4) clearly states that before a subpoena is served, "a notice and a copy of the subpoena must be served on each party." Plaintiff will serve its notice on defense counsel under the Federal Rules and there is no reason to believe otherwise. Accordingly, there is no need to impose arbitrary procedures on Plaintiff by entering Defendant's Proposed Order which would require "Seven days prior to the issuance of the authorized subpoena, Malibu shall file the same with the Court, and serve the same on Doe, for review." *See* CM/ECF 81-1.

Defendant's third paragraph is equally frivolous. In his third paragraph Defendant claims, "[a]lso troubling is the possibility that Malibu will obtain records and may try to depose Comcast without providing the documents gathered to Doe . . . Obviously, lacking such documents and information, Doe will be prejudiced at the deposition that Malibu intends to conduct." Response, p. 2. Defendant's objection is facially absurd. Arguing that Defendant is concerned that Plaintiff may attempt to act improperly at the deposition by withholding documents is not a reason to bar proper discovery. Again, the additional procedures that Defendant suggests imposing on Plaintiff are unnecessary. There is no need for the Court to

4

enter an order imposing conditions on Plaintiff's discovery in order to "nip the possibility of dispute in the bud." Response, p. 2. And, Comcast's representative is not an expert required to turn over reports and the basis for his opinions under Rule 26. Comcast's representative is a 30(b)(6) deponent.

### C. Six Strikes Notices Are Relevant

Defendant takes issue with Plaintiff's discovery related to six strikes notices because it is a "private system for alerting, educating, and punishing Internet subscribers based upon accusations (not confirmed as misleadingly stated in ¶ 5 of the Motion) of peer-to-peer or BitTorrent infringing activities. The system did not go live until February 25, 2013 . . . Considering the limited amount of time the CAS has existed . . . it again appears that Malibu is on a fishing expedition." Response, p. 2. Defendant's objection is baseless. If Comcast sent a six strikes notice to Defendant regarding alleged copyright infringement, this evidence is certainly relevant to the instant case. As stated in Plaintiff's Motion, a six strikes notice may prove a pattern of infringement or notice that infringement is occurring or both. Plaintiff never stated that a six strikes notice "confirms" anything. Further, that the six strikes system is relatively new has no bearing on Plaintiff's ability to obtain discovery related it. Defendant's unfounded concern that "Malibu is on a fishing expedition" is baseless and not a reason to deny Plaintiff relevant discovery.

### D. Information Related to Defendant's Bandwidth Usage is Highly Relevant

Defendant's next objection states that "[i]t is misleading for Malibu to suggest, in its Motion, that if Doe's bandwidth usage is high, that he is necessarily a BitTorrent user." Response, pp. 2-3. Apart from the fact that Plaintiff never stated that high bandwidth usage "necessarily" means that someone is a BitTorrent user, the evidence is clearly relevant because it

is one factor that tends to implicate Defendant in the infringement. Indeed, it is circumstantial evidence tending to show that BitTorrent was used within Defendant's residence. In other BitTorrent copyright infringement cases where Plaintiff has deposed Comcast, Comcast informed Plaintiff that they may send notices to subscribers who exceed permissible limits. People who are heavy BitTorrent users use significantly more bandwidth than normal internet users. As such, the discovery is relevant and Plaintiff is entitled to obtain discovery regarding Defendant's bandwidth usage from his ISP. Defendant's objection fails.

### E. Defendant's "More Reasonable Proposed Order" is Unnecessary and Unwarranted

Defendant's proposed order contains restrictions on Plaintiff that are both unnecessary and unwarranted. As stated above, there is simply no reason to believe that Plaintiff will not abide by applicable federal and local rules in conducting the subject discovery. Defendant has no authority or good faith basis to support the imposition of any unnecessary restrictions on Plaintiff's discovery. As such, Defendant's "more reasonable proposed order" should be disregarded.

### III. DEFENDANT SHOULD BE ORDERED TO PAY PLAINTIFF'S FEES AND EXPENSES INCURRED IN BRINGING THE INSTANT MOTION AND REPLY

Defendant's Response does not state a single valid objection to Plaintiff's proposed discovery. In addition to the fact that the deposition could have been avoided altogether by stipulation of the parties, Defendant's Response is based largely on the fear or concern that Plaintiff may act outside of the Federal Rules and therefore should be forced to comply with procedures which Defendant deems are "more appropriate." "Generally, if a litigant forces an opposing party to prove a matter capable of easy stipulation, he is required to reimburse that party for the expenses incurred in establishing that proof at trial. A party should not be required

6

to prove a matter that can be easily stipulated to." *THK Am., Inc. v. NSK Co., Ltd.*, 160 F.R.D. 100, 103 (N.D. Ill. 1994) *aff'd in part sub nom. THK Am., Inc. v. NSK Ltd.*, 1994 WL 799420 (N.D. Ill. Nov. 16, 1994).

Further, Fed. R. Civ. P. 26(g) states that "[b]y signing [a discovery objection], an attorney or party certifies that to the best of the person's knowledge, information, and believe formed after a reasonable inquiry" the objection was legally warranted and not interposed for any improper purpose. *See* Fed. R. Civ. P. 26(g)(1)(B)(i-iii). "This Rule allows the court to impose sanctions on the signer of a discovery response when the signing of the response is incomplete, evasive or objectively unreasonable under the circumstances." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 515 (N.D. Iowa 2000)

None of Defendant's objections to Plaintiff's discovery are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." *Id.* Similarly, none of the objections are objectively reasonable. Indeed, basing an objection on sheer speculation as to how Plaintiff may behave during the course of the discovery and preemptively attempting to impose conditions on Plaintiff is indicative of an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Id.* Defendant's Response posits obstructionist frivolous objections that are sanctionable. *See e.g. St. Paul Reinsurance Co., Ltd.*, *supra* (sanctioning party under Rule 26(g) noting "abuse of the discovery process is a very serious matter . . . these objections are some of the most obstructionist, frivolous objections to discovery that the undersigned has seen . . . the court is obligated to impose sanctions.") As such, Plaintiff should be awarded its reasonable fees and expenses incurred in relation to the Motion and instant Reply.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion and award Plaintiff its reasonable fees and expenses incurred in bringing the Motion and preparing this Reply.

Dated: May 30, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*