**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 24.14.81.195,<br><br>Defendant. | Case No. 1:13-cv-06312<br><br>The Hon. Geraldine S. Brown |

**RESPONSE DEDICATED SOLELY TO THE NEW RELIEF SOUGHT IN:
PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER AUTHORIZING COMCAST TO COMPLY WITH A THIRD PARTY SUBPOENA**

Doe hereby responds to the improperly sought, for the first time, request for attorney's fees in having to file its Motion. (ECF Doc. 78). In this limited response, Doe respectfully states:

1. This Court explicitly ordered, Doe to either agree, or "set out basis the basis for his objection," to Malibu's Motion. (ECF Doc. 80). Doe did just that, pointing out that misleading/false statements were legion and seeking the Order to be conditioned in a manner to prevent future issues. Thus, it is quite surprising that Malibu Media, LLC, would seek attorney's fees "in relation to the Motion and instant Reply," relief not sought in the original Motion. Reply, p. 7. Because this is new relief sought, and not properly brought as a new Motion, Doe is forced to file a procedurally peculiar limited Response dedicated solely to this relief.

2. Malibu seeks fees because Doe should have stipulated to the fact that Comcast's IP to subscriber correlation is "absolutely certain." Reply, p. 6-7. However, as shown below, Malibu has affirmatively stated that it knows of Comcast mistakes. As Doe has contended, he did not illegally download the subject films. The fact he is being drug through costly

1

        litigation may be due to the fact that Comcast did not properly correlate the IP address at the time of the single date, single sliver, of a single work transaction correctly to a subscriber.

3. Malibu relied upon a brief statement from a deposition that Doe has not seen, does not know the context of, and did not get to participate in. More importantly, *Malibu and its counsel absolutely know that the correlation is not absolutely certain.* Malibu had the gall to seek attorney's fees with an argument it knew to be frivolous, because Doe did not stipulate to a fact that Malibu has actual knowledge is not true. *See*, Fed. R. Civ. P. 11.

4. In *Malibu Media, LLC v. Pelizzo*, the Defendant provided evidence that he was out of the country at the time of alleged infringement. Case No. 1:12-cv-22768-PAS (ECF Doc. 7-1) (S.D. Fla. Sept. 21, 2012). In that case, Malibu subpoenaed an ISP, Hotwire Communications. The Hotwire representative testified that in that situation, "Hotwire cannot definitively identify a subscriber." P. 4 (ECF Doc.41) (July 1, 2013).

5. Further, Malibu has unequivocally stated that it knows that Comcast makes mistakes. In a case in Colorado, counsel for Malibu sent defense counsel an email reading, "I spoke with Comcast on this matter and they admitted to making a mistake in reporting subscriber information on this matter." *See,* Exh. A, p.1 (Excerpt from ECF Doc. 49-1 in the aforementioned *Pelizzo* case). More shockingly, Malibu's owner and its lead counsel have actual knowledge of this very issue. Malibu counsel stated, "[Malibu's owner and Malibu counsel] are aware of the mishap and are regretful. . . . this was all precipitated due to the ISP's mixup, nothing on MM's end." *See,* Exh. A, p. 2.

6. With regards to discovery objections in general, it is completely appropriate to bring objections to any Motion, discovery or otherwise, that seeks relief based upon known false assertions. *See, supra*. This Court should be fully informed when making its decisions.

7. Finally, it is certainly not frivolous to seek to condition third-party discovery on terms that will result in the expeditious progression through discovery, prevent possible dispute, while not imposing an undue burden on the opposing party.

WHEREFORE, Defendant, DOE, respectfully requests that the newly requested relief of attorney's fees be denied.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
One of Doe's Attorneys
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

| Certificate of Service |
|---|

I certify that on May 30, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips