UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE subscriber assigned IP address ) <br> 24.14.81.195, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No.: 1:13-cv-06312 <br><br> Assigned to: <br> Honorable Geraldine Soat Brown <br> U.S. District Judge |

**PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION OF COURT'S PROTECTIVE ORDER AUTHORIZING DEFENDANT TO PROCEED ANONYMOUSLY [CM/ECF 17] AND REQUEST FOR EXPEDITED TELEPHONIC HEARING**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, hereby moves for an Order clarifying this Court's entry of a protective order allowing Defendant to proceed anonymously [CM/ECF 17], and requests a telephonic hearing regarding same, and in support states:

1. On October 29, 2013, this Court entered a protective order allowing Defendant to proceed anonymously through the dispositive motion stage of litigation in this case.

2. Presently, five of Defendant's neighbors are scheduled to be deposed on June 10, 2014, and Defendant's spouse is scheduled for deposition the following day. In order to conduct complete discovery of relevant information and adequately prepare for trial, Plaintiff must disclose Defendant's identity to Defendant's spouse and neighbors during the depositions.

3. Federal Rule 26(b) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b). This rule has "been construed broadly to encompass any matter that bears on, or that reasonably

could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). Specifically, "the deposition-discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947).

### A. DEPOSITIONS OF THE NEIGHBORS

4. Plaintiff knows that an individual using Defendant's internet connection infringed its works.

5. Defendant's denial of infringement and statement "that a person outside of [Defendant's] household was making use of [Defendant's] internet connection[,]" makes depositions of the neighbors highly relevant. *See* Defendant's Second Supplemented Answers to Malibu's First Set of Interrogatories,[1] pp 7. Indeed, the depositions will be used to test the veracity of Defendant's defense.

6. Specifically, Plaintiff will request information regarding Defendant's own investigation of the alleged unauthorized use of his internet, conversations the neighbors had with Defendant regarding the alleged unauthorized use of Defendant's internet, the distance between Defendant's home and each deponent, if the deponents have their own internet service, and if any deponent ever used Defendant's internet connection.

### B. DEPOSITION OF DEFENDANT'S SPOUSE

7. Defendant's spouse had access to Defendant's internet during the period of recorded infringement. Therefore, the deposition of Defendant's spouse is also relevant.

8. Through the deposition of Defendant's spouse, Plaintiff will attempt to discover details regarding: (1) the household internet setup, (2) spouse's internet interests and habits, (3)

---

[1] Defendant's Second Supplemented Answers to Malibu's First Set of Interrogatories are not attached as an exhibit to the instant motion because they contain Defendant's identity and are therefore subject to this Court's protective order. Plaintiff will produce this document upon request.

Defendant's internet interests and habits, (4) Defendant and spouse's joint internet interests and habits, (5) possible BitTorrent use, (6) notifications received from ISP regarding infringement, (7) spouse's investigation into who used Defendant's internet to commit the infringement, (8) conversations between spouse and Defendant regarding this law suit.

9. In order to conduct complete discovery of relevant information and adequately prepare for trial, Plaintiff must disclose Defendant's identity to all third-party deponents during the depositions.

10. As Plaintiff understands it, the Court's protective order allowing Defendant to proceed anonymously through the dispositive motion stage of litigation pertains to all public filings *only*.

11. However, the Court's protective order allowing Defendant to proceed anonymously was unclear regarding the disclosure of defendant's identity to deponents.

12. Based on recent email exchanges between undersigned and defense counsel, it is clear that the parties disagree regarding the intent of this Court's protective order. *See* Exhibit A. As Plaintiff understands it, Defendant maintains that the Court's protective order is applicable in all circumstances – in both public filings and private discovery. Inversely, Plaintiff believes that the Court's protective order applies to public filings *only*, and therefore, Plaintiff is entitled to disclose defendant's identity to conduct private discovery during depositions.

13. To avoid a costly and unnecessary discovery dispute between the parties, Plaintiff seeks clarification of this Court's entered protective order [CM/ECF 17]. Specifically, Plaintiff seeks clarification which would allow it to disclose Defendant's identity to all third-party deponents.

14. Plaintiff agrees to designate the deposition transcripts as confidential under the Court's protective order.

15. Pursuant to Local Rule 37.2, on June 2, 2014 at 11:23 am, 2:29 pm., 5:06 pm., and 5:36 pm. EST, undersigned called defense counsel to further discuss the issues raised in the instant motion. Although defense counsel was out of the office, undersigned left numerous voicemails. Again on June 3, 2014 at 10:13 am. EST, undersigned called defense counsel's office and was unable to reach defense counsel.

16. Undersigned's office is located in Michigan. Additionally, the parties are scheduled to travel to Chicago, IL for depositions[2] and a status conference[3]. In light of the forgoing, Plaintiff respectfully requests this Court schedule an expedited telephonic hearing regarding the instant motion.

WHEREFORE, Plaintiff respectfully requests an Order clarifying this Court's protective order [CM/ECF 17] which would allow Plaintiff to disclose Defendant's identity to any and all third-party deponents and requests an expedited telephonic hearing regarding same. A proposed order is attached for the Court's convenience.

---

[2] The depositions are scheduled for June 10th and 11th.
[3] The status conference for the case at bar is scheduled for June 10, 2014.

Dated: June 3, 2014

                                                       Respectfully submitted,

                                                       NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
       Paul J. Nicoletti, Esq. (P44419)
       33717 Woodward Avenue, #433
       Birmingham, MI 48009
       Tel: (248) 203-7800
       E-Fax: (248) 928-7051
       Email: pauljnicoletti@gmail.com
       *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2014, a copy of the foregoing document was served by email on the individuals listed below.

Jonathan LA Phillips, Esq.
418 Fulton St.
Ste. 255
Peoria, IL 61602
E-mail: jphillips@skplawyers.com
*Attorney for Defendant*

                                                       By:  /s/ *Paul J. Nicoletti*