UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 13 C 6312 |
| ) | |
| v. ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| JOHN DOE, subscriber assigned to IP ) | |
| address 24.14.81.195, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is plaintiff Malibu Media's Second Amended Motion to Seal its Motion for a Protective Order. (Pl.'s 2d Am. Mot. Seal.) [Dkt 72.] Defendant has filed a response (Def.'s Resp.) [dkt 76] and Malibu has filed a reply (Pl.'s Reply) [dkt 77].[1] For the following reasons and as detailed below, Malibu's motion is granted in part and denied in part.

### Background

The motion to seal presently before this court has its genesis in written discovery served by defendant John Doe. Malibu initially declined to respond to certain discovery requests served by defendant unless he stipulated to a protective order. (*See* Dkt. 27, Ex. A.) The court ordered Malibu to respond and instructed Malibu to move for entry of a protective order if it wanted confidentiality

---

[1] The parties have consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636. [Dkt 22.]

in discovery, but directed defendant to keep the responses confidential pending filing of Malibu's anticipated motion . (Order, Jan. 22, 2014.) [Dkt 31.]

Malibu filed a motion for protective order (Pl.'s Mot. Prot. Order) [dkt 41], along with a motion seeking to file the motion for a protective order under seal (Pl.'s First Mot. Seal) [dkt 38]. The motion for leave to file under seal stated, "[t]o explain its good cause basis for seeking a protective order, [Malibu] set forth highly confidential and disturbing information. The only way to evaluate this contention is to read the paper which speaks for itself. [Malibu] is confident that the Court will agree it should remain sealed." (*Id*. at 1.)

The docket entry for Malibu's motion for a protective order, which was submitted to the court's electronic docketing system by Malibu's counsel and is available to the public, describes the motion as follows:

> SEALED DOCUMENT by Plaintiff Malibu Media LLC (Attachments: # 1 Exhibit A Jane's Docket, # 2 Exhibit B Twitter Stalking, # 3 Exhibit C MLK Twitter, # 4 Exhibit D Attorneys' Pages, # 5 Exhibit E Twitter False Child Pornography Claims, # 6 Exhibit F Ventura County, # 7 Exhibit G Sanctions Emails, # 8 Exhibit H Counsel's Tweets With Hate Groups, # 9 Exhibit I Paige Declaration, # 10 Exhibit J Fields Declaration, # 11 Exhibit K Lipscomb Declaration)(Schulz, Mary) (Entered: 02/12/2014).

The court allowed Malibu to place its motion for a protective order under seal while that motion was under advisement. (Order, Feb. 13, 2014.) [Dkt 42.]

Malibu's motion for protective order did not focus on the disputed discovery issues pending before the court at the time. Instead, Malibu asked the court to enter a protective order based on alleged harassment of plaintiff and plaintiff's attorneys. To support its motion, Malibu elected to include copies of certain materials publically available, such as a portion of a publicly available federal court docket sheet from another case (dkt 41, Ex. A), posts on Twitter (*id*. at 2-5, 7-8, Exs.

2

B, C, E, F, and H), and screenshots from other publicly accessible Internet websites (*id*. at 9, Exs. B, C, D, F, and H). In addition, Malibu attached copies of emails sent to its counsel by non-parties and defendant's counsel. (*Id*., Exs. B & G.) As relief, Malibu asked the court to enter the Northern District of Illinois' Model Confidentiality Order. (*Id*. at 15.) Malibu made many accusations about opposing counsel, but did not state whether defendant opposed the entry of the Model Confidentiality Order to govern discovery in this case. As it turned out, defendant did not oppose it.

On March 14, 2014, non-party Excipio GbmH (the entity whose software was used to investigate defendant's alleged infringement) filed a motion for leave to intervene so it could seek the entry of a protective order covering certain business information. (Excipio Mot.) [Dkt 46.] During a status hearing on March 19, 2014, the court directed the parties to file a joint motion for a protective order addressing both Malibu's and Excipio's requests for protective orders. (Order, Mar. 19, 2014.) [Dkt 53.] In response, the parties filed a renewed joint motion for a protective order (Joint Mot. Prot. Order.) [Dkt 57.] The parties agreed on all of the terms except terms regarding Excipio's computer programming "source code." (*Id*. at 2.) The court held that it was premature to address language suggested by Excipio regarding protection of its source code and noted that, aside from that issue, the parties' suggested language did not differ significantly from each other or from the court's Model Confidentiality Order. (Order, Apr. 7, 2014, at 2-3.) [Dkt 63.]

The court then stated:

> [P]laintiff's motion for protective order dealt less with the discovery in this case than with other situations involving plaintiff and plaintiff's attorneys. The court allowed plaintiff to file the motion under seal while the motion was under advisement. The Seventh Circuit, however, has been clear that "[d]ocuments that affect the disposition

3

of federal litigation are presumptively open to the public." *Goesel v. Boley Intl. (H.K.) Ltd.*, 738 F. 3d 831, 833 (7th Cir. 2013) (quotation and citations omitted).

> When [litigants] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property.

*Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). There are exceptions to the presumption that court records must be public, but the party seeking to remove from the public viewing material that is on the court's docket must demonstrate that the material justifies an exception. *See, e.g., Goesel*, 738 F.3d at 833.

> Plaintiff's motion was filed to persuade the court to enter a protective order, and the court is now acting on that motion. Upon review, the court questions whether all of plaintiff's motion is entitled to remain under seal under the Seventh Circuit's standards. Accordingly, no later than April 17, 2014, plaintiff may file an amended motion to seal its motion for protective order, identifying *any specific portions* of the motion that plaintiff believes justify sealing under Seventh Circuit standards, and explaining why they meet the standards. If plaintiff fails to file such an amended motion, the Clerk of the Court will be instructed to place the plaintiff's motion for protective order on the public record.

(Order, Apr. 7, 2014, at 3-4, emphasis added.)

In response to that order, Malibu filed a renewed motion to seal its motion for a protective order, requesting that the entire "Facts" section of its motion for protective order and virtually every other factual assertion be redacted from the public version. (Pl.'s Am. Mot. Seal, Ex. A.) [Dkt 67.] The court denied that motion without prejudice in open court. (Order, Apr. 22, 2014.) [Dkt 71.] The court observed that the protective order ultimately entered tracked the court's Model Confidentiality Order, raising a question about why Malibu chose to draft its motion for a protective order in the way it did. Reminding Malibu that the public has a presumptive right to access Malibu's filings because they were submitted to influence a judicial decision, the court said that there was no basis to seal the entire "Facts" section of Malibu's motion for a protective order. In response to a

4

plea from Malibu's counsel, the court gave Malibu permission to file yet one last motion to seal *specific portions* of its motion for protective order, but warned that the court saw no reason why the bulk of Malibu's motion for a protective order would not be on the public record.

Malibu then filed the pending motion – its second amended motion to seal its own motion for a protective order. (Pl.'s 2d Am. Mot. Seal.) Malibu wants to maintain the seal on approximately two-thirds of its earlier motion: roughly 10 pages of a motion that has 15 pages of text. Despite the court's finding that there was no basis to seal the entire "Facts" section, Malibu again asks to keep the entire "Facts" section under seal. It also seeks to maintain the seal on 34 out of 39 pages of the supporting exhibits.

**Discussion**

Waiver

Malibu first argues that defendant waived his right to challenge the seal by not objecting to Malibu's original request to file its motion for a protective order under seal. (Pl.'s Reply at 1.) Relatedly, Malibu states that the attorney who represents defendant in this case did not object to the sealing of a similar motion for a protective order filed in *Malibu Media, LLC v. Tashiro*, 1:13-cv-00205 (S.D. Ind.), and argues that an order unsealing the motion for a protective order would "undermine" the fact that Malibu's motion for a protective order in *Tashiro* is currently under seal. (*Id.* at 6.)

Malibu's waiver argument is misplaced; the court, not defendant, questioned whether sealing all of Malibu's motion for a protective order was proper under Seventh Circuit standards. (Order, Apr. 7, 2014.) Defendant's acquiescence in sealing another filing in another case – even a similar

5

filing – does not prevent this court from reviewing the question in light of the record in this case and the facts before this court. Malibu has not suggested that any other court has issued an opinion about sealing its motion for protective order that this court can review for persuasive value. Thus, this court will evaluate the question under established Seventh Circuit precedent. Malibu's arguments about waiver and proceedings in the *Tashiro* case are unavailing.

### The Public's Presumptive Right of Access

Next, Malibu contends that the majority of its motion for a protective order should remain sealed despite the public's presumptive right of access. (Pl.'s 2d Am. Mot. Seal at 3-4.) Malibu argues that "the materials at issue do not form the basis of the parties' dispute and therefore they are not subject to the presumption of openness." (*Id*. at 1.) Malibu notes the Seventh Circuit's statement that "the presumption of public access applies only to the materials that formed the basis of the parties' dispute and the district court's resolution; other materials that may have crept into the record are not subject to the presumption." (*Id*. at 3, citing *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (internal quotations and italics omitted)). In order to fit into this argument, Malibu now characterized the "Facts" section of its motion for protective order as "tangential," and claims that it is "material that crept into the record." (Pl.'s 2d Am. Mot. Seal at 3-4.) At the same time, however, Malibu states that it filed its motion for a protective order to induce the court to grant its requested relief. (*See id*. at 1 (the motion was filed "only to demonstrate the need for a protective order in this case"); 3 ("the Exhibits filed in support of Plaintiff's Motion for a Protective Order and the 'Facts' section of the Motion for a Protective Order which describes and explains the exhibits

6

are materials that were included solely in order to demonstrate the necessity for a discovery protective order." ).)

That argument is internally inconsistent. The facts in Malibu's motion for a protective order and discussion of those facts cannot be "tangential" *and* simultaneously explain why Malibu believed that the court should grant its request to enter a protective order. Similarly, it is doublespeak for Malibu to suggest that the fact section and supporting exhibits "were included solely in order to demonstrate the necessity for a discovery protective order" but "[o]utside of this context, they have no bearing on the Court's ultimate resolution of the dispute between the parties" and are thus not subject to the presumption of public access. (*Id*. at 3-4.) The issue before the court at that time was whether to grant Malibu's request for a protective order. As such, the materials Malibu chose to file to persuade the court to grant the requested relief were necessarily intended to affect the court's disposition of Malibu's motion.

The court ultimately concluded that the contents of Malibu's motion for a protective order appeared to be remote from the protective order that was ultimately entered, but that fact does not defeat the presumption of access. As the Seventh Circuit recently explained, "[s]ecrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014); *see also In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."); *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir.

2000) ("Many a litigant would prefer that the subject of the case . . . be kept from the curious . . . , but the tradition that litigation is open to the public is of very long standing.").

The facts in Malibu's motion and Malibu's discussion of those facts did not "creep" in to the record, as Malibu now suggests. Malibu's counsel deliberately drafted them and put them on the record, stating that "[t]o explain [Malibu's] good cause basis for seeking a protective order," it was necessary to "set forth highly confidential and disturbing information" in the motion for a protective order. (Pl.'s First Mot. Seal at 1.) Having made that decision, Malibu's current claim that the majority of its motion was not filed with the intent to influence the court is unpersuasive. Malibu's contention that its motion "is of no consequence to the public" (Pl.'s Reply at 2) is similarly unpersuasive because the propriety of a continued seal does not turn on a litigant's views about the degree of interest that members of the public may have in a filing.

Attorney-Client Privilege

Malibu asserts that Section E of its motion for a protective order and the corresponding portion of the table of contents in the motion are protected by the attorney-client privilege because they mention "future legal actions that [Malibu] intends to bring." (Pl.'s 2d Am. Mot. Seal. at 5; Pl.'s Reply at 5.) That argument borders on frivolous. The purpose of the attorney-client privilege is to protect confidential communications with one's own attorney.

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*U. S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (quoting 8 Wigmore, Evidence § 2292).

8

Here, defendant's counsel has seen an unredacted version of Malibu's brief. There is no suggestion that, prior to filing the motion, Malibu extracted from defendant and his counsel an agreement that they would not reveal to others the communication disclosed in that brief. On the contrary, in its original motion for a protective order Malibu asked for "a sealed order preventing opposing counsel and Defendant from talking about the contents of this Motion . . . with *anyone*." (Pl.'s Mot. Prot. Order at 14, emphasis in original).

Malibu argues that its inclusion of this information in its brief is akin to disclosure to a government agency, which has sometimes been characterized as a "selective" waiver of privilege. (Pl.'s 2d Am. Mot. at 5 (citing, *inter alia, Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 244 F.R.D. 412, 432 (N.D. Ill. 2006). Malibu cites no cases, however, in which a court concluded that the privilege was maintained notwithstanding the fact that the holder of the privilege disclosed the communication in a brief filed with the court.

Undue Harm and the Potential for Harassment

The presumption of public access to court filings is not absolute. The court may seal confidential information, such as trade secrets, or allow a party to litigate using a pseudonym if there are compelling reasons of personal privacy. *GEA Group*, 740 F.3d at 420; *Goesel*, 738 F.3d at 833. Malibu does not suggest that the trade secret exception applies, and the pseudonym exception is inapplicable.

Malibu contends, however, that unsealing its motion for a protective order will cause it undue harm and lead to harassment of Malibu's principals and its counsel. In support, Malibu directs the court's attention to *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008

9

(N.D. Ill. 2003) (stating that portions of filed documents may be kept under seal if disclosure would "cause undue private or public harm if disclosed, as by invading personal privacy gratuitously").

The problem with that argument is that Malibu itself filed the motion it now claims as a gratuitous invasion of its privacy. *Compare Directory Concepts, Inc. v. Fox*, No. 1:08-CV-225, 2008 WL 5263386 at *7 (N.D. Ind. Dec. 16, 2008) (disclosure of non-party private information would "unfairly and gratuitously invade the privacy of [the] non-parties"). As discussed above, Malibu through its counsel intentionally interjected asserted facts into these proceedings in order to persuade the court to rule in its favor. To the extent that disclosure of those facts will negatively impact Malibu's principals or attorneys (an issue which the court need not reach), this situation is of Malibu's own making.

Malibu also raises the related argument that it is unfair to allow defendant to avoid harassment by proceeding under a pseudonym but refuse to allow sensitive information about Malibu and its counsel to remain under seal. (Pl.'s 2d Am. Mot. Seal. at 4-5, 7-8, , Pl.'s Reply at 3-4.) That argument is similarly flawed. Defendant Doe did not choose to be named as a defendant in this copyright infringement action. Malibu, on the other hand, wrote and filed its motion for a protective order – which largely discusses materials that are publically available, such as information on the Internet – to serve its own ends. Malibu's principals and counsel, therefore, are not analogous to Doe.

Malibu's final argument is that when balancing the importance of disclosure to the public against the harm it would suffer if its motion to seal is denied, the equities favor maintaining the seal. (Pl.'s 2d Am. Mot. Seal. at 6-7.) In support, Malibu posits that "the importance of disclosure to the public is minimal" and asserts that "[t]here is simply no need to divulge the specific contents of

Plaintiff's Motion to the members of the public who will only use it as an invitation to continue engaging in the sorts of behavior identified in the Motion." (*Id*. at 6-7.) Malibu also characterizes its motion for a protective order as a "side matter that has minimal, if any, implications for the administration of justice in this case." (*Id*. at 7.)

The Seventh Circuit, however, "has insisted . . . that the judicial proceedings held, and evidence taken, on the way to a final decision also are presumptively in the public domain." *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995). Moreover, if a party claims that injury will result from publicly disclosing certain information, it must point to specific facts supporting this contention. *See In re Bank One Sec. Litig.*, 222 F.R.D. 582, 588 (N.D. Ill. 2004) (citing *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Here, Malibu's contention that the public will use the "specific contents of [its] Motion . . . as an invitation to continue engaging in the sorts of behavior identified in the Motion" (Pl.'s 2d Am. Mot. Seal. at 6-7) ignores the fact that the information Malibu seeks to seal largely consists of information that is already available publically (such as Internet web pages) and unprivileged communications with opposing counsel. Malibu has not explained how reading its motion summarizing this information differs from reading the same information elsewhere.

To the extent that some of the materials referenced in the motion, such as emails, are not publically available, these materials appear in Malibu's filing because Malibu elected to include them to persuade the court. If Malibu wanted to keep these emails private, it should have refrained from including them in its motion for a protective order. This is especially true because the emails do not relate to a specific dispute about the terms of a protective order for this case. Having chosen

to air its laundry for strategic reasons, Malibu cannot now claim that the materials at issue should be shielded because the public has "no legitimate need" for the information. (Pl.'s Reply at 3.)

> When [litigants] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. . . . Judges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.

*Union Oil Co.*, 220 F.3d at 568 (internal citations omitted).

The gravamen of Malibu's motion for a protective order was that its principals and counsel are the subject of an ongoing and long-standing negative Internet campaign. The current motion fails to provide a non-speculative basis upon which the court can conclude that this negative campaign would lessen or cease if it granted Malibu's motion to seal. Thus, the equities do not support maintaining the seal as requested by Malibu.

There are, however, certain parts of Malibu's motion for protective order that justify protection from public disclosure, specifically, the following.

First, to the extent that the short Section E tends to reveal what Malibu asserts is a possible future legal action, Malibu fears that disclosure will likely lead to spoliation of evidence. (Pl.'s 2d Am. Mot. Seal. at 6.) Having reviewed the material, the court concludes that the few lines discussing that topic may be redacted in the public version, that is, page 14, the first three sentences (from "Plaintiff" through "on-going.") and in the fourth sentence, the word "or" through the word before "with"; and page 15, the first full sentence (from "Indeed" through "spoliation."), as well as the title of the section on page 14 and in the Table of Contents.

Second, part of Malibu's "Facts" section and an exhibit refers to a minor child. Malibu may redact Section 1(b) of its "Facts" section in its entirety (the last paragraph of page 2, which carries over to page 3), as well as the title of that section that appears on page 2 and the Table of Contents that refers to that section, Exhibit B-3, and Exhibit B-4 and the Internet cite included in that exhibit.

Third, Malibu may also redact the dollar amount that appears on page 14, twelfth line, indicating an amount that Malibu pays a provider.

**Conclusion**

Accordingly, Malibu shall file no later than June 11, 2014, a public version of its motion for a protective order [dkt 41 and exhibits thereto] which may redact the specific portions stated above. In all other respects, Malibu's second amended motion to seal is denied.

                                                Geraldine Soat Brown
                                                United States Magistrate Judge

June 4, 2014