## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No.: 1:13-cv-06312 |
| | ) | |
| v. | ) | Assigned to: |
| | ) | Honorable Geraldine Soat Brown |
| JOHN DOE subscriber assigned IP address | ) | U.S. District Judge |
| 24.14.81.195, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM TO ITS MOTION FOR ENTRY OF AN ORDER AUTHORIZING COMCAST TO COMPLY WITH A THIRD PARTY SUBPOENA

**I.      INTRODUCTION**

Plaintiff, Malibu Media, LLC ("Plaintiff") submits the following supplement in support of its Motion for Entry of An Order Authorizing Comcast to Comply with a Third Party Subpoena [CM/ECF 78] pursuant to your Honor's hearing on June, 4, 2014.

To combat copyright infringement, after notification of infringement from a copyright holder, Comcast Cable sends DMCA notices to its users pursuant to 17 U.S.C. 512(c).   Further, under Comcast's Copyright Alert System, after notification from a copyright owner of a user's copyright infringement via a peer-to-peer file sharing program, Comcast sends the user a six strike notice alerting the user of the infringement.   If the Defendant received any notice of infringement pursuant to 17 U.S.C. 512(c) or under Comcast's Copyright Alert System, these notices are relevant because they demonstrates Defendant's history infringing copyrighted content, knowledge that infringement was taking place through his wireless Internet, and history

1

of using a peer-to-peer file sharing program. At your Honor's request, a copy of Plaintiff's Third-Party Subpoena to Comcast is attached hereto as Exhibit A.

For the foregoing reasons, as explained for fully below, Plaintiff respectfully requests the Court grant its Motion for Entry of An Order Authorizing Comcast to Comply with a Third Party Subpoena.

## II.    DIGITAL MILLENNIUM COPYRIGHT ACT

The Digital Millennium Copyright Act (DMCA) is a United States copyright law implemented as a reaction to an increase of digital copyrighted material. Neil A. Benchell, *The Digital Millennium Copyright Act: A Review of the Law and the Court's Interpretation*, 21 J. Marshall J. Computer & Info. L. 1, 3 (2002). "The DMCA was passed, in part, to encourage cooperation between copyright owners and [service providers] in protecting copyrighted material." Lawrence F. Rozsnyai, *Easy Come, Easy Go: Copyright Infringement and the Dmca's Notice and Takedown Provision in Light of Rossi v. Mpaa*, 2 Shidler J. L. Com. & Tech. 15 (2006). A "service provider" is defined as "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received." 17 U.S.C.A. § 512(k). This definition does not just include internet service providers, but also notable entities such as Google, Yahoo, You Tube, etc.

The DMCA was intended to provide service providers with certain immunity from liability while at the same time balancing the copyright owners' need to protect its copyrights in the face of digital piracy. "ISPs were only shielded from monetary and injunctive liability in exchange for their assistance in identifying subscribers who engage in acts of piracy over their networks and in removing or disabling access of infringers to protected works when technically

possible." *In re Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 782 (8th Cir. 2005). Of significant note, Subsection 512(c) provides that a service provider will not be liable for copyright infringement if it timely aids the copyright owner in removing infringing content. Specifically, if a service provider, after notification of infringement from a copyright owner, "responds expeditiously to remove, or disable access to, the material that is claimed to be infringing[,]" the service provider will not be liable for infringement. 17 U.S.C. 512(c). In order for the foregoing provision to apply, a copyright owner must properly, under the specifications outlined in 17 U.S.C. 512(c)(3) notify the service provider of the infringing content.

Plaintiff, along with hundreds of thousands of other copyright holders, sends hundreds, if not thousands of DMCA notices *weekly* to service providers. This is necessary in order to combat online piracy. Some copyright holders, including major motion pictures and recording studios, send DMCA notices to major cable providers such as Comcast and Verizon. According to Comcast's website, after receiving a notice of claimed infringement, Comcast "will respond expeditiously to either directly or indirectly (i) remove the allegedly infringing work(s) stored on the Service or the Personal Web Features or (ii) disable access to the work(s)."[1] "Comcast will also notify the affected customer or user of the Service of the removal or disabling of access to the work(s)." *Id.* Comcast's Digital Millennium Copyright Act (DMCA) response policy continues to notify subscribers by email and US mail regarding allegations of infringement.

In this case, Plaintiff has evidence that Defendant is a persistent online infringer of its works. Additionally, Plaintiff's expanded surveillance implicates Defendant as an infringer of third-party content. Plaintiff is requesting the DMCA notices sent by Comcast to Defendant to demonstrate Defendant's history infringing copyrighted content and that Defendant had

---

[1] http://www.comcast.com/Corporate/Customers/Policies/HighSpeedInternetAUP.html

knowledge that infringement was taking place through his wireless Internet.

### III. SIX STRIKES NOTICES SENT VIA THE COPYRIGHT ALERT SYSTEM

In an attempt to further combat piracy, the RIAA (Recording Industry Association of America), MPAA (Motion Picture Association of America), media corporations, and the major ISPs (AT&T, Cablevision, Time Warner, Verizon, and Comcast Cable) joined together to create a system similar to the DMCA notification process where Internet consumers would be notified of their piracy use and warned to discontinue infringing copyright holder's content or face some level of consequence. *See* Rachel Storch, *Copyright Vigilantism*, 16 Stan. Tech. L. Rev. 453, 465 (2013). Through this system, "ISPs will send up to six email warnings to holders of accounts allegedly used for illegal downloading, urging them to stop. Users who ignore the warnings may face 'mitigation steps,' which could include 'throttling,' or the temporary slowing of a customer's Internet bandwidth, or such measures as mandatory copyright re-education." *Record Companies, Major ISPS Agree to 'Six Strikes' Plan*, Westlaw Journal Computer and Internet, 2011 WL 2909112 (WJCOMPI), 1.

This system, titled "six strikes" or the "Copyright Alert System" ('CAS") is managed by the Center for Copyright Information (CCI). *Graduated Response American Style: "Six Strikes" Measured Against Five Norms*, 23 Fordham Intell. Prop. Media & Ent. L.J. 1, 27 (2012). At its core, the CAS is a system designed to alert, educate, and deter Internet subscribers "based on accusations of BitTorrent and peer-to-peer file sharing use[d] to distribute copyrighted material from a list of specific entertainment corporations and their CAS registered content."[2] Comcast, a participant in the CAS, "sends a Copyright Alert to customers when Comcast has received a notice from a copyright owner … stating that it believes [the customer] may have wrongly downloaded or made available for others to download its copyrighted content … via a peer to

---

[2] http://en.wikipedia.org/wiki/Copyright_Alert_System

peer file sharing program[.]"[3]

Like with DMCA notices, Plaintiff requests leave to subpoena Comcast in order to receive records of any six strikes notices sent to Defendant to demonstrate that Defendant is a persistent infringer of copyrights through peer to peer systems and had knowledge that the infringement was taking place through his wireless Internet.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant its Motion for Entry of An Order Authorizing Comcast to Comply with a Third Party Subpoena.


Dated:  June 6, 2014

                                             Respectfully submitted,

                                             NICOLETTI LAW, PLC

                            By:      /s/ Paul J. Nicoletti
                                     Paul J. Nicoletti, Esq. (P44419)
                                     33717 Woodward Avenue, Ste. #433
                                     Birmingham, MI 48009
                                     Tel:  (248) 203-7800
                                     Fax:  (248) 203-7801
                                     E-Fax: (248) 928-7051
                                     Email:  paul@nicoletti-associates.com
                                     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                            By:      /s/ Paul J. Nicoletti

---

[3] http://customer.comcast.com/help-and-support/internet/what-is-copyright-alert