**Exhibit G**

**G-1**

> From: Jonathan Phillips <jphillips@skplawyers.com>
> Subject: Rule 11 Safeharbor
> Date: January 11, 2014 7:29:49 PM CST
> To: Mary Schulz <schulzlaw@me.com>
>
> Ms. Schulz:
>
> Please take this email to serve as advanced notice that I will be issuing you a Rule 11 safe-harbor provision notification in the near future. It will regard the Complaint, and I will be asking that you dismiss the case and pay my client's fees and costs (pursuant to any agreed dismissal).
>
> Sincerely,
>
> Jonathan LA Phillips
> Shay Kepple Phillips, Ltd.
> Twin Towers Plaza
> 456 Fulton Street, Suite 255
> Peoria, IL 61602
> 309-494-6155
> 309-494-6156 (fax)

**G-2**

> From: Jonathan Phillips <jphillips@skplawyers.com>
> Date: Sat, Jan 11, 2014 at 8:30 PM
> Subject: Rule 11 Safeharbor
> To: Paul Nicoletti <pauljnicoletti@gmail.com>
>
> Mr. Nicoletti,
>
> Please take this email to serve as advanced notice that I will be issuing you a Rule 11 safe-harbor provision notification in the near future. It will regard the Complaint, and I will be asking that you dismiss the case and pay my client's fees and costs (pursuant to any agreed dismissal).
>
> Sincerely,
> Jonathan LA Phillips
> Shay Kepple Phillips, Ltd.
> Twin Towers Plaza
> 456 Fulton Street, Suite 255
> Peoria, IL 61602
> 309-494-6155
> 309-494-6156 (fax)

**G-3**

From: Jonathan Phillips <jphillips@skplawyers.com>
Date: Wed, Jul 10, 2013 at 11:27 AM
Subject: Follow Up On Our Mutual Cases
To: Paul Nicoletti <pauljnicoletti@gmail.com>

Paul:

It was a pleasure meeting you the other day. As we noted yesterday, I have not received settlement demands in either case thus far. I just wanted to provide some insight regarding my position on same. Of course, I have an ethical duty to relay any and all settlement offers to my client.

I noted that the base damage award in the Bellwether trial was $750.00. This damage was increased only due to findings relating to the conduct of that defendant. Not only that, but the defendants had all actually committed the acts.

Of course, you will not know that my clients did not commit the acts until the E-discovery has been reviewed. As you can imagine, if it pans out that it was not my clients, we will be seeking all of our attorney's fees under the Copyright Act Sec. 505. Also, in the mean time, in am going to be requesting that Malibu be forced to post bond in the cases, to make it easier to collect those attorney's fees.

As these cases flesh out, and more innocents challenge the issues - obviously your client may not be a Prenda Law situation - I imagine the idea of reasonable investigation under Rule 11 may arise as well - as touched on by Judge Wright - and sanctions for attaching Exhibit C are a possibility. See e.g. Recent Order in 3:13-cv-00205-slc in the W.D. Wis.

In short, these are the factors we will be considering when we receive any sort of settlement demand. As you can imagine, unless the number is very low, I will likely recommend my client's reject the same, and we simply invest in defeating the case and recoup their costs on the back-end. I will uncover all stones in securing that recoupment of costs for my client if necessary.

Best,

Jonathan LA Phillips

**G-4**

On Thu, Jan 23, 2014 at 4:08 PM, Jonathan Phillips <jphillips@skplawyers.com> wrote:
Ms. Schulz:

Please note that I have been retained by the Doe in the Northern District of Illinois Case number ██████████. This Doe has an IP Address of ██████████.

My client has not downloaded the film in question. ████████████████████████████
████████████████████████████████████████████████████████████████.

Please note, that if we cannot reach reasonable agreement to settle this matter, I will file the following: A Motion to Proceed Anonymously; A Motion to Quash Subpoena - based on unlawful contingent fee agreements & unlawful activities of IPP; A Motion to Vacate the Court's Ex Parte Order - for the same reason as the Quash; and a Motion for Sanctions under Sec. 1927. Of course, the last one will require me to discuss you simply withdrawing the case, but, I imagine if we cannot settle the case, your client certainly won't dismiss it.

████████████████████████████████████████████████████████

Thank you,
Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155

**G-5**

From: Jonathan Phillips <jphillips@skplawyers.com>
Subject: Malibu v. Doe | New Case | ▇
Date: January 23, 2014 4:08:41 PM CST
To: Mary Schulz <schulzlaw@me.com>

Ms. Schulz:

Please note that I have been retained by the Doe in the Northern District of Illinois Case number ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

My client has not downloaded the film in question. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Please note, that if we cannot reach reasonable agreement to settle this matter, I will file the following: A Motion to Proceed Anonymously; A Motion to Quash Subpoena - based on unlawful contingent fee agreements & unlawful activities of IPP; A Motion to Vacate the Court's Ex Parte Order - for the same reason as the Quash; and a Motion for Sanctions under Sec. 1927. Of course, the last one will require me to discuss you simply withdrawing the case, but, I imagine if we cannot settle the case, your client certainly won't dismiss it.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Thank you,
Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255

**G-6**

From: Jonathan Phillips <jphillips@skplawyers.com>
Date: August 28, 2013, 12:53:12 PM EDT
To: Paul Nicoletti <pauljnicoletti@gmail.com>
Subject: Conclusion of Federal Rule 11 Conference

Mr. Nicoletti:

Thank you for speaking with me regarding the rule 11 issue. Again, I do not mean to drag you into this, but insofar as it is required to make my client whole, I will bring up all of your sanctions, your pleading the fifth in mortgage fraud matters, your failure to actually provide any reason for having a viable claim - other than the pleadings, and so on. I am putting you on notice of the same as a courtesy.

As this is a courtesy, I ask that you do not file a Motion to prevent me from doing so and engage in prior restraint. I have seen you file these motions in other cases, and they were denied.

The sanctions request will be against you and your client. The prevailing party request will be against the client alone. Perhaps you and your client can find a way to split the $15,848.79 that we will be requesting (as of right now).

This is our final settlement demand, and we require an answer prior to Friday at noon.

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255

3

**G-7**

On Jan 14, 2014, at 2:14 PM, Jonathan Phillips wrote:

Ms. Schulz:

It would be a Rule 11 Motion to have you withdraw the Complaint and dismiss the case. If your attitude is that you don't think it will do any good, that is fine, but I have serious concerns as to possible illegal conduct - giving rise to a *Himmell* obligation if confirmed, on top of the blatantly unethical conduct in this case.

Please consider my request to discuss these issues withdrawn as unlikely to yield any meaningful results.

Regards,

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

**G-8**

If forced to do so, we will show not only that no hard drive in the home contained any alleged file, but also that wireless ranges extended by signal boosters, a simple to crack password, and logs showing MAC address connections from outside the home. Further, I will seek sanctions re: the filing of Exhibit C and sanctions for the filing of a frivolous Complaint insofar as no IPP, Ltd based case has been filed based on evidence showing the download of the entire film, a *prima facia *requirement. With the tide turning in your cases in Wisconsin and then Northern District of Illinois, I expect that it shouldn't be that difficult to have a judge reach the same conclusions.

Frankly, this case is one that I would love to take to trial or summary judgment, as the evidence, and excessive amounts of it, falls squarely in my clients favor. However, most clients do not wish to wage a Quixotic battle (not re: the win, but the impracticality of doing so) unless forced to. Accordingly, the above offer is made.

*I await your response which is required by noon on October 25, 2013.*

Regards,
Jonathan LA Phillips

**G-9**

From: **Jonathan Phillips** <jphillips@skplawyers.com>
Date: Tue, Aug 27, 2013 at 8:28 PM
Subject: Malibu v. McSweeney
To: Paul Nicoletti <pauljnicoletti@gmail.com>

Mr. Nicoletti,

Please advise as to whether or not your client intends to compensate my client for his attorney's fees at this point for your ill-brought suit. If not, I will proceed as appropriate to obtain the same, including, if necessary, filing for sanctions under Rule 11.

Also, I would appreciate responses to emails and telephone calls.

Regards,

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

**G-10**

On Fri, Oct 4, 2013 at 2:08 PM, Jonathan Phillips <jphillips@skplawyers.com> wrote:
Mr. Nicoletti,

My client has authorized me to offer yours the chance to settle this matter for the [REDACTED]. This will be well below the amount of fees that you and/or your client would be responsible for if either of my client's Motions are successful. It would seem to me that hedging against this risk, and the possibility of having sanctions issued - with other Defendants then seeking them, would be worth the settlement.

I attempted to call you to discuss this offer. As per usual, your phone line is not properly working, or my calls are somehow blocked. You are welcome to call me up until 4:30 PM Central (5:30 PM your time) to discuss this offer.

Regards,

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
309-494-6155
309-494-6156 (fax)

5

## G-11

*Your implication that attorney's fees are not appropriate*

You also stated that without my supplying you exonerating information, you believe you can simply dismiss the case without being liable for my client's attorney's fees for suing the wrong person. Fees have accumulated due to Malibu's failure to meaningfully participate in this process, and resolve its mistake quickly, not because of my client's behavior.

As you are aware, you have been apparently briefing cases regarding to sanctions motions for Exhibit C's filed in a case rather than complying with the Court's Order of 10/25/13. Despite my repeated attempts to secure compliance, I was forced to begin drafting a motion for rule to show cause to secure compliance. My repeated attempts at emailing and calling you to prevent blowing past a deadline, which you did as of yesterday, was not my client's fault.

## G-12

On Thu, Jan 16, 2014 at 5:41 PM, Jonathan Phillips <jphillips@skplawyers.com> wrote:
Paul:

Accusing my client of spoliation without support is quite a jump. How someone would purposefully corrupt a hard drive - rather than simply erase it - is beyond the technical skills of my client. Further, the drive was a decade old, and likely just failing. If you file a claim for spoliation without adequate investigation, I will file for Rule 11 sanctions and dismissal.

However, as you will see, the dates all represent date of purchase through while they were in the home. Perhaps we over-encompassed what you meant by "used," but considering it was sitting around storing data, it was being "used" in that sense. This naturally follows with the fact we identified a drive of another (deceased) person that was being "used" because it was storing data for Ms. Tashiro's later use if she ever wanted it. You failed to supply a definition of what you meant by "use." The simple fact of the matter is that that drive has been sitting around collecting dust, not being interacted with by my client, but storing data, and thus, was being used. I will amend for clarification as to the same.

I hope this clears things up.

6

**G-13**

As to how you handle these cases, versus the others I've handled and the dozens I keep the pulse on, all I have seen is repeated requests for some sort of proof that we both know cannot be provided, as three times over to obey a Court order of 10/25/13 - failing to consult in a timely manner, failing to provide a status report, failing to consult on discovery, yet, found time to file dozens more cases and defend itself against *sua sponte* sanctions issues. Further, your client has completely failed to make any sort of counter-offer for settlement. This fact alone shows that it is not serious about keeping costs down. Honeslty, I cannot even get a signed copy of the consent to proceed before a magistrate.

In conclusion, while it is my intention to not run up costs, I am here to advocate for my client. Please consider the discovery lawfully served and I am expecting full and complete responses as follows:

- Interrogatories - Due Friday December 27, 2013
- Request to Produce - Due Friday December 27, 2013
- Requests to Admit - Due Monday December 30, 2013 (holidays & weekends provide more than 30 calendar days for this one).

As explained above, I am not running up my clients bill. However, I have no reason to not advocate for my client while this matter simply drags out and no sincere efforts at resolving the case, or moving it forward, are being made.

Jonathan LA Phillips
Shay Kepple Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255