# DECLARATION OF PATRICK PAIGE

**I, PATRICK PAIGE, DO HEREBY DECLARE:**

1. I am over the age of eighteen (18) and otherwise competent to make this declaration. The facts stated in this declaration are based upon my personal knowledge.

2. I was a police officer from 1989 until 2011 for the Palm Beach County Sherriff's Department. From 2000-2011, I was a detective in the computer crimes unit.

3. As a detective in the computer crimes unit, I investigated internet child pornography and computer crime cases.

4. I have conducted forensic computer examinations for:

    (a) Broward County Sheriff's Office (BSO);

    (b) Federal Bureau of Investigation (FBI);

    (c) U.S. Customs and Border Protection (CBP);

    (d) Florida Department of Law Enforcement (FDLE);

    (e) U.S. Secret Service;

    (f) Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); and

    (g) Various municipalities in the jurisdiction of Palm Beach County.

5. I was assigned to a police unit working in conjunction with TLO Corp., which is a private company.

6. When I worked with TLO Corp., I supervised the other detectives assigned to the unit, which consisted of six online investigators and two computer forensic examiners.

7. With regard to my experience investigating child pornography cases, I supervised police officers whose responsibility it was to establish a successful TCP/IP connection with

persons who were sending pornographic images of children or other illegal content over the Internet using peer-to-peer file sharing programs.

8. I am familiar with software programs used to investigate computers, including EnCase and Access Data.

9. I have taken over 400 hours of courses designed to teach people how to investigate computers.

10. Also, while working from 2003-2011 for Guidance Software, the makers of EnCase, I have taught over 375 hours of courses in computer forensics ranging from beginner to advanced levels.

11. I have had students in my courses from various government branches, including: (a) sheriff's offices; (b) FBI agents; (c) ATF agents; (d) agents from the Central Intelligence Agency, and (e) individuals from other branches of government and the private sector.

12. After leaving the Palm Beach County Sherriff's office, I founded Computer Forensics, LLC, where I am currently employed.

13. I have received the following awards and commendations:

    (a) 1991 – Deputy of the Year, awarded by the 100 Men's Club of Boca Raton & Rotary Club.

    (b) 1997 – Deputy of the Month for June.

    (c) 2001 – Detective of the Month for October.

    (d) 2002 – Outstanding Law Enforcement Officer of the Year, awarded by the United States Justice Department for work in the *U.S. vs. Jerrold Levy* case.

    (e) 2003 – U.S. Customs Service Unit Commendation Citation Award for computer forensic work in Operation Hamlet. Operation Hamlet was one of the largest rings in the history of U.S. Customs of individuals who were molesting their own children, and transmitting the images and video via the Internet.

    (f)    2005 – Detective of the Month for December.

    (g)    2007 – Outstanding Law Enforcement Officer of the Year, awarded by the United States Justice Department for work in the *U.S. vs. Jimmy Oliver* case.

    (h)    2008 – Letter of Commendation issued by the FBI for outstanding computer forensic work in the *U.S. vs. Frank Grasso* case.

14. I have testified as a fact and expert witness on numerous occasions in the field of computer forensics in both trial-level and appellate proceedings before state, federal, and military courts in Florida, California, New Jersey, New York, and Pennsylvania.

15. No court has ever refused to accept my testimony on the basis that I was not an expert in computer forensics. My skill set and my reputation are my most important assets in my current position with Computer Forensics, LLC.

16. On January 17, 2014, I received a UPS package from attorney Nicoletti's office.

17. The package contained two hard drives. Both hard drives contain forensic images of Defendant's computer devices. The forensic images were created by Helen Geib of Quantum Discovery on December 23, 2012.

18. The first hard drive is a Seagate 500 GB Hard Drive with serial number S2WG1HJ. This hard drive contains a forensic image of Defendant's Western Digital hard drive model WDC WD3200BEVT-75ZCT2 with serial number WD-WXHZ08077637.

19. The second hard drive is an Aegis Padlock 2 External USB hard drive with serial number A2G200119. This hard drive contains forensic images of a number of Defendant's computer devices, each in a separate folder. The folders are labeled: (a) *PN_TASHIRO_INTHDD (containing AccessData image files titled "SIN20-1_Tashiro_intHDD.001" to "SIN20-1_Tashiro_intHDD.026" from a hard drive described as

"Kelley Tashiro int HDD inside usb encl."); and (b) *SIN20-1_Tashiro_iPad (containing AccessData Mobile Phone Examiner image files of an iPad, with images titled "SIN20-1_Tashiro_iPad.ad1" to "SIN20-1_Tashiro_iPad.ad6")

20. I was informed Defendant has another hard drive. That hard drive was unable to be imaged by Quantum Discovery because it is unreadable. Accordingly, I did not examine that hard drive.

21. Using EnCase forensic software, I began examining the contents of the images on the hard drives for evidence of BitTorrent use.

22. My examination of the Western Digital hard drive included on the Seagate 500 GB drive revealed limited evidence of BitTorrent use. Specifically, it shows that Defendant created a web browser bookmark folder called "Torrents" which contains torrent websites such as ISOHunt and TorrentReactor.

23. Next, I examined the image labeled "SIN20-1_Tashiro_intHDD.001" on the Aegis Padlock 2 External USB hard drive.

24. This hard drive was repeatedly used to download BitTorrent files and also had BitTorrent software installed on the hard drive. *See* Report, attached as Exhibit A.

25. Further, numerous files and folders associated with BitTorrent use were *deleted* from the hard drive on December 22, 2013 at approximately 10:00 pm – the night before the hard drive was turned over to Quantum Discovery for imaging.

26. Among the deleted files, I recovered seventy-three (73) BitTorrent files. Many of these BitTorrent files are associated with adult movies. BitTorrent clients, that enable the BitTorrent protocol to work, were also deleted.

27. Additionally, I located one hundred seven (107) files and folders also deleted on December 22, 2013 at approximately 10:00 pm. Most of these were parent folders that contained *thousands* of files that were deleted in the process of deleting the parent folder.

28. Malibu Media, LLC's copyrighted content could have been deleted from the drive during the Defendant's mass erasure the night before the computer devices were turned over to Quantum Discovery.

**FURTHER DECLARANT SAYETH NAUGHT.**

## **DECLARATION**

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of February, 2014.

By: _____
**PATRICK PAIGE**