IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **MALIBU MEDIA LLC** | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No.: 13-cv-6312 |
| | ) ) ) | |
| | ) | Judge: Geraldine Soat Brown |
| **JOHN DOE** | ) | |
| Defendant. | ) | |

## ORDER

For the reasons set out in this Order, Defendant's Motion for Rule to Show Cause [36] is granted and, pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiff shall pay Defendant the amount of $600.00 no later than August 26, 2014.

## STATEMENT

On January 22, 2014, the court granted in part and denied in part defendant John Doe's Motion to Compel further discovery responses from plaintiff Malibu Media, LLC. (Order, Jan. 22, 2014.) [Dkt 31.] Among the contested issues in that motion was Plaintiff's unwillingness to provided details about its contractual relationship with putative witness IPP International, UG. ("IPP"). In response to Defendant's interrogatory 1, Plaintiff said about IPP:

> IPP International UG, is a fact witness who will testify that its technology detected that a person suing Defendant's IP address was downloading and distributing Plaintiff's copyrighted works. Pursuant to an oral contingency fee agreement, IPP International UG is entitled to a small portion of the proceeds from the resolution of this case in consideration for the services it provided. Plaintiff objects to disclosing the exact percentage on the basis that it is confidential information. Notwithstanding the foregoing, Plaintiff will provide the exact percentage if the parties enter into a stipulated protective order.

1

(Def.'s Mot. Compel, Ex. E, Pl.'s Resp. Def.'s First Set of Interrog. at 1-2.) [Dkt 24.]

The January 22, 2014 order required Plaintiff to provide a supplemental answer to Interrogatory 1 describing the "Oral Contingency Fee Agreement" between Plaintiff and IPP, including the payer and payee, as well as the amount or percentage involved. (Order, Jan. 22, 2014, at 1.) In consideration of Plaintiff's concern about confidentiality, the order permitted Plaintiff to designate the specific terms of the agreement as confidential, and required Defendant to hold the information "attorneys' eyes only" pending the disposition of an anticipated motion by Plaintff for a protective order. (*Id*.) Plaintiff was ordered to serve verified supplemental interrogatory answers by February 5, 2014. (*Id*).

On February 5, 2014, Plaintiff moved for and was granted additional time to serve some of the materials required by the January 22 Order. Notably, Plaintiff did not ask for additional time to serve the information about the agreement with IPP, and the order granting additional time specifically said that time for the supplemental answer to Interrogatory 1 was not extended. (Order, Feb. 5, 2014.) [Dkt 35.]

On February 7, 2014, Defendant filed a motion to show cause why Plaintiff should not be held in contempt based on non-compliance with the January 22 Order. (Pl.'s Mot. Show Cause.) [Dkt 36.] Defendant attached the amended answers Plaintiff had served on February 5, 2014. (Pl.'s Mot. Show Cause, Ex. A, Pl.'s Second Am. Resp. Def.'s First Set Interrog.) About the agreement with IPP, Plaintiff stated the following:

> Plaintiff avers that it compensates IPP for IPP's global antipiracy services. This agreement was initially memorialized in an oral contingency agreement from approximately November 2011 through January 2014, wherein IPP was entitled to a small portion of the proceeds from the resolution of this cas in consideration for the services it provided. In January 2014, Plaintiff and IPP executed a flat fee agreement which was effective as of January 1, 2014. Plaintiff's attorney negotiated both agreements. Pursuant to the Court's order [CM/ECF 31], because

2

> both agreements contain confidential business information, Plaintiff will provide all other information requested in this interrogatory pursuant to a protective order.

(*Id.* at A-2.) The amended answers were verified and dated February 5, 2014. (*Id.* at A-3.)

At the hearing on Defendant's show cause motion, the court observed that the amended answer did not provide the information required by the January 22 Order and that Plaintff's conditioning its providing of that information on the entry of a protective order violated the January 22 Order. Accordingly, the motion to show cause was granted. (Order, Feb. 21, 2014.) [Dkt 44.] Plaintiff was ordered to show cause why the sanctions in Fed. R. Civ. P. 37(b)(2)(A) and (C) should not be entered.

In response, Plaintiff claims that "Plaintiff unintentionally sent Defendant incomplete responses. Specifically, Plaintiff omitted the amount or percentage paid by Malibu to IPP pursuant to the oral contingency agreement and did not attach a copy of the written agreement. Plaintiff's errors were an oversight not done in bad faith and not intended to delay or hamper the proceedings. Plaintiff corrected the omissions the first business day after Defendant's Motion was filed, on February 10, 2014." (Pl.'s Resp. Def.'s Mot. for Order at 6.) [Dkt 48.]

Plaintiff's response is literally incredible. As demonstrated by the quotation above, Plaintiff's amended answer to Interrogatory 1 was not inadvertently "incomplete" and did not omit the percentage "by oversight." This is not a situation where a line is missing or there is an obvious blank space where a percentage number should be. It is apparent that Plaintiff simply continued to insist that it would not provide the information without a protective order, notwithstanding the text of the January 22 Order.

Plaintiff's contention that Defendant could have avoided bringing the show cause order by contacting Plaintiff about the omission is rejected. The court had already dealt with Plaintiff's

3

concern about confidentiality in the January 22 Order. Plaintiff was obligated to comply with that Order, and it simply refused to do so. Defendant was justified in calling that refusal to the court's attention.

Defendant's present motion asks for sanctions up to and including dismissal of the case. (Def.'s Reply at 8.) [Dkt 54.] The court concludes that such a serious sanction is not warranted at this time. Plaintiff states that the information required by Interrogatory 1 has now been provided, and Defendant's reply does not dispute that. Instead, much of Defendant's reply focuses on the disclosure of software Plaintiff allegedly used to identify Defendant as the alleged infringer, including software from a company called Excipio GmbH. (Def.'s Reply at 1.) Subsequent proceedings were held and resolved with respect to that issue. (*See, e.g.*, Order, Mar. 19, 2014.) [Dkt 53.]

Rule 37(b)(2)(C) provides, however, that a court must order a disobedient party or the party's attorney or both to pay the moving party's expenses, including reasonable attorney's fees, caused by the failure to comply with a discovery order, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Plaintiff's failure to comply with the January 22 order was not substantially justified; the court had already provided for Plaintiff's concern about confidentiality in ordering Plaintiff to reveal details about its relationship with IPP. As discussed above, the argument that Plaintiff "inadvertently" omitted that information is refuted by the very text of the amended answer. There are no circumstances that make an award of expenses unjust as to the violation of the January 22, 2014 Order.

Based on the materials before the court and considering all of the facts above, the court concludes that a reasonable time to prepare and present the motion, including time in court, was three hours. To the extent that Defendant's counsel spent more than three hours in the preparing

the motion and reply due to issues relating to the software, the court declines to award any additional time. That is not because a failure of Plaintiff to comply would be justified but rather because that issue had more complexity, while the failure to comply with the order as it related to the IPP relationship was patent.

Accordingly, Plaintiff shall pay Defendant for three hours of time by Defendant's counsel of record, Jonathon Phillips at Mr. Phillips' usual hourly rate of $200.00, for a total of $600.00. Plaintiff shall pay that amount no later than August 26, 2014.

Date: 08/12/2014                    /s/ GERALDINE SOAT BROWN
                                    UNITED STATES MAGISTRATE JUDGE