UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 1:13-cv-06312 |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 24.14.81.195, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S
### THIRD SET OF INTERROGATORIES

Plaintiff, MALIBU MEDIA, LLC, responds to Defendant's Third Set of Interrogatories served March 31, 2014, as follows:

### STATEMENT OF WILLINGNESS TO COOPERATE

Counsel for Plaintiff is prepared to discuss with counsel for Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the responses to the interrogatories without the need for intervention by the Court.

### PLAINTIFF'S RESPONSES TO DEFENDANT'S
### THIRD SET OF INTERROGATORIES

16. Please refer to the declaration of Tobias Feiser (ECF Doc 2-4). Please provide a complete listing of each and every film, the hash number for the file, and a listing of every "transaction date" and identify each and every WORM drive containing PCAP data relating data concerning the same.

**Response to Interrogatory No. 16:** Insofar as this interrogatory seeks a complete list of each and every film, the hash number for the file, and a listing of every transaction date, Plaintiff already provided this information to defense counsel on February 12, 2014 at 10:20 p.m. as a

Exhibit B

PDF log file titled "NIL112-1 MySQL." Plaintiff objects to identifying all the WORM drives containing the PCAP data relating to each of the transactions on the basis that this request seeks information that is not in Plaintiff's possession, custody, or control. This information is in IPP's and Excipio's possession, custody, or control. Plaintiff further objects on the basis that this request is intended to harass Plaintiff. Indeed, defense counsel is already aware that he can request this information directly from IPP or Excipio and instead chooses to request it from Plaintiff in order to have Plaintiff incur further costs. Defense counsel continually requests third-party information from Plaintiff in an attempt to circumvent Fed. R. Civ. P. 45. Plaintiff further objects on the basis that this request is unduly burdensome. Defendant's IP address transacted with IPP's servers three-hundred and two (302) times. Therefore three-hundred and two PCAPs exist. Because the Period of Recorded Infringement spans from May 27, 2013 through September 13, 2013, and each WORM drive consist of approximately a days' worth of data, the PCAPS are likely to be located on many different WORM drives. Plaintiff would need to pay IPP or Excipio to look up the WORM drive for each of the three-hundred and two transactions. Further, Plaintiff plans on only using one WORM drive at trial for demonstrative purposes only. Insofar as Defendant seeks WORM identification numbers in order to subpoena the drives directly from IPP or Excipio, the identification numbers are not needed to accomplish this. Defendant can submit the log file (NIL112 – MySQL) to obtain this information.

17. Please refer to the declaration of Patrick Paige (ECF Doc 2-2). Please provide a complete listing of any and all arrests of the declarant, Patrick Paige, and a complete explanation of the disposition of any charges that may have been brought against him.

**Response to Interrogatory No. 17:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection and without waiving same, Plaintiff lacks sufficient information or knowledge to answer this interrogatory because the information is in Patrick Paige's possession, custody, or control.

18. Please explain in full circumstances of the termination of employment of the foregoing declarant, Patrick Paige, with the Palm Beach County Sheriff's Department and Guidance Software.

**Response to Interrogatory No. 18:** Plaintiff objects on the basis that this request seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection and without waiving same, Plaintiff lacks sufficient information or knowledge to answer this interrogatory because the information is in Patrick Paige's possession, custody, or control.

## DECLARATION

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of April, 2014

**COLETTE PELISSIER FIELD**

By: _[signature]_

Dated: April 30, 2014

                                          Respectfully submitted,

                                          NICOLETTI LAW, PLC

By:    */s/ Paul J. Nicoletti*
           Paul J. Nicoletti, Esq. (P44419)
           33717 Woodward Avenue, #433
           Birmingham, MI 48009
           Tel: (248) 203-7800
           E-Fax: (248) 928-7051
           Email: pauljnicoletti@gmail.com
           *Attorney for Plaintiff*