UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 1:13-cv-06312 |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 24.14.81.195, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**FIFTH SET OF INTERROGATORIES**

Plaintiff, MALIBU MEDIA, LLC, responds to Defendant's Fifth Set of Interrogatories served June 19, 2014, as follows:

**STATEMENT OF WILLINGNESS TO COOPERATE**

Counsel for Plaintiff is prepared to discuss with counsel for Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the responses to the interrogatories without the need for intervention by the Court.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**FIFTH SET OF INTERROGATORIES**

20. Please identify each and every individual or entity that has provided services related to this, or any other, Malibu Media, LLC litigation, or pre-litigation, from March 2011 to present, state the time period the individual or entity was providing such services, state the nature of their relationship to Malibu, and state the nature of their compensation. For the sake of clarity, such individuals should include: coordinating counsel, such as Keith Lipscomb and/or his firm; third-party settlement negotiators, such as Elizabeth Jones; infringement investigators used by Malibu, or known to be used by Malibu's contractors, such as IPP INT UG and Excipio

Exhibit C

GmbH; and individuals that perform background investigation – regarding social media, socio-economic data, or otherwise – on defendants, or potential defendants, in Malibu's suits.

**Response to Interrogatory No. 20:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff objects on the basis that this request is overbroad. Indeed, this interrogatory seeks information about every paralegal and attorney who ever worked on any of Plaintiff's copyright litigation since March 2011 nationwide. Plaintiff's objects on the basis that this interrogatory was intended to harass Plaintiff. Notwithstanding the foregoing objections and without waiving same, Plaintiff retained IPP International UG for its anti-piracy services. The agreement between Plaintiff and IPP was already produced to Defendant. Counsels of record are Paul Nicoletti and Mary Schulz, both of who are both paid on a contingency fee basis.

21. Please identify, providing the full name, address, and telephone number, each and every individual who provided any creative services – including, but not limited to photography, videography, video editing, sound editing, musical composition, or assistance on any of the foregoing – for each and every Work that Malibu has brought suit against Doe for allegedly infringing, identifying the Work that said individual provided services on.

**Response to Interrogatory No. 21:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Additionally, ownership of the copyrights at issue in this case is not in dispute, and therefore any information pertaining to the creation of the work is irrelevant. Plaintiff further objects on the basis that this interrogatory seeks confidential business information. Plaintiff objects on the basis that this interrogatory is intended to harass Plaintiff. Indeed, personal

information about Plaintiff's employees is *blatantly* irrelevant to any issue or fact in this case. Indeed, this information does nothing to further any of Defendant's affirmative defenses and it is set forth for the sole purpose of harassing Plaintiff and its employees.

22. Please identify, providing the full legal name, address, and telephone number, as well as country of birth, citizenship status, visa status, and date of birth, for each and every individual who performed or appear – as an model, actress, actor, or any other title – in the Works that Malibu has brought suit against Doe for allegedly infringing, identifying the Work that said individual performed or appeared in.

**Response to Interrogatory No. 22:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiff further objects on the basis that this interrogatory seeks confidential business information. Plaintiff objects on the basis that this interrogatory is intended to harass Plaintiff. Indeed, personal information about Plaintiff's employees is *blatantly* irrelevant to any issue or fact in this case. This information does nothing to further any of Defendant's affirmative defenses. Plaintiff further objects on the basis that this information is not discoverable pursuant to 18 U.S.C. 2257(d)(1). And, private parties are not entitled to inspect a company's 18 U.S.C. § 2257 records ("2257 Records"). 2257 Records and information related thereto are subject to inspection only by the Attorney General and any agency to which the Attorney General delegates such authority.

## DECLARATION

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of July, 2014

**COLETTE PELISSIER FIELD**

By: _____

Dated: July 21, 2014

Respectfully submitted,

NICOLETTI LAW, PLC

By:    /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2014, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

Jonathan LA Phillips
Shay Phillips, Ltd.
Twin Towers Plaza
456 Fulton Street, Suite 255
Peoria, IL 61602
E-mail: jphillips@skplawyers.com
*Attorney for Defendant*

By:    /s/ *Paul J. Nicoletti*