**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 24.14.81.195,<br><br>Defendant. | Case No. 1:13-cv-06312<br><br>The Hon. Geraldine S. Brown |

---

**MOTION FOR AN ORDER REQUIRING MALIBU MEDIA, LLC TO
SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT**

---

JOHN DOE subscriber assigned to IP Address 24.14.81.195 ("Doe"), by and through counsel, moves this Court to order Malibu Media, LLC ("Malibu") to show cause why it should not be held in contempt and sanctioned. In support of the same, Doe states as follows.

**I.    Introduction**

Malibu has, again, failed to comply with an explicit order of this Court. Despite discovery having been closed and all supplementation due weeks ago, and after generous extensions were given by the Defendant, Malibu has still not provided complete answers to discovery. In violation of this Court's Order, Malibu did not supplement its discovery responses. (ECF Doc. 121). Malibu should be required to explain why it has disobeyed an Order of this Court, yet again. If it has no justifiable reason for doing so, Malibu should be sanctioned.

**II.    Law**

Civil contempt is meant to force a non-compliant party to comply with an order of the Court. *Cunningham v. Hamilton County*, 527 U.S. 198, 207 (U.S. 1999), *citing*, *Willy* v. *Coastal Corp.*, 503 U.S. 131, 139 (1992). The Court's civil contempt power is based in its inherent authority

1

to enforce compliance with its orders and to conduct orderly proceedings. *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001), *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 737 (7th Cir. 1999).

To prevail in this motion, Doe must establish that: "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *Shales v. T. Manning Concrete, Inc*., 847 F. Supp. 2d 1102, 1114 (N.D. Ill. 2012), *quoting, W. Bend Mut. Ins. Co. v. Belmont St. Corp.*, No. 09 C 354, 2010 U.S. Dist. LEXIS 136267, at *39 (N.D. Ill. Dec. 23, 2011); *see also Dowell*, 257 F.3d at 699.

### III.  Argument

Over the past several months, during regular status conferences, Doe's counsel has repeatedly informed the Court that the Defendant was awaiting full compliance with discovery requests.  Malibu's counsel continuously responded, in open court, that Malibu was working to achieve compliance.  This corresponded to Malibu's repeated assertions that it was working on full compliance in emails to undersigned.  Malibu still has not fully responded.

Malibu's non-compliance is not for a want of effort on Doe's part.  Doe's counsel has repeatedly scheduled discovery teleconferences, provided punch lists of issues prior to those conferences, provided notes from those conferences, and generously extended time periods for compliance.  Indeed, despite this Court ordering all supplementation to be completed by December 12, 2014, Doe's counsel conducted teleconferences and gave Malibu two additional weeks in order avoid having to bother the Court.

This Court could not have been more clear and unequivocal in its order and its corresponding docket entry.  Malibu (as well as Doe) was ordered to serve final Rule 26(e)

supplementation as to non−expert material no later than December 12, 2014. (ECF Doc. 121). Malibu has not.

Malibu was asked to provide the name and address of persons who provided creative services on the Works purportedly copied and identify which of those Works they provided creative services on. Malibu refused to do so, providing only names while failing to identify which Works the individuals provided creative services on. Exh. A, Response to Interrogatory 21.[1]

Malibu was also asked to identify which portions of the Works it's agent(s) downloaded from Doe's purported IP address that were subsequently used in reassembling the Works. Originally, Malibu claimed that the "already produced [] MySQL log file" containing this information. That log file did not. Despite discussions regarding the issue, Malibu only produced a more detailed MySQL log file that also did not answer the question posed. Exh. B, Response to Interrogatory 25. Not a single column in the voluminous log file indicates anything about whether or not any of the listed transactions resulted in any data that was used in reassembling the Works. Due to the voluminous nature of that Excel spreadsheet, and no meaningful way of being able to print the same, it is not attached to this Motion.

Finally, Rule 26(e) requires parties to "supplement or correct" their disclosures. Fed. R. 26(e) (emphasis added). Doe's counsel has repeatedly informed Malibu that IPP International UG is not a company that exists in Germany.[2] *See also,* Decl. of Feiser (ECF Doc. 2-4) (Incorrectly identifying his employer as IPP, Ltd. – another incorrect name for IPP INT UG – and claiming it is organized in Germany). As expert disclosures approach, and depositions of employees of and vendors of "IPP" take place, untangling the web of this formerly-contingent-paid supplier of expert

---

[1] Malibu has designated its second supplement to its response as confidential and subject to the Protective Order. (ECF Doc. 64). As such, undersigned will contemporaneously be moving for leave to file under seal.
[2] The Common Register Portal of the German Federal States indicates that no company named IPP International UG exists. https://www.handelsregister.de/rp_web/welcome.do?language=en. However, it does show that a company named IPP INT UG exists in the same city as IPP International UG purportedly does.

witnesses and its cohorts is necessary. Despite knowing that its interrogatory answers contained false information, Malibu refused to correct its responses to Interrogatories 1, 6, 10, and 20. These Interrogatories repeatedly refer to IPP International UG.

Malibu's failure to provide supplement or correct its discovery cannot be justified. Doe undertook exceptional efforts over several months to ensure that all issues were articulated fully, discussed in telephone conferences, and provided two-weeks extra time to comply. Malibu cannot credibly argue that that it acted diligently or was justified in its failures.

## IV. Conclusion

Malibu has failed to comply with the Court's clear and unequivocal order, again. Malibu has done so without justification.

WHEREFORE, JOHN DOE subscriber assigned to IP Address 24.14.81.195 respectfully requests that this Honorable Court:

A.      Find Malibu Media, LLC in contempt of the order of the Court as memorialized in the Court's Docket Entry of August 12, 2014 if it cannot explain its failure to obey the Order;

B.      Award Doe the costs of bringing this Motion; and

C.      Any other relief this Court deems equitable and just at this time.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
Shay Phillips, Ltd.
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

Erin K. Russell
The Russell Firm
233 S. Wacker Dr.

84th Floor
Chicago, IL 60606
312.994.2424
erin@russellfirmchicago.com

| Certificate of Service |
| --- |

I certify that on January 30, 2015 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips