**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 24.14.81.195,<br><br>Defendant. | Case No. 1:13-cv-06312<br><br>The Hon. Geraldine S. Brown |

**MOTION TO STRIKE CERTAIN PORTIONS OF:**
**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

JOHN DOE subscriber assigned to IP Address 24.14.81.195 ("Doe"), by and through counsel, moves this Court to strike portions of Plaintiff's Response to Defendants' Statement of Material Facts (the "Statement"), stating as follows:

### I.  Introduction

Malibu Media, LLC ("Malibu") shrugged off mandatory disclosures and discovery obligations in order to keep its investigations and electronic data secreted away. In doing so it has built a pseudo-evidentiary house of cards that must now fall.  Fact discovery closed and expert disclosures were made some time ago.  Depositions of lay and expert witnesses took place.  Now, Malibu submits the previously undisclosed testimony of three experts.  Having improperly played "hide the ball," certain portions of the Statement should be stricken.

### II.  Facts & Relevant History

On December 3, 2014, this Court entered an agreed Order setting an expert discovery schedule.  (ECF Doc. 122).  Malibu was to disclose its experts by January 9, 2015 so that they could be deposed by February 20, 2015.  *Id.*   Prior to January 9, 2015, Mailbu submitted only a

single declaration of Patrick Paige, and accompanying documents. Ex. A.[1] Doe then submitted his expert report. Later, at his deposition, Paige was repeatedly asked to confirm if the allegations in his declaration constituted all of his opinions; he confirmed the same. *See, e.g.,* Ex. B,[2] Dep. Paige, 35:11-18; 37:18-38:4. Paige was also specifically asked if he needed or wanted to add to his report. He declined. Exh. B, Dep. Paige, 41:8-24.

On or about March 17, 2015, after the time period for deposing Malibu's experts had closed, Attorney Nicoletti sent undersigned an email with the contents as "Declaration of Michael Patzer," which contained a PDF file of a declaration. Ex. C. Undersigned emailed Attorney Nicoletti, inquiring as to the email's purpose given the procedural posture of the case. Ex. D. Attorney Nicoletti never responded. Despite more than adequate opportunity, Malibu has never disclosed Mr. Patzer, or any other person as an expert.

## III. Law

On Motion for Summary Judgment, parties submit materials like depositions and discovery materials to indicate the lack of a dispute as to material facts. Fed. R. Civ. P. 56(c)(1). Parties may object to submitted items that are not admissible in evidence. Fed. R. Civ. P. 56(c)(2).

Lay witnesses cannot testify in the form of an opinion unless it is based on his or her perception and not upon scientific, technical, or other specialized knowledge, Fed. R. Evid. 701; *see also, Id.*, 2000 advisory comment ("Rule 701 has been amended to eliminate the risk that . . . Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing . . . "). Lay opinion cannot "provide specialized explanations or interpretations that an untrained layman could not make. . . " *United States v. Conn.,* 297 F.3d 548, 554 (7th Cir. 2002). Dissimilarly, experts are those who, based upon their knowledge, skill, experience, training or education, may provide

---

[1] This is not the declaration of Patrick Paige that appears as Ex. G (ECF Doc. 148-13)
[2] Doe has attached relevant portion of the Deposition of Patrick Paige as Exhibit B. He has not attached the entirety of the deposition.

testimony in the form of an opinion. Fed. R. Evid. 702. However, they must be properly disclosed. Fed. R. Civ. P 26(a)(2)(A). Mere placement in initial disclosures is insufficient. *Musser v. Gentiva Health Servs.,* 356 F.3d 751 (7th Cir. 2004); Standing Order for Expert Disclosure & Discovery. The disclosure must include a written report that contains:

> "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

Without proper disclosures, parties lack opportunity to disqualify experts, obtain rebuttal experts, or properly depose experts. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012). Expert disclosures do away with depositions, or at lease minimize their costs, while preventing ambush. *In re Sulfuric Acid Antitrust Litig.,* 235 F.R.D. 646, 650 (N.D. Ill. 2006).

A party who "fails to provide information or identify a witness as required by Rule 26(a) or (e), is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). The Rule is self-executing – the exclusion of undisclosed information is automatic. *Gicla v. United* States, 572 F.3d 407, 410 (7th Cir. 2009); Musser, 356 F.3d at 758. Per the Rule, the only possible exceptions are when failure is justified or harmless. *Tribble*, 670 F.3d at 758 (excluding testimony after making a determination that the witness was providing undisclosed expert opinion under Rule 702, not lay opinion). Evidence cited in a motion is manifestly not harmless. *Dry Dock, L.L.C. v. Godfrey Conveyor Co.*, 717 F. Supp. 2d 825, 829 (W.D. Wis. 2010). Being mistaken about the law does not provide justification. *Tribble,* 670 F.3d at 760.

Exclusion of exhibits is proper under Federal Rule of Civil Procedure 37(c)(1) when a party fails to properly disclose documents under Rule 26(a). *Dry Dock, L.L.C.,* 717 F Supp. 2d at 829. Moreover, the failure to provide the basis for an expert's opinion pursuant to Rule 26 may lead to exclusion under Rule 37(c)(1). *Hoffman v. Caterpillar, Inc.*, 368 F3d 709, 714-15 (7th Cir. 2004).

**IV. Application**

Due to its failure to comply with mandatory disclosure requirements, issues with Malibu's nearly two hundred pages of Statement are legion. For ease, the law is applied to the Exhibits, alphabetically, then to the numbered allegations of the Statement.

Among other issues, testimony from Feiser, Patzer, and Paige runs afoul of the purpose of Rule 26(a)(2). Doe's surprise and prejudice, now that summary judgment is upon the parties and the time for depositions of experts has passed, is incurable. *In re Sulfuric Acid Antitrust Litig.,* 235 F.R.D at 650 (explaining that a purpose of Rule 26(a)(2) is to minimize or prevent depositions and prevent ambush). Moreover, being cited to, the testimony cannot be thought of as harmless. *Dry Dock, L.L.C.,* 717 F. Supp. 2d at 829.

A.        Exhibit B, the Declaration of undisclosed expert Feiser should be excluded

Tobias Feiser claims to be an employee of IPP, where he "monitor[s] BitTorrent file distribution network[s]." Statement Ex. B, ¶¶ 4-6. In doing so, he "analyz[ed], review[ed], and attest[ed] to the results" of the sophisticated, technical, monitoring of Internet traffic. *Id.* ¶ 8. Here, his declaration states opinions, based upon an investigation, that an IP address on an (unprovided) Exhibit A to his declaration transmitted Plaintiff's (unprovided) copyrighted works. Moreover, he claims to visually confirm that a "control copy" and the items on Exhibit A were "identical, strikingly similar, or substantially similar."

To begin, as a threshold matter, Exhibit A is not included in the Statement. As such, Feiser's statements are hearsay and lack foundation, and must be excluded. *See,* Fed. R. Evid.

602, 801, and 901. Moreover, because that Exhibit is not provided, and the declaration appears to be boilerplate, it is unknown if the submitted declaration truly applies to this case. It is irrelevant and immaterial. Fed. R. Evid. 403. As such, it should be excluded.

Lay opinion cannot "provide specialized explanations or interpretations that an untrained layman could not make. . . " *United States v. Conn.,* 297 F.3d 548, 554 (7th Cir. 2002); Fed. R. Evid. 701(c). Feiser is opining as to his monitoring of BitTorrent file distribution networks, his analysis, and the conclusions he draws. These are not the inferences of lay individuals; they are barred specialized explanations and interpretations that a lay individual would be incapable of making. It goes unstated, but obvious, that Mr. Feiser neither *personally* observed any data flowing through the Internet nor *personally* observed the Internet activities of those computers utilizing Doe's router. Mr. Feiser has provided expert testimony, but was not disclosed as an expert. Accordingly, his testimony should be excluded under self-executing Rule 37. Fed. R. Civ. P. 37(c)(1). All the more reason for its exclusion, Feiser fails to provide the data used to form his opinions, such as the compared movie(s), the data he monitored, and so on. Fed. R. Civ. P. 26(a)(2)(B); *Hard Surface Solutions, Inc.,* 271 F.R.D. at 615-616.

Doe has repeatedly asserted that Feiser and Patzer would be providing Rule of Evidence 702 opinions. Indeed, a motion pointed out the solicitation of expert testimony on a contingent basis. (ECF Doc. 27). In January, Malibu informed the Court that it considered Patzer and Feiser to be lay witnesses. The Court clearly expressed its skepticism. Malibu has known that Patzer and Feiser are providing expert testimony. Even if, despite the warnings, Malibu were mistaken about the law, it would not justify non-disclosure. *Tribble,* 670 F.3d at 760 ("a belief that such testimony would be lay and not expert opinion (or no opinion at all) is not justification, at best, it is just a misunderstanding of the law"). Moreover, arguing that Doe could have obtained undisclosed information fails to provide justification. *Musser,* 356 F.3d at 759.

5

Even assuming, *arguendo*, that Mr. Feiser is testifying as a lay witness, it should be excluded as it was paid for on a contingent basis.[3] *See, Hamilton v. General Motors Corp.*, 490 F.2d 223, 228-229 (7th Cir. 1973) (holding that paying fact witnesses for testimony is against public policy and refusing to allow payment for testimony). A claim that paying IPP, rather than Feiser directly, merely runs around the reality that his testimony is being bought on a *contingent* basis. As such, even if the Declaration were lay testimony, it should be excluded.

B.      Exhibit C, the Declaration of undisclosed expert Patzer should be excluded

Mr. Patzer supplies a sixty-paragraph declaration for the Statement. (ECF 148-9). Neither the declaration, nor its contents, was provided prior to Malibu's expert disclosure deadline. Moreover, there was no Motion to provide a late declaration despite repeated suggestions that he was an expert. *Supra.* "Ignoring deadlines is the surest way to lose a case. . . . Extended disregard of time limits (even the non-jurisdictional kind) is ruinous. 'Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir.1994).

Patzer's declaration is more technical and specialized than Feiser's. Patzer "designed, implemented . . . and monitor[s] the data collection system" that took him "over a year to develop." Statement Ex. D, ¶¶ 8-9. It consists of a "proprietary BitTorrent Client, . . . a proprietary program analyzing the BitTorrent traffic . . . a program to synchronize . . . clocks with an atomic clock" and so on. *Id.* Patzer provides a series of opinions based upon his specialized knowledge, primarily in the form of Technical Reports, which "translate the electronic data contained in the PCAPs to an easy to understand format." *Id.* ¶ 28. Notably, those Technical Reports do not appear to have been

---

[3] Due to confidentiality concerns with the most current Interrogatory Responses, Doe directs the Court to the record. ECF Doc. 27-1, pp. 1-2.

provided to Doe for review – for this reason alone his declaration should be excluded.[4]  *See, Dry Dock, L.L.C.* 717 F Supp. 2d, 829 (excluding undisclosed exhibits). These reports are the very definition of expert testimony – they have the word technical in their name while providing specialized interpretations.

Malibu misses the mark in intimating that the Technical Reports are business records; the issue is not *only* hearsay.  In reality, the Reports are nothing more than disguised undisclosed expert testimony.  The Technical Reports are an interpretation of a series of 1s and 0s (intercepted by a highly sophisticated suite of software in Germany), which becomes the opinion of Mr. Patzer that an individual using a certain IP address undertook specific Internet activities.  *Id.* ¶ 28(a).  *See, Conn.,* 297 F.3d at 554 (holding that lay witnesses cannot "provide specialized explanations or interpretations that an untrained layman could not make. . . ").  Indeed, his preparation of the Technical Reports attempted to "make[] the PCAP easier to understand."[5]  *Id.* ¶ 28(a). Malibu may, incorrectly, suggest that his interpretation of this data is merely reciting facts. However, just because an expert does not reach a conclusion, conspicuously remaining silent about the implication of her testimony, she does not suddenly become a lay witness immune from disclosure.  *Tribble,* 670 F.3d at 759.

Further, Patzer unquestionably opines on an ultimate fact.  He opines, in contradiction of at least one court's finding, that a single highly technical, difficult to understand, file that has "hundreds of different fields" "is sufficient to prove without question that the infringement of each of the movies at issue occurred."  *Id.* ¶¶ 27-28(a).  He also explains that the Technical Reports "show[] that someone using Defendant's IP address sent a piece of Plaintiff's copyrighted work to Excipio's

---

[4] Even if there were bare facts left in the Declaration, they would be meaningless without "going somewhere."  As such, they would be irrelevant and prejudicial under Fed. R. Evid. 403.  Accordingly, the entirety of the declaration should be stricken.
[5] Any suggestion that an expert opinion can be stated to be "self-explanatory" is wholly insufficient.  *Siburt v. U.S. Bank,* 2011 U.S. Dist. LEXIS 94531, *11.

servers. *Id.* He did not personally observe this; he interpreted technical data and gave his undisclosed opinion as to what it said. *Conn.,* 297 F.3d at 554.

Also, Malibu does not even attempt to provide all of the data it relies upon. It specifically does not provide the relied upon MYSQL log – instead providing a selectively truncated version. *Id.* ¶ 28(a). It specifically does not provide the entirety of the PCAPs, but instead only one out of dozens. Moreover, at least one Court has suggested that a single PCAP could not even plead a *prima facia* case, let alone prove one.[6] Again, Malibu falls short.

    C.    <u>Exhibit D should be excluded for the reasons above as well as lacking foundation</u>

For the reasons provided to exclude Mr. Patzer's declaration, its referenced incomplete MYSQL log, Statement Exhibit D, should likewise be excluded. Moreover, because the MYSQL log entries are predicated on PCAPs that are not being provided, as Malibu is only providing one out of many, it lacks foundation and should be excluded. Statement, Ex. C, ¶¶ 21, 27.

    D.    <u>Exhibit F should be excluded as hearsay and lacking in foundation</u>

No witness claims to have authored Exhibit F. No witnesses have suggested the factual averments in Exhibit F are true and correct. Exhibit F is hearsay and lacks proper foundation and should be excluded.

    E.    <u>Exhibit G (and its sub-exhibits), the Declaration of Patrick Paige that was never supplied pursuant to Fed. R. Civ. P. 26, should be excluded</u>

At its January deadline, Malibu supplied a Declaration of Patrick Paige. Ex. A. This is not the declaration that appears as Exhibit G to the Statement. For example, Paige now specifically

---

[6] "To allege copyright infringement based on an IP snapshot is akin to alleging theft based on a single surveillance camera shot: a photo of a child reaching for candy from a display does not automatically mean he stole it. No Court would allow a lawsuit to be filed based on that amount of evidence. What is more, downloading data via the Bittorrent protocol is not like stealing candy. Stealing a piece of a chocolate bar, however small, is still theft; but copying an encrypted, unusable piece of a video file via the Bittorrent protocol may not be copyright infringement. In the former case, some chocolate was taken; in the latter case, an encrypted, unusable chunk of zeroes and ones. And as part of its prima facie copyright claim, Plaintiff must show that Defendants copied the copyrighted work." *Ingenuity 13 LLC v. Doe*, 2013 U.S. Dist. LEXIS 17693, *6-7 (C.D. Cal. Feb. 7, 2013)

opines that Doe is the infringer.  Statement, Ex. G, ¶¶ 61-62.  Any information relied upon in this opinion was known to Malibu well before Paige submitted his declaration in January.  Additionally, Paige suddenly takes interest in a screenshot from a router.  *Id.* ¶¶ 63-68.  He does not name the router brand or express familiarity with the router, despite that information being in Malibu's possession since November 13, 2013.[7]

A party "cannot swoop in with new evidence at the last minute in an attempt to stave off summary judgment."  *Dry Dock, L.L.C.,* 717 F.Supp. 2d at 829.  Malibu is attempting to "sandbag [its] opponent with claims and issues which should have been included in the expert witness' report."  *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. at 159 (rejecting the argument that a 'supplementary' disclosure was anything but sandbagging and did not fall under Rule 26(e)).

This is not a supplement.  It contains matters that Malibu either overlooked at its own peril or were determined unimportant.  Dep. Paige, 35:11-18, 37:18-38:4, 41:8-24  (Paige repeatedly stating that the contents of his January 9, 2015 report were full and complete and he had nothing to add).  Malibu did avoid having Paige deposed on any of these topics and denied Doe a rebuttal witness, suggesting gamesmanship.  *See, Johnson v. Target Corp.,* 487 Fed. Appx. 298, 301 (7th Cir. 2012) ("the untimeliness of the disclosure cannot be brushed aside as harmless . . .").

Beyond being untimely, Paige fails to state the basis for his opinions.  For example in ¶ 68 of his untimely declaration, he states, "[u]nless a router's log files were deleted, those records would exist."  He does not cite to any literature to provide such a conclusion.  He does not even appear to know what router he is talking about, let alone the firmware running it and its log retention capabilities.  He has failed to provide adequate bases for his discussion of the MAC address.  Likewise, nothing in his declaration states that he is familiar with networking.  Indeed, he is an

---

[7] An email from undersigned to Attorney Schulz on November 13, 2013 provided the screenshot mentioned as well as the router model number, its firmware, and offered the router for examination at Malibu's cost.  Malibu never elected to examine the router.

expert at examining hard drives, not Internet and networking matters – a distinction he raises. *See e.g.,* Statement, Ex. G, ¶ 6 (separating computer forensic examiners from those who do online investigations); ¶ 7 (stating he investigated computers, not routers). As for the very bold opinion that Doe is the infringer, Paige relies upon other evidence that should be stricken – primarily IPP/Excipio pseudo-evidence.[8] As such, this testimony should be stricken. Finally, the untimely declaration fails to provide how much Mr. Paige has been paid. Rule 26(a)(2). Malibu cannot claim this is inconsequential, it cites to Mr. Neville's pay in its documents. *See, e.g.* ECF Doc. 152, ¶ 13.

It is apparent that Malibu has submitted an untimely, undisclosed, declaration that lacks in the fundamentals of Rule 26(a)(2). As such, the entirety of the declaration, and its sub-exhibits, should be stricken.

F.    Exhibit I should be excluded as hearsay and lacking in foundation

For the reasons provided to exclude Feiser's declaration, Statement Exhibit I should likewise be excluded. Mr. Feiser is the only possible sponsor of such an Exhibit, and even if his declaration were not excluded as undisclosed, untimely, and utterly lacking under Rule 26(a)(2), he lays absolutely no foundation for the information contained therein.

G.    Exhibit R should be excluded as hearsay, lacking in foundation, and being an undisclosed document

The Statement's Exhibit R is not referenced by Paige, Patzer, or Feiser. Indeed, no one appears to provide any information on the document – how it was obtained, where it came from, or otherwise. It is hearsay and it lacks foundation. Moreover, even if someone did, it is too late. All discovery is closed and all depositions have been taken. Exhibit R should be excluded. *See, Dry Dock, L.L.C,* 717 F Supp. 2d at 829 (excluding undisclosed exhibits).

---

[8] Which for the same reasons stated above, that Paige is a computer forensics expert (reviewing hard drives) and not an Internet communications expert; he is not even competent to comment on.

H.     A Large Portion of the Statement of Material Facts Should Be Excluded

Malibu has built a house of cards.  Once its undisclosed expert testimony and documents lacking evidentiary merit are disregarded, a majority of its numbered allegations fall.  A list of those numbered allegations that should be stricken, for the reasons stated above, is as follows: 5, 6, 7, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 25, 30, 31, 32, 33, 34, 35, 41, 42, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 59, and 60.  Each of the foregoing numbered allegations should be excluded as they parrot, paraphrase, or discuss the exhibits that should be excluded.

**V.  Conclusion**

For the foregoing reasons, paragraphs 5, 6, 7, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 25, 30, 31, 32, 33, 34, 35, 41, 42, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 59, and 60 of and Exhibits B, C, D, F, G, I, and R of the Statement of Undisputed Material Facts should be stricken.  Doe respectfully requests that this Honorable Court enter an Order striking the aforementioned portions of the Statement.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
Shay Phillips, Ltd.
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

/s/ Erin K. Russell
Erin K. Russell
The Russell Firm
233 S. Wacker Dr.
84th Floor
Chicago, IL 60606
312.994.2424
erin@russellfirmchicago.com

| Certificate of Service |
|---|

I certify that on May 29, 2015 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips