UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No.: 1:13-cv-06312 |
| v. | ) Assigned to: |
| | ) Honorable Geraldine Soat Brown |
| JOHN DOE subscriber assigned IP address 24.14.81.195, | ) U.S. District Judge |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE CERTAIN PORTIONS OF: PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Malibu Media, LLC ("Plaintiff") by and through undersigned counsel, opposes Defendant's Motion to Strike Certain Portions of: Plaintiff's Statement of Undisputed Material Facts ("Motion") [CM/ECF 160], which should be denied for the following reasons.

## I. INTRODUCTION

Plaintiff's Statement of Undisputed Material Facts ("Stat. Mat. Facts") should not be stricken because all of the underlying Exhibits will be admissible at trial. First, Tobias Fieser and Michael Patzer are lay witnesses—not experts. Their declarations are proper lay witness testimony based solely on their personal observations. Further, Defendant has known the contents of Mr. Fieser and Mr. Patzer's testimony for well over a year—any purported failure to designate them as experts is clearly harmless.

Second, Mr. Paige timely supplemented his expert declaration under Fed. R. Civ. P. 26(e)(2) and Fed. R. Civ. P. 26(a)(3)(B). The additional testimony is consistent with his prior opinions and merely serves to further clarify and complete it. There is no ambush. Further, even

1

assuming this is not a mere supplement—which it is—any purported untimely disclosure is either substantially justified or harmless.

Last, Defendant's objection to the remaining Exhibits likewise fails because all of these Exhibits would be admissible at trial.

For the forgoing reasons, as explained more fully below, Defendant's Motion to Strike should be denied.

## II. LEGAL STANDARD

"On summary judgment, a court may consider any evidence . . . which *would be admissible* at trial, even though not presently admissible in form." *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.,* 301 F.3d 610, 613 (7th Cir. 2002). The objector must show the evidence "*cannot* be presented in a form that would be admissible at trial." Fed. R. Civ. .P. 56.

## III. ARGUMENT

### A. Tobias Fieser and Michael Patzer Are Lay Witnesses, and Their Testimony Should Not Be Excluded

Under Fed. R. Civ. P. 26, a party must "disclose . . . the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Any expert witness "retained or specially employed to provide expert testimony in the case" must also provide a "written report – prepared and signed by the witness" that includes all of the information listed. Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26(a)(2) is to provide notice to opposing counsel as to what an expert will testify before the deposition takes place." *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F. Supp. 2d 1072, 1079 (N.D. Ill. 2012). It is intended to "prevent the tactic of surprise from affecting the outcome of the case." *Id.*

"Total exclusion of an expert's testimony is an extreme sanction for the failure to comply with Rule 26(a)(2)(B)(ii)." *Allstate Ins. Co.*, 840 F. Supp. 2d at 1081 (N.D. Ill. 2012). "Rule 37

precludes the trial judge from imposing the exclusion sanction unless it finds the party's failure to comply with Rule 26(a) was both unjustified and harmful to the opposing party." *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000).

   1. The Testimony of Tobias Fieser

Tobias Fieser is an employee of IPP, the infringement detection company hired by Plaintiff to identify the IP addresses of individuals infringing Plaintiff's works via BitTorrent. *See* CM/ECF 2-4; 7-4, 148-8, at ¶ 4.[1] Among other tasks, Mr. Fieser's job is to report the results of the investigation conducted by IPP. *Id.* at ¶ 11. As such, his testimony is limited to first person observations and facts derived solely from his position with IPP. Mr. Fieser "personally extracted the . . . data emanating from the investigation[,]" "isolated the transactions and the IP addresses being used on the BitTorrent file distribution network to distribute Plaintiff's copyrighted works[,] and "verified that each digital media file contained a motion picture that was identical, strikingly similar, or substantially similar to the [copyrighted] Movie associated with it[.]" CM/ECF 5-1, ¶¶ 11, 12, 16. Mr. Fieser's testimony is not "specialized explanations and interpretation." Motion, p.5. Instead, he merely reports the facts of the infringement.

   a. *Defendant's Remaining Arguments Fail*

Further, Plaintiff's Stat. Mat. Facts and Mr. Fieser's Declaration clearly state that the Exhibit A referenced in Mr. Fieser's Declaration refers to Exhibit A to the Complaint [CM/ECF 1-1]. *See* CM/ECF 148, at ¶ 5. Defendant's assertion that Exhibit A was not presented is wrong.

Contrary to Defendant's assertions, Mr. Fieser *is not* paid on a contingency basis. *See* CM/ECF 40, at p. 9; CM/ECF 40-12. Plaintiff and IPP have a written fixed fee agreement pursuant to which Malibu pays IPP for providing the service of collecting data about infringements. *Id*. *Plaintiff does not pay Mr. Fieser for his testimony. Id*. The prior oral

---
[1] Mr. Fieser's September 3, 2013 declaration appears in multiple places on the docket.

3

agreement to pay IPP a small portion of the amount receive from a settlement or judgment does not apply to this case. *Id*. *Neither IPP nor Mr. Fieser have been paid anything for this case. Plaintiff has never paid any fact witness to testify.* *Id*.

    2. <u>The Testimony of Michael Patzer</u>

Similarly, Michael Patzer testimony is also limited to his personal knowledge of facts related to the infringement. *See* CM/ECF 148-9. Mr. Patzer is an independent contractor who works predominantly for Excipio, a German company. *Id.* at ¶ 5. Excipio contracts with IPP to provide IPP with the data collection system that IPP uses to detect infringement of Malibu's works. *Id.* ¶ 7. Mr. Patzer designed, implemented, maintains, and monitors the data collection system that Excipio both owns and uses to identify the IP addresses used by people to commit copyright infringement via the BitTorrent protocol. *Id.* ¶ 6. In addition to personal observations, Mr. Patzer's declaration—and any testimony he would present at trial—lays the foundation for the introduction of computer evidence, including the PCAPs and MySQL log pursuant to Fed. R. Evid. 803(6) and 901(a). *See id.* "Excipio's data collection system . . . record[s] the infringing transactions in PCAPs. Both of these were in good working order at the time the PCAP was captured and recorded." *Id.* at ¶ 17.

    *a. Defendant's Remaining Arguments Fail*

Contrary to Defendant's claims, the technical reports were produced to Defendant along with the PCAPs and other computer evidence on February 14, 2014. *See* Exhibit A. Even so, the technical reports are merely PDFs showing the data in each PCAP. They are not necessary because the PCAPs speak for themselves—and they are certainly not anyone's "opinion."

### 3. Other Courts Have Opined This Constitutes Lay Witness Testimony

Another Court in the Seventh Circuit has specifically opined on this issue and found that Mr. Patzer's testimony is *not expert testimony*. "Mr. Patzer limited his testimony to his 'own personal observations and perceptions.' He described only his relationship to IPP; the nature of his business; and the sorts of records he had obtained while working in that business. He thus did not have to bring his 'wealth of experience ... to bear' on facts or events outside of his personal observations, such that he was not testifying as an expert." *Malibu Media, LLC v. Tashiro*, 2015 WL 2371597, at *7 (S.D. Ind. 2015) (citations omitted). The Honorable Judge Dinsmore went on to explain the difference between lay and expert testimony in the Seventh Circuit:

> The Seventh Circuit has addressed the distinction between lay and expert testimony in the context of police investigations. *See, e.g., United States v. Rollins,* 544 F.3d 820, 832–33 (7th Cir.2008); *United States v. Oriedo,* 498 F.3d 593, 603 (7th Cir.2007). When an officer's testimony is **not** "limited to what he observed in [a given] search or to other facts derived exclusively from [the] particular investigation" at issue, and instead involves the officer bringing his "wealth of experience ... to bear on those observations," the testimony is expert testimony. *Oriedo,* 498 F.3d at 603. In contrast, when testimony involves only an officer's "own personal observations and perceptions derived from [the] particular case" at hand, the testimony is lay testimony

*Tashiro*, 2015 WL 2371597, at *6 (emphasis in original).

Here, neither Mr. Fieser nor Mr. Patzer bring their "wealth of experience" to bear on facts outside their personal observations. Rather, their testimony is limited to personal perceptions. "Further, the fact that Patzer [and Mr. Fieser] discuss[ ] matters that happen[ ] to involve technical issues does not transform [their] testimony into expert testimony." *Id*. at *7 "While [the witness] appears to have particularized knowledge that he learned through his job(s), this knowledge does not automatically convert his lay testimony into impermissible expert testimony." *United States v. Tomkins*, 2012 WL 1357701, at *11 (N.D. Ill. 2012).

Here, neither Mr. Fieser nor Mr. Patzer engages in specialized reasoning. Both *report* only the facts of the infringement and the results of the investigation conducted. That both use computers and software to perform their job functions does not make their testimony expert testimony. To hold otherwise would mean that anyone holding a job in the high technology sector would have to be qualified as an expert before testifying about their job functions.

4. <u>The Witnesses Are Not Required to Provide an Expert Witness Report</u>

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), only witnesses that are "retained or specially employed to provide expert testimony" are required to provide an expert witness report. Even assuming *arguendo* Mr. Fieser and Mr. Pazter are experts, a report would still not have been required because neither was specifically retained to provide testimony in this case.[2] Their testimony is merely incidental to their employment with IPP and Excipio respectively.

5. <u>Any Purported Failure is Harmless and the Testimony Should be Entirely Admitted</u>

If a failure to abide by Rule 26 is "justified or [] harmless," exclusion is <u>*not*</u> automatic. Fed. R. Civ. P. 37. Here, any purported failure is clearly harmless. "A district court has broad discretion in evaluating whether a Rule 26(a) violation is either substantially justified or harmless" and "[t]otal exclusion of an expert's testimony is an extreme sanction." *Allstate Ins. Co. v. Electrolux Home Products, Inc*., 840 F. Supp. 2d 1072, 1080-81 (N.D. Ill. 2012)). The factors to consider in evaluating whether an error is harmless are: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (*citing David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Here, all four factors weigh in Plaintiff's favor.

---

[2] To reiterate, Mr. Patzer is not an employee of Excipio. He is an independent contractor.

*a. There is No Prejudice Because the Testimony Was Disclosed Over a Year Ago*

Defendant misrepresents that Plaintiff "ke[pt] its investigations and electronic data secreted away." Motion, p. 1. Defendant has long known the contents of both witnesses' testimony. Indeed, in January 2014, Defendant filed a motion to exclude the electronic evidence obtained from IPP in this case. *See* CM/ECF 27. Plaintiff's Opposition clearly explained and summarized the testimony that would be offered by both Tobias Fieser and Michael Patzer. *See* CM/ECF 40, at p. 5; 7. The Opposition included signed declarations from both witnesses and their testimony from the Bellwether Trial in Pennsylvania—which is substantively identical to any testimony offered by either witness here.[3] *See* CM/ECF 40-11; CM/ECF40-12; 40-3; 40-9. There is simply no question that Defendant has known about both witnesses' anticipated testimony for over a year. In fact, Mr. Fieser first appeared even earlier than January 2014—a signed declaration from him was submitted in September 2013 in support of Plaintiff's Motion for Leave. *See* CM/ECF 2-4; CM/ECF 7-4. This is the *same exact* declaration cited by Plaintiff's Stat. Mat. Facts. Further, out of an abundance of caution, on March 17, 2015, Plaintiff provided Defendant with the Declaration of Michael Patzer that was filed in support of its Motion for Summary Judgment. Defendant has been aware of both witnesses' testimony for over a year and cannot possibly claim prejudice or surprise.

*b. Defendant's False Claims of Prejudice is the Product of His Conscious Decision*

At any time, Defendant could have deposed Mr. Fieser and Mr. Patzer thereby curing any purported prejudice. It is Defendant's fault he chose not to depose each witness—he cannot now blame his failure on a purported mis-designation under Rule 26.[4]

---

[3] Although the witnesses were not required to provide a report under Fed. R. Civ. P. 26(a)(2)(B), the contents of the prior declarations and testimony reveal all of the details a report would require.

[4] Plaintiff would have cooperated in facilitating video depositions and accepting service on their behalf, as it has in other cases. *See e.g. Malibu Media, LLC v. Harrison*, 12-cv-01117, at CM/ECF 304, pp. 18-19.

*c. Neither the Trial Nor the Summary Judgment Hearing will be Disrupted*

Mr. Fieser and Mr. Patzer's testimony will not disrupt either the trial or the summary judgment hearing. Indeed, the trial date has not been set. Defendants knew that Plaintiff would call these witnesses and did nothing about it until now.

*d. Plaintiff Has Not Acted in Bad Faith*

Finally, Plaintiff displayed no bad faith or willfulness and did not fail to disclose the evidence timely. To the contrary, the evidence was made known long ago, and Defendant had more than sufficient opportunity to conduct third party discovery related thereto.

Accordingly, because the testimony of Mr. Fieser and Mr. Patzer is admissible lay witness testimony, the Court should not strike the Exhibits or corresponding Stat. Mat. Facts.

**B. Patrick Paige's Supplemental Testimony Should Not Be Excluded**

1. <u>The Additional Information in Mr. Paige's Report Was Timely Submitted</u>

"Any additions or changes to [an expert's Rule 26(a)(2)(B) disclosures] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2) "Unless the court orders otherwise, [pretrial] disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

Here, the Court has not set a date for trial or pretrial disclosures. Thus, Mr. Paige's April 17, 2014 and April 20, 2014 supplements were timely disclosed.

2. <u>The Additional Information in Mr. Paige's Report is a Supplement.</u>

A party may provide a supplement (1) upon realization that prior disclosures were incomplete or incorrect, or (2) if information is newly obtained. *See Collier v. Bradley Univ.*, 113 F. Supp. 2d 1235, 1242 (C.D. Ill. 2000) "It is not *always* necessary, then, that the supplement be based on information acquired after the initial report was disclosed; it is enough

that a party learn the expert report was incomplete or incorrect in some material aspect." *Talbert v. City of Chicago*, 236 F.R.D. 415, 421 (N.D. Ill. 2006). "To forbid supplementation would produce an unwanted result: parties would be encouraged to hide potentially damaging facts until after the first expert reports are submitted." *Noffsinger v. Valspar Corp.*, 2012 WL 5948929, at *4 (N.D. Ill. 2012). Here, the additional information in Mr. Paige's supplemental reports either complete his initial expert report or respond to newly obtained information. There are no novel theories. No new data. No contradictions. To wit: the opinions in Mr. Paige's January 9, 2015 report were not changed or altered <u>at all</u>. Thus, the additions are a timely submitted supplement.

   a. *April 17, 2015 Supplement*

Mr. Paige's April 17th Supplemental Declaration includes only eight paragraphs that were not included in his January 9, 2015 Declaration. *See* CM/ECF 148-13, ¶¶ 60-68. The rest of the Declaration remains the same, and the underlying exhibits are identical.

   b. *April 20, 2015 Supplement*

Mr. Paige's April 20, 2015 Supplemental Declaration includes only six paragraphs that were not included in the April 17, 2015 supplement. *See* CM/ECF 152-2, ¶¶60-61; 71-74.

These additions merely complete, clarify, or explain the opinions in Mr. Paige's January 9, 2015 declaration. His prior opinions and analyses <u>*do not change*</u>. "[I]f the opinions and analyses offered by [an expert] in this summary judgment phase do not differ substantially from his opinions offered in his [prior] expert report . . . they are not 'late' for purposes of Rule 26(a), and thus there is no risk of 'ambush' and no reason to exclude [the expert]'s declaration." *Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 935 (N.D. Ill. 2008) (retaining *all* parts of a declaration were consistent with the prior opinion).

Here, ¶¶ 60, 61, 71, 72, and 73 in the April 20, 2015 supplement are consistent with Mr. Paige's original conclusion that either a hard drive was not produced for examination or data from the produced drive was deleted. This original opinion is articulated in ¶ 59 of Mr. Paige's original report and in his deposition. *See* CM/ECF 160-2, at p. 35: 4-16. The additions merely complete the original finding by providing additional grounds to support it.

Further, ¶¶ 62-70 of the April 20, 2015[5] complete Mr. Paige's January 9, 2014 by relying on information not presented to Mr. Paige at the time of his original declaration. To explain, Defendant's expert report was not disclosed until February 9, 2014 and he was not deposed until March 19, 2015. Thus, Mr. Paige's original report on January 9, 2014 could not have contained any discussion of Mr. Neville's findings. "Where a party has disclosed new information, the opposing party's experts may supplement their reports." *Noffsinger v. Valspar Corp.*, 2012 WL 5948929, at *4 (N.D. Ill. 2012). Indeed, at his deposition, Mr. Neville discussed WiFi hacking and MAC addresses. *See* Exhibit B, 62:2-25. Accordingly, Mr. Paige updated his Declaration to include some additional information on these topics in order to complete his *prior* opinions on the infrequency of and motives for Wi-Fi hacking. *See* ¶¶ 22-23. Further, in light of all this evidence, Mr. Paige completed his prior opinions by concluding Defendant is the infringer.

¶ 74 of the April 20, 2015 supplement was likewise provided in response to Mr. Neville's after-acquired report. Only upon reviewing Defendant's Stat. of Mat. Facts, did Plaintiff uncover a logical fallacy in Mr. Neville's assertion that the unproduced devices were not used during the period of infringement. Upon bringing this to Mr. Paige's attention, Mr. Paige confirmed that "the only way to ascertain when a drive was last used is to examine the drive itself" and supplemented accordingly. Mr. Paige did not conduct new examinations or change

---

[5] ¶¶ 62-70 of the April 20, 2015 Supplement are identical to ¶¶ 60-68 of the April 17, 2015 Supplement.

theories—all the added paragraphs are consistent with his prior opinions. Thus, the information is a supplement that was timely submitted under Fed. R. Civ. P. 26(e)(2) and (a)(3).

In extreme cases where courts *did* strike an expert report, the new report *was not a supplement* rather it contained entirely new theories or contradictory opinions <u>*not sufficiently consistent with prior opinions*</u>. *See*, *e.g.*, *Council 31 v. Ward*, 1995 WL 549022, at *1 (N.D. Ill. 1995) *aff'd sub nom,* 169 F.3d 1068 (7th Cir. 1999) (The new report "is substantively different than his earlier reports, uses different data and analyses, and in effect changes the . . theory of the case."); *Baker v. Indian Prairie Cmty. Unit, Sch. Dist. 204*, 1999 WL 988799, at *2 (N.D. Ill. 1999) (striking "new conclusions which do not merely correct or *complete* prior opinions[.]").

Such is not the case here. Even so, at least one court in this District allowed a supplemental expert report that contained *entirely new theories* to be used on summary judgment after expert witness deadline where—like here—the supplement was timely under Fed. R. Civ. P. 26 (e)(1) and (a)(3). *See Minuteman Int'l, Inc. v. Nilfisk-Advance*, 2004 WL 2533626, at *1 (N.D. Ill. 2004) (even though the report contained four new drawings that presented a new theory, because plaintiff "submitted his supplemental expert report in accordance with the federal rules of civil procedure[,]" plaintiff was "allowed to use [the expert]'s supplemental . . . report as evidence in its opposition to Defendants' motion for summary judgment.").

Because the additional information is a timely submitted supplement—not an entirely new theory, the Court should not strike Mr. Paige's Declaration.

### 3. Any Delay in Disclosure Was Substantially Justified Or Harmless

Assuming *arguendo* Mr. Paige's additional testimony is a "new opinion," which it is not, this Court should nevertheless find that the delay was either "substantially justified or [] harmless," and *not* exclude it. Fed. R. Civ. P. 37.

### b. Any Delay Was Substantially Justified

As explained above, some of the evidence in this case was not available to Mr. Paige at the time of the initial declaration, thus his subsequent disclosure is substantially justified.

### c. Any Delay Was Harmless

As stated in section III A 5, *supra*, courts consider four factors in determining whether a failure is harmless. Again, here, all factors weigh in favor of finding the failure was harmless.

<u>Prejudice.</u> Defendant will suffer no prejudice by allowing Mr. Paige's additional testimony. None of the testimony alters either party's theory of the case. And, because Mr. Paige did not change his initial exam of the hard drive, there is no need for Mr. Neville to change his expert report. Notably, Defendant fails to specify how any of the additional testimony prejudices his case. *See* Motion, p. 8-10. He does not claim a need to re-examine the hard drives or alter his expert's report. Indeed, courts in this District have refrained from striking new opinions where—like here—the prejudice to the defendant is minimal. *See*, *e.g.*, *Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 824 (N.D. Ill. 2010) ("There is no evidence that Callpod will be seriously prejudiced by . . . this supplemental report.").

<u>Ability to Cure Prejudice.</u> If there *is any* prejudice, it can easily be cured via a supplement to Mr. Neville's declaration in accordance with the Federal Rules, as Plaintiff did here. Indeed, Defendant had over a month between the time Mr. Paige supplemented his declaration and the due date for Defendant's Response to Plaintiff's Motion for Summary Judgment. Had Defendant deemed a supplement to Mr. Neville's declaration was necessary in light of Mr. Paige's additional testimony, he certainly had the opportunity to submit one.

Likelihood of Disruption at Trial. Plaintiff adhered to the relevant deadlines and has submitted the supplemental expert report well in advance of pretrial disclosure deadlines. This case will not be disrupted by allowing the minimal supplementation.

Good Faith. Plaintiff displayed no bad faith or willfulness and did not fail to disclose the evidence timely. Mr. Paige's declarations were submitted in conjunction with Plaintiff's Motion for Summary Judgment and Response because this is when Plaintiff and Mr. Paige realized that the initial declaration was incomplete. Nothing more. Nothing less.

### 4. Striking the Report is a Harsh Sanction

"[T]he court must weigh whether the drastic sanction of striking the late disclosure is warranted under the circumstances[.]" *Trinity Homes, LLC v. Ohio Cas. Ins. Co. Grp.,* 2011 WL 2261297, at *4 (S.D. Ind. 2011). "There is a preference in the federal system that trials be determined on the merits, and not on constructions of the Federal Rules of Civil Procedure that operate needlessly in a given case to deprive a party of its right to have a merits-based determination of a claim." *Talbert v. City of Chicago*, 236 F.R.D. 415, 419 (N.D. Ill. 2006). Striking Mr. Paige's report is an overly harsh sanction.

### 5. Mr. Paige's Report Should Not Be Stricken in Its Entirety

Defendant grossly overreach by suggesting Mr. Paige's entire report be stricken, although it is understandable given that courts have found that "Patrick Paige's testimony is more accurate and more credible" than Mr. Neville's. *Tashiro*, 2015 WL 2371597, at *19. Indeed, only the supplemental portions should stricken—not the entire report. "[T]he Court believes it more appropriate to strike only the untimely portions of the affidavits[.]" *Baker v. Indian Prairie Cmty. Unit, Sch. Dist. 204*, 1999 WL 988799, at *3 (N.D. Ill. 1999). Thus, ¶¶ 1-59 and the Sub-Exhibits should not be stricken.

## C. Plaintiff's Remaining Exhibits Can Be Presented in a Form that Would Be Admissible at Trial; Therefore, They Should Not Be Excluded

On summary judgment, the party objecting must show the evidence "cannot be presented in a form that would be admissible at trial." Fed. R. Civ. P. 56. "[C]ourts may consider documents on summary judgment even if a foundation has not been laid, so long as one could be laid at trial." *Holman v. Revere Elec. Supply Co.,* 2005 WL 638085 (N.D.Ill. 2005). This is especially true "where the objecting party does not dispute the authenticity of the document or the accuracy of its contents." *In re Grube*, 2012 WL 3263905, at *3 (Bankr. C.D. Ill. 2012).

Here, Defendant fails to demonstrate that the referenced Exhibits "*cannot* be presented in a form that would be admissible at trial" nor does he dispute their accuracy or authenticity. Defendant objects only on "lack of foundation" and "hearsay." At trial, Plaintiff would be able to lay the foundation for each Exhibit's admissibility—this is all that is required on summary judgment. *Holman v. Revere Elec. Supply Co.,* 2005 WL 638085 (N.D.Ill.2005).

Specifically, Exhibit I and D are computer-generated records, whose authenticity can be established by either Mr. Patzer or Mr. Fieser. These documents are computer-generated and do not meet the definition of hearsay. *See Lorraine v. Markel Am. Ins. Co.,* 241 F.R.D. 534, 565 (D. Md. 2007). And, even if they are hearsay—which they are not—they fall within the business record exception. *See Tashiro*, 2015 WL 2371597, at *7 ("he answered . . .questions designed to show that the records met the requirements for admission under Federal Rule of Evidence 803(6)."). Moreover, these documents were produced to Defendant long ago.

Exhibit R is also a computer-generated document, and therefore, not hearsay. Indeed, Exhibit R is not being admitted to prove the truth of the matter asserted. Rather, it is being admitted to show Defendant's motive to download Tom Tom software that was downloaded contemporaneously with Plaintiff's works. Further, Exhibit R was *produced by Defendant* on his

hard drive and uncovered by Mr. Paige. "The case law is this circuit is clear: documents produced in response to discovery are self-authenticating. Further, there is no error to admit as evidence documents that Defendants themselves possess and produced in response to Plaintiff's requests for production of documents." *Architectural Iron Workers Local No. 63 Welfare Fund v. United Contractors, Inc.*, 46 F. Supp. 2d 769, 771-72 (N.D. Ill. 1999) (denying motion to strike exhibits to motion for summary judgment). Moreover, Exhibit R could be introduced at trial through Mr. Paige, or though the Defendant himself.

Last, Exhibit F is a printout from the Federal Evidence Review and was provided merely to explain Cryptographic Hash Values and their universal acceptance by courts. Pursuant to Fed. R. Evid. 201, the Court may take judicial notice of this decisional authority.

## IV.  CONCLUSION

For the forgoing reasons, the Court should deny Defendant's Motion to Strike Certain Portions of: Plaintiff's Statement of Undisputed Material Facts

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By: /s/ *M. Keith Lipscomb*<br>M. Keith Lipscomb (429554)<br>klipscomb@lebfirm.com<br>LIPSCOMB EISENBERG & BAKER, PL<br>2 South Biscayne Blvd.<br>Penthouse 3800<br>Miami, FL 33131<br>Telephone: (786) 431-2228<br>Facsimile:  (786) 431-2229<br>*Attorneys for Plaintiff* | NICOLETTI LAW, PLC<br>Paul J. Nicoletti, Esq. (P44419)<br>33717 Woodward Avenue, #433<br>Birmingham, MI 48009<br>Tel:  (248) 203-7800<br>E-Fax: (248) 928-7051<br>Email:  pauljnicoletti@gmail.com<br>*Attorney for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *M. Keith Lipscomb*