```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2                  IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 3                         EASTERN DIVISION

 4   MALIBU MEDIA LLC,                    )
                                          )
 5            Plaintiff,                  )
                                          )
 6            vs.                         ) No. 13 C 6312
                                          )
 7   JOHN DOE, subscriber assigned IP     )
     address 24.14.81.195,                ) Chicago, Illinois
 8                                        ) February 12, 2015
              Defendant.                  ) 10:30 A.M.
 9
                    TRANSCRIPT OF PROCEEDINGS - Status
10     BEFORE THE HONORABLE GERALDINE SOAT BROWN, Magistrate Judge

11   APPEARANCES:

12   For the Plaintiff:       NICOLETTI LAW, PLC
                              33717 Woodward Avenue
13                            Suite 433
                              Birmingham, Michigan  48009
14                            BY:  MR. PAUL JOSEPH NICOLETTI

15   For the Defendant:       THE RUSSELL FIRM
                              233 South Wacker Drive
16                            84th Floor
                              Chicago, Illinois  60606
17                            BY:  MS. ERIN KATHRYN RUSSELL

18                            SHAY KEPPLE PHILLIPS, LTD.
                              456 Fulton Street
19                            Suite 255
                              Peoria, Illinois  61602
20                            BY:  MR. JONATHAN PHILLIPS

21                  PAMELA S. WARREN, CSR, RPR
                       Official Court Reporter
22                  219 South Dearborn Street
                            Room 2342
23                  Chicago, Illinois   60604
                         (312) 408-5100
24
     NOTE:  Please notify of correct speaker identification.
25   FAILURE TO SPEAK DIRECTLY INTO THE MICROPHONE MAKES PORTIONS
     UNINTELLIGIBLE.
```

1     (Proceedings held in open court:)
2         THE CLERK:  13 C 6312, Malibu Media versus John Doe.
3         THE COURT:  Good morning, everyone.
4         Would counsel in the courtroom state their name for
5  the record, spell your last name, and state the client that you
6  represent?
7         MS. RUSSELL:  Good morning, your Honor.  Erin Russell,
8  R-u-s-s-e-l-l, for defendant John Doe.
9         MR. PHILLIPS:  Good morning, your Honor.  Jonathan
10 Phillips, P-h-i-l-l-i-p-s, same client.
11        THE COURT:  On the line?
12        MR. NICOLETTI:  Good morning, your Honor.  Paul
13 Nicoletti, N-i-c-o-l-e-t-t-i, and I represent the plaintiff
14 Malibu Media.
15        THE COURT:  Okay.  I just remind counsel in the
16 courtroom that for Mr. Nicoletti to hear you, you're going to
17 have to talk right into the microphone.
18        All right.  So when you were last here on the
19 defendant's motion, let's see, the order was that the plaintiff
20 would serve a supplemental answer to the interrogatory to
21 identify that entity IPP as being the only entity that's
22 referred to in various discovery responses.
23        So was that done, Mr. Nicoletti?
24        MR. NICOLETTI:  Yes, it was, your Honor.
25        THE COURT:  Okay.  Good.

1        All right.  So now -- let's see where we are now.  The
2   plaintiff's expert disclosures were due on the 9th.
3        So what's happening with that?
4        MR. NICOLETTI:  Those -- those have been done.
5        THE COURT:  Okay.  And so what's -- what is left here
6   to do in this case?
7        MR. NICOLETTI:  I think we have got depositions.  I
8   mean, not to speak out of turn, but we have got depositions
9   that were -- that are scheduled for the 17th of February for
10  plaintiff's expert.  And then plaintiff will want to depose the
11  defendant's expert.
12       THE COURT:  Okay.  Has your expert been disclosed?
13       MR. PHILLIPS:  Yes, your Honor, we disclosed our
14  expert.
15       THE COURT:  How many do you have?
16       MR. PHILLIPS:  We have just one.
17       THE COURT:  Okay.  So one expert on each side?
18       MR. NICOLETTI:  Yes.
19       THE COURT:  Okay.  All right.  And then have you
20  gotten a date for that expert's deposition?  Defendant's?
21       MS. RUSSELL:  No, your Honor.
22       THE COURT:  Okay.
23       MR. NICOLETTI:  No, we don't, your Honor.
24       THE COURT:  Okay.  Well, how long do you think it will
25  take you to do that?  Because I really want to -- I think we

1  have a date to get that closed, right?
2          MS. RUSSELL:  Yes, your Honor.
3          MR. NICOLETTI:  Yes, I believe we do.  It is March.
4          THE COURT:  It is March.  March 23rd.
5          MR. NICOLETTI:  Yes.
6          THE COURT:  So we're set on that.
7          MR. NICOLETTI:  Yes.  Yeah.
8          THE COURT:  So let's assume that all of this is going
9  to be done by March 23rd or within a reasonably short window
10 after that if it can't be done by that date, what is the next
11 step on this road to getting this case concluded?
12         MR. NICOLETTI:  Your Honor, from the plaintiff's
13 standpoint, there would be a motion for summary judgment that
14 we would plan to file.  And if you recall from the last time
15 that we were in court, there was an issue that had been raised
16 during Ms. Russell's -- in our conversation about IPP and
17 whether or not IPP is an expert witness and how the local rules
18 would consider expert testimony.  And that issue has been
19 brought up, although not extensively discussed, last time.
20         I think that shortly we will be filing a motion to
21 amend our expert witness list based on the concerns that were
22 raised at the last hearing.  So besides that, there is really
23 nothing else.
24         THE COURT:  Well, that's not before me.  So we will
25 see what --

1           MR. NICOLETTI:  Correct.

2           THE COURT:  -- comes of that.

3           But, meanwhile, you'll be moving ahead with the

4 deposition of the expert already identified as such on the

5 17th --

6           MR. NICOLETTI:  Yes.

7           THE COURT:  -- which is next week.

8           And then I think after that, all the discovery is

9 done, I really want to get this to a conclusion of some sort.

10          Does plaintiff anticipate -- excuse me -- defendant

11 anticipate cross motion for summary judgment?

12          MS. RUSSELL:  Yes, your Honor.

13          THE COURT:  All right.  Well, let me ask this

14 question, is there a jury demand in this case?

15          MR. NICOLETTI:  Yes, your Honor.

16          THE COURT:  So I was about to say that rather than

17 having cross motions for summary judgment, sometimes it is just

18 as easy and just as fast to have a bench trial, instead of

19 cross motions for summary judgment, which if there is any

20 question of fact ends up being basically a futile enterprise.

21 And a great deal of effort and considerable amount of money is

22 expended in putting these motions together.

23          So an alternative to that is to have a bench trial and

24 just get everything resolved one way or the other.  I just

25 throw that out for your consideration.  But if a party has a

1  right to a jury trial, they have a right to a jury trial, and
2  we'll proceed on that basis.
3          But I'm thinking of the fact that efficiency suggests
4  that you might want to consider this alternative.
5          MR. NICOLETTI:  Yes, your Honor.  I mean, that is
6  understood.  And I will definitely -- I'll speak with my client
7  about that.  And if we could waive -- if my client would agree
8  to waive the jury trial, then I would agree that that
9  would -- that would be a time saver and really cut to the
10 chase.
11         THE COURT:  Cut to the chase.
12         MR. NICOLETTI:  Yeah.
13         THE COURT:  So talk it over with the defendant.  But I
14 think that that has a lot to be said for it.
15         MS. RUSSELL:  It may, your Honor.  We can discuss it.
16 I think that there are some other issues with the contemplated
17 summary judgment.
18         THE COURT:  Can you hear Ms. Russell?
19         MR. NICOLETTI:  I cannot hear her at all.  I know that
20 there is a slight humming, and I know she's talking, but I
21 cannot hear anything she is saying.
22         MS. RUSSELL:  Paul, hi.
23         MR. NICOLETTI:  Okay.
24         MS. RUSSELL:  I think there are some other issues with
25 the contemplated motions for summary judgment that the parties

1  can also address and -- in that discussion.  So I think that we
2  probably can have those discussions soon.
3          THE COURT:  I would strongly recommend that, that
4  following the -- let's put it this way, following the
5  deposition -- we'll put this in the order -- following the
6  deposition of the plaintiff's expert, the parties shall discuss
7  whether they wish to proceed by way of a bench trial and forgo
8  motions for summary judgment.
9          Just discuss it, that's what I am directing you to do.
10         MR. NICOLETTI:  Yes, just discuss it.
11         MS. RUSSELL:  We will, your Honor.
12         THE COURT:  Okay.  Good.  That's good.
13         All right then.  My thought, unless there is something
14 else that can be dealt with today, is to have you back for
15 continued status hearing following the anticipated conclusion
16 of the deposition of the defendant's expert, which is now
17 scheduled to conclude no later than the 23rd.  So I would think
18 to have a March -- I would think to have you back by -- for
19 further status, say, on the 26th of March.
20         MR. NICOLETTI:  That would be fine with me, your
21 Honor.
22         THE COURT:  Okay.
23         MR. NICOLETTI:  Would that be via telephone?
24         THE COURT:  That would be -- you can be by telephone.
25         Mr. Phillips, if you want to be by telephone, that

1    would be fine too.  Good for the goose is good for the gander,
2    so --
3            MR. PHILLIPS:  Appreciate that, your Honor.
4            MS. RUSSELL:  I'm available as well, your Honor.
5            THE COURT:  Okay.  So let's -- and give my courtroom
6    deputy all your contact information so we can set up a
7    conference call.  All right?
8            MR. PHILLIPS:  Yes, your Honor.
9            THE COURT:  Okay.  So, okay, status hearing held and
10   continued to March 26th at 10:30.
11           And at the conclusion of the deposition of the
12   plaintiff's expert, counsel for the parties shall consider
13   whether to -- they will agree to a bench trial and forgo motion
14   for summary judgment.  All right?
15           MR. NICOLETTI:  And, your Honor, I do have one other
16   item though --
17           THE COURT:  Okay.
18           MR. NICOLETTI:  -- if I could mention it.
19           THE COURT:  Sure.
20           MR. NICOLETTI:  I'm -- we have tried -- when we were
21   in front of you last time, you repeatedly directed us to
22   (unintelligible) settlement discussions, which we have done.
23   Both sides have participated equally in settlement discussions.
24           But we are -- I guess we're -- an analogy would be
25   we're playing -- we're playing football in different stadiums.

1  And I am just wondering if perhaps a facilitation of some type
2  or some other mechanism for helping us try to resolve this
3  informally, as opposed to take up the Court's time.
4           THE COURT:  Well, if the parties were interested in
5  really engaging in some kind of meaningful settlement
6  discussion, I would not personally want to do that because that
7  -- considering a bench trial I think -- I remember being a
8  lawyer and being a little nervous about being in a settlement
9  conference with a judge who is going to do all the finding of
10 fact as well as conclusions of law.  So it is different with a
11 jury trial in some respects.
12          But I would be willing to ask one of my colleagues
13 whether they would be willing to sit down with you to see
14 whether there is a possibility of settlement.
15          MR. NICOLETTI:  And I think that if we were to do
16 that, I mean -- I don't know if the defendants are interested
17 in doing that.  But if we were to do that, with actually having
18 the clients present, it always helps to have the clients there.
19 It is easy for the clients to disagree over the -- you know, if
20 they are not presently -- if they are not participating in it.
21 I don't know if they need to be there in person or by
22 telephone, but I think that it would go a long way towards
23 maybe putting us on the same field as opposed to different
24 stadiums.  I don't know.
25          THE COURT:  Well, what I would consider is if you are

1  in different stadiums, I would ask one of my colleagues if they
2  would first sit down with counsel to see whether there is any
3  point in having a settlement conference.  Because the way the
4  magistrate judges in this district have settlement conferences,
5  it is a mediation format.  We do require the clients to be
6  physically present in the room.  And it is a big commitment of
7  several hours, usually a whole afternoon or a long morning, by
8  the magistrate judge, which is a lot of taxpayers's time.  So I
9  would not expect one of my colleagues to have that time
10 available if there weren't serious interest in -- and a real
11 possibility of getting this settled.
12        So if you were interested in a settlement discussion
13 with one of my colleagues, I would suggest that whoever would
14 be willing to do it, I'm not promising anybody would, but I'm
15 just saying if someone would, I would recommend that they sit
16 down with you folks first and talk about the question of
17 whether it even makes sense to bring the client in.
18        But if it does, then you bring the clients and then
19 you did it.
20        MS. RUSSELL:  Your Honor, I think your suggestion -- I
21 think your suggestion is a good one, your Honor, particularly
22 with regard to having them meet with only counsel first to see
23 if it is worth the more -- a larger investment of everyone's
24 time and resources.
25        THE COURT:  What do you think, Mr. Nicoletti?

1           MR. NICOLETTI:  Oh, well, yeah, I mean, I
2   definitely -- whatever we can do to try to bring it together is
3   beneficial, whether it is by -- I don't know if it makes sense
4   for me to travel there to meet with (unintelligible) or be done
5   telephonically.  I think that that's the kind of thing where we
6   can determine telephonically whether or not settlement is even
7   possible -- there is a potential for it.
8           So, yeah, if we can do that, then, yeah, if -- if it
9   indicates that there is a possibility, then, yeah, we can set
10  up an in person, have the clients there, and do what we can do.
11          THE COURT:  All right.  I will pursue that.
12          Mr. Phillips, do you think that's worth at least a
13  conversation?
14          MR. PHILLIPS:  Yes, your Honor.
15          THE COURT:  Okay.  So what we'll do is I'll see if
16  there is some interest on the part of one of my colleagues.
17  And, if so, I will let you know by reason of a minute order.
18  And then you'll get in touch with that colleague's chambers and
19  perhaps would be willing -- a telephone preliminary discussion
20  might be agreeable.  Okay?  All right.
21          MR. NICOLETTI:  Sounds good.
22          THE COURT:  Okay.  So we have got a fallback date of
23  the 26th of March here at 10:30.  And I will talk with you
24  again.
25          MR. PHILLIPS:  Your Honor, one more thing, if I may.

1       THE COURT: Oh, I'm sorry.
2       MR. PHILLIPS: That's fine.
3       THE COURT: Yeah.
4       MR. PHILLIPS: We received an email from Mr. Nicoletti
5  today, this morning, regarding the deposition that's scheduled
6  for the 17th. Obviously it is of Mr. Paige, the expert that
7  was disclosed by Malibu. And Mr. Nicoletti asked for us to
8  directly contact his expert regarding -- or Malibu's expert
9  regarding payment of fees.
10      It seems to me that that might be somewhat
11 inappropriate to be speaking directly to their expert witness.
12 I wasn't sure how we should go about handling that.
13      THE COURT: Well, I'm glad you put it on the record
14 because -- could you hear that, Mr. Nicoletti?
15      MR. NICOLETTI: Yes, I did (unintelligible), your
16 Honor.
17      THE COURT: Okay. So glad you put it on the record
18 because, generally speaking, I agree with you there is some
19 question -- let's put it that way -- about a lawyer talking
20 directly to the other side's expert.
21      But if Mr. Nicoletti gives you approval, then I
22 don't --
23      MR. NICOLETTI: Yes.
24      THE COURT: -- think you should be worried about it.
25      MS. RUSSELL: I think, your Honor, one suggestion I

1  might make, if that's what we're going to be doing, is perhaps
2  that we be provided a way to communicate with Mr. Paige by
3  email so there is some documentation of the exchanges and there
4  is no -- just any question of any communication problems.
5             THE COURT:  That is very wise.
6             MS. RUSSELL:  Okay.  Thank you.
7             Seems to us --
8             MR. NICOLETTI:  And, your Honor, just for the record,
9  I'm not concerned about them talking to Mr. Paige.  He's our
10 expert.  I think we're all professional, so -- and they are
11 only talking about the payment anyway so, yeah.
12            THE COURT:  Well --
13            MR. NICOLETTI:  I think I have got his email address
14 on the expert report that he published, and -- and I'm fine
15 with it.
16            However if you want me to do it, I would be happy to
17 do it as well.  But I just thought it would be more efficient
18 for them to make the payment arrangements directly with
19 Mr. Paige, but --
20            THE COURT:  Here's what I would recommend is that you,
21 Mr. Nicoletti, send this expert an email --
22            MR. NICOLETTI:  Yes.
23            THE COURT:  -- with a copy to Ms. Russell and
24 Mr. Phillips saying that, Dear Mr. Paige, or words to this
25 effect, I have suggested that the defendant's counsel

1  communicate with you directly about payment of your fees for
2  the upcoming deposition, so you will expect to hear from them.
3  Something like that.
4            But you're right, Ms. Russell, to keep an email chain.
5  And, you know, everything that we do should be on a regular
6  basis.  And if you're in an area that you know could blow up in
7  your face, try to avoid creating the situation.
8            MR. NICOLETTI:  Sure.
9            THE COURT:  Okay?
10           MS. RUSSELL:  That's -- I think that's fine.
11           And the only other issue we have is we understood that
12 Mr. Paige would like to be paid before the deposition, and we
13 don't have a problem with that.
14           Our expert was deposed -- or will be deposed, and
15 we're going to be communicating with Mr. Nicoletti about that.
16 And so we'll facilitate that on our own in the future if they
17 want to set his deposition.
18           THE COURT:  Okay.  Did you hear that, Mr. Nicoletti?
19           MR. NICOLETTI:  Yes, I did, your Honor.
20           THE COURT:  Good.  Okay.
21           All right.  Good.  Is there anything else?
22           MS. RUSSELL:  No, your Honor.
23           MR. NICOLETTI:  Nothing from the plaintiff.
24           THE COURT:  All right.  Fine.  Then I will talk with
25 you on the 26th, if not before.  And I will see whether there

1  is interest in getting at least a preliminary settlement
2  conference with one of my colleagues.
3          MR. NICOLETTI:  Very well.
4          THE COURT:  All right.  Thank you.
5          MR. NICOLETTI:  Thank you.
6          MS. RUSSELL:  Thank you, your Honor.
7          MR. PHILLIPS:  Thank you, your Honor.
8          MR. NICOLETTI:  Thank you, your Honor.
9       (Which concluded the proceedings.)
10                    CERTIFICATE
11         I certify that the foregoing is a correct transcript
12  from the digital recording of proceedings in the above-entitled
13  matter to the best of my ability, given the limitation of using
14  a digital-recording system.
15
16
17  */s/Pamela S. Warren*                    January 27, 2016
    Official Court Reporter                        Date
18  United States District Court
    Northern District of Illinois
19  Eastern Division
20
21
22
23
24
25